UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KEVIN FERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | 3:12-cv-00401-LRH-WGC |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| DR. CENTRIC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | / | |

  Before the court is Plaintiff's Application for Leave to Proceed Using a Pseudonym and/or Motion to Seal the Record.  (Doc. # 7.)  Plaintiff seeks leave to proceed in this litigation using a pseudonym because of the sensitive nature of the litigation. (*Id*.)  Alternatively, Plaintiff seeks an order sealing any portion of the record which contains information referring to Plaintiff's mental health. (*Id*.)

  Defendants oppose Plaintiff's motion, arguing: (1) Plaintiff has already filed this action and numerous other documents using his own name, and as such Defendants and other NDOC personnel are aware of Plaintiff's identity and his claims; (2) NDOC is the custodian of Plaintiff's medical records, and as such, already has access to them; (3) by putting his medical state at issue, he has waived objections to access to his records; and (4) to the extent Plaintiff wishes to use a pseudonym to maintain keep his medical records confidential from other inmates, these considerations are accounted for by the means of sealing specific individual records submitted to the court for filing.  (Doc. # 15.)

Federal Rule of Civil Procedure 10(a) requires that the caption of a complaint contain the name of all parties. Fed. R. Civ. P. 10(a). In addition, a plaintiff's desire to proceed under a fictitious name generally runs afoul of the public's common law right of access to judicial proceedings. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598-99 (1978). Therefore,"the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Doe*, 488 F.3d 1154, 1156 n. 1 (9th Cir. 2007). The district court may preserve a party's anonymity if a party can establish the "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

The Ninth Circuit has recognized three classes of cases where anonymity is justified despite the general rule in favor of disclosure. *Id*. First, where identification creates a risk of retaliatory physical or mental harm, proceeding under pseudonym may be appropriate. *Id*. Second, anonymity is appropriate to preserve privacy in a matter of a highly personal or sensitive nature. *Id*. Third, proceeding under pseudonym is justified in cases where, absent anonymity, the party would be compelled to admit his or her intention to engage in criminal conduct and risk prosecution. *Id*.

In balancing the interests in the first class of cases, the court should consider the following factors; (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to such retaliation; (4) the prejudice to the opposing party; and (5) the public interest. *Id*. at 1068-69; *see also Doe v. Kamehameha Schools/Bernice Puahi Bishop Estate*, 596 F.3d 1036, 1042 (2010).

In this case, Plaintiff asserts that the matters contained in his Complaint are "privileged and will cause Plaintiff significant stigma and embarrassment" because they refer to Plaintiff's mental health. (Doc. # 7 at 1.) Therefore, it appears that Plaintiff contends his Complaint should be classified under the second category of cases where anonymity is justified, *i.e.*, to preserve privacy in a matter of a highly personal or sensitive nature.

Plaintiff's Complaint alleges that Defendants violated his rights under the First, Eighth, and

Fourteenth Amendments related to his allegation that he was placed in the mental health unit, was labeled severely mentally ill, and was subjected to treatment for mental illness through therapy and prescription drugs.

    Notably, Plaintiff does not argue that the disclosure of the information he seeks to keep private may subject him to retaliation. Plaintiff's blanket assertion that the matters contained in his Complaint will cause him stigma and embarrassment is not sufficient to overcome the presumption of public access. Finally, the court agrees with Defendants that the Attorney General's policy of filing Plaintiff's medical records under seal should provide Plaintiff with the confidentiality he seeks.

    Accordingly, Plaintiff's motion (Doc. # 7) is **DENIED**.

    DATED: September 10, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE