_____ FILED  _____ RECEIVED
_____ ENTERED  _____ SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 24 2013

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN FERNANDEZ,<br><br>  Plaintiff,<br><br>vs.<br><br>DR. CENTRIC, et. al.<br><br>  Defendants. | 3:12-cv-00401-LRH (WGC)<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's Motion for an Order Granting Judicial Intervention and Injunctive Relief Compelling Defendants to Allow the Plaintiff Adequate Access to a Law Library. (Doc. # 17.)[1] Defendants opposed (Doc. # 24) and Plaintiff replied (Doc. # 37). After a thorough review, the court recommends that Plaintiff's motion be denied.

## I. BACKGROUND

At all relevant times, Plaintiff Kevin Fernandez was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl. (Doc. # 4) at 1.)[2] The allegations giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC); however, the instant motion concerns conduct alleged to have taken place at Ely State Prison (ESP), where Plaintiff currently resides. (Id., Doc. # 17.) Plaintiff, a pro se litigant,

---

[1] Refers to the court's docket number.

[2] A motion for leave to amend the Complaint is currently pending and will be addressed in a separate order. (See Doc. # 72.)

brings this action pursuant to 42 U.S.C. §.1983. (Doc. # 4.) Defendants are Dr. Ronald Centric, Greg Cox, Susan Fritz, Dr. Karen Gedney[3], David Konrad, Jack Palmer, Dr. John Scott, Elizabeth Walsh, and Robert Schober.[4] Plaintiff has also named various doe defendants that have not yet been identified.[5]

Plaintiff asserts claims against Defendants under the First, Eighth, and Fourteenth Amendments in connection with his placement in the Mental Health Unit (MHU) at NNCC, being labeled mentally ill, being subjected to treatment for mental illness through therapy, and involuntary administration of anti-psychotic prescription drugs. (Doc. # 4.)

Plaintiff now seeks an order requiring Defendants to provide him with adequate access to a law library. (Doc. # 17.) Plaintiff asserts that he was transferred to ESP on June 20, 2012, and since he arrived there, he has been effectively "shut off" from all access to a law library. (*Id.* at 2.) Specifically, he claims that he attempted to access the law library through the "paging system" on June 22, 2012, and on June 26, 2012, was advised that the law library was closed for one week from June 23, 2012 through July 1, 2012, for inventory. (*Id.*) Additionally, Plaintiff sent a request for law library materials which were not delivered to him when the law library reopened. (*Id.*) He sent another request for research materials on July 3, 2012, and on the same day he received the materials he sought in his first request, although the response was incomplete. (*Id.* at 2-3.) Plaintiff's further claims that since that time, he has requested items from the law library and the responses to his requests have also been incomplete. (*Id.* at 3.) Finally, he states that he has not been able to access the law library to retrieve requested research materials since July 31, 2012. (*Id.*)

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve

---

[3] Erroneously identified by Plaintiff in the Complaint as Dr. Gentney. (*See* Errata at Doc. # 93.)

[4] Erroneously identified by Plaintiff in the Complaint as Sergeant Chubert. (*See* Errata at Doc. # 92.)

[5] A motion for leave to amend to substitute in the names of various doe defendants is currently pending and will be addressed in a separate order. (*See* Docs. # 86, # 91.)

2

the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).

Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one factor with the strength of another. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In *Winter*, the Supreme Court did not directly address the continued validity of the Ninth Circuit's sliding-scale approach to preliminary injunctions. *See Winter*, 555 U.S. at 51 (Ginsburg, J., dissenting: "[C]ourts have evaluated claims for equitable relief on a 'sliding scale,' sometimes awarding relief based on a lower likelihood of harm when the likelihood of success is very high...This Court has never rejected that formulation, and I do not believe it does so today."); *see also Alliance*, 632 F.3d at 1131. Instead, the portion of the sliding-scale test that allowed injunctive relief upon the possibility, as opposed to likelihood, of irreparable injury to the plaintiff, was expressly overruled by *Winter*. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). The Ninth Circuit has since found that post-*Winter*, this circuit's sliding-scale approach, or "serious questions" test "survives...when applied as part of the four-element *Winter* test." *Alliance*, 632 F.3d at 1131-32. "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply toward the

3

1  plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter*
2  test are also met." *Id.*
3     An even more stringent standard is applied where mandatory, as opposed to prohibitory
4  preliminary relief is sought. The Ninth Circuit has noted that although the same general
5  principles inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that
6  goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious
7  about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740
8  F.2d 670, 675 (9th Cir. 1984) (citation omitted). Thus, an award of mandatory preliminary
9  relief is not to be granted unless both the facts and the law clearly favor the moving party and
10 extreme or very serious damage will result. *See Anderson v. United States*, 612 F.2d 1112, 1115
11 (9th Cir. 1979) (citations omitted). "[I]n doubtful cases" a mandatory injunction will not issue.
12 *Id.*
13     Finally, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must
14 satisfy additional requirements when seeking preliminary injunctive relief against prison
15 officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

20 18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary
21 injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998
22 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction
23 of federal courts and to protect the bargaining power of prison administrators-no longer may
24 courts grant or approve relief that binds prison administrators to do more than the
25 constitutional minimum." *Id.* at 999.
26 ///
27 ///
28

4

## III. DISCUSSION

Although the Ninth Circuit has not addressed the issue directly, other circuits have repeatedly held that a plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *accord Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997).

This action proceeds on Plaintiff's claims under the First, Eighth and Fourteenth Amendment related to Plaintiff being labeled mentally ill, placement in the MHU, and being forced to take medication and undergo therapy against his will. In contrast, this request for injunctive relief involves a completely different issue, that is, the adequacy of his access to a law library.

Injunctive relief is used to address issues related to the underlying violations presented in the complaint. Plaintiff is not permitted to file a complaint in federal court and then use that action as a forum to air his unrelated grievances. Such complaints are properly lodged using the prison grievance system and, if they remain unresolved, by filing a new action.

What Plaintiff has presented in this motion is an alleged violation of his First Amendment right of access to courts. The court points out that should Plaintiff exhaust his administrative remedies and bring an action based on the conduct alleged in this motion, while inmates have a constitutional right of access to the courts, a prisoner must establish that he suffered actual injury, a jurisdictional requirement that flows form the standing doctrine and may not be waived. *See Lewis v. Casey*, 518 U.S. 343, 346, 348 (1996) (citation omitted); *see also Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (citation omitted) (explaining, "[f]ailure to show that a 'non-frivolous legal claim ha[s] been frustrated' is fatal" to a claim of denial of access to courts). "Actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as inability to meet a filing deadline or present a claim." *Id.* at 348 (citation and internal quotations omitted). Delays in providing legal

materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." *Lewis*, 518 U.S. at 362. The right of access to the courts is only a right to bring complaints to the federal court and not a right to discover such claims or to litigate them effectively once filed with a court. *See Lewis*, 518 U.S. at 354-55; *Cornett v. Donvan*, 51 F.3d 894, 898 (9th Cir. 1995).

In conclusion, Plaintiff's request for injunctive relief is unrelated to his Complaint; therefore, Plaintiff's motion should be denied.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's motion (Doc. # 17).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: January 24, 2013

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE