```
_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
                     COUNSEL/PARTIES OF RECORD

          JAN 2 4 2013

        CLERK US DISTRICT COURT
         DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

KEVIN FERNANDEZ,  )  3:12-cv-00401-LRH (WGC)
                 Plaintiff,  )  **ORDER**
     vs.  )
DR. CENTRIC, et. al.  )
               Defendants.  )

Before the court is Plaintiff's Motion for a More Definite Statement. (Doc. # 68.)[1]
Defendants opposed (Doc. # 70) and Plaintiff replied (Doc. # 80).

## I. BACKGROUND

At all relevant times, Plaintiff Kevin Fernandez was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl. (Doc. # 4) at 1.)[2] The allegations giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (Id.) Plaintiff, a pro se litigant, brings this action pursuant to 42 U.S.C. § 1983. (Id.) Defendants are Dr. Ronald Centric, Greg Cox, Susan Fritz, Dr. Karen Gedney[3], David Konrad, Jack Palmer, Dr. John Scott, Elizabeth Walsh, and Robert Schober.[4] Plaintiff has also named

---

[1] Refers to the court's docket number.

[2] A motion for leave to amend the Complaint is currently pending and will be addressed in a separate order. (See Doc. # 72.)

[3] Erroneously identified by Plaintiff in the Complaint as Dr. Gentney. (See Errata at Doc. # 93.)

[4] Erroneously identified by Plaintiff in the Complaint as Sergeant Chubert. (See Errata at Doc. # 92.)

1   various doe defendants that have not yet been identified.[5]

2       Plaintiff asserts claims against Defendants under the First, Eighth, and Fourteenth

3   Amendments in connection with his placement in the Mental Health Unit (MHU) at NNCC,

4   being labeled mentally ill, being subjected to treatment for mental illness through therapy, and

5   involuntary administration of anti-psychotic prescription drugs. (Doc. # 4.)

6       Plaintiff now moves under Federal Rule of Civil Procedure 12(e) for a more definite

7   statement; arguing that the answer filed by Defendants merely contains "boilerplate" language,

8   and that Defendants denied Plaintiff's allegations when they are true. (Doc. # 68.) Defendants

9   argue that Plaintiff's motion should be denied as improper because no responsive pleading is

10  permitted with respect to an answer. (Doc. # 70.)

11                              **II. DISCUSSION**

12      Federal Rule of Civil Procedure 12(e) provides, in pertinent part:

13      A party may move for a more definite statement of a pleading to which a
        responsive pleading is allowed but which is so vague or ambiguous that the party

14      cannot reasonably prepare a response. The motion must be made before filing a
        responsive pleading and must point out the defects complained of and the details

15      desired.
    Fed. R. Civ. P. 12(e).

16

17      A motion for more definite statement is disfavored. *See U.S. E.E.O.C. v. Alia Corp.*, 842

18  F.Supp.2d 1243 1250 E.D. Cal. 2012); *C.B. v. Sonora School Dist.*, 691 F.Supp.2d 1170, 1191

19  E.D. Cal. 2010). It does not appear that the Ninth Circuit has determined whether a Rule 12(e)

20  motion may be used to attack an answer. The Northern District of Texas found that a plaintiff

21  could not file a Rule 12(e) motion with respect to an answer because "Rule 12(e) only applies

22  to 'a pleading to which a responsive pleading is permitted[]'" and "Rule 7(a) does not permit

23  a responsive pleading to an affirmative defense or an answer unless the court orders one."

24  *Travelers Indem. Co. of Conn. v. Presbyterian Healthcare Resources*, 313 F.Supp.2d 648 (N.D.

25  Tex. 2004). The Southern District of Florida, on the other hand, did permit such a motion. *See*

26  *Exhibit Icons, LLC v. XP Cos., LLC*, 609 F.Supp.2d 1282, 1300 (S.D. Fla. 2009) (allowing

27      [5]A motion for leave to amend to substitute in the names of various doe defendants is currently pending
28  and will be addressed in a separate order. (*See* Docs. # 86, # 91.)

1    defendants an opportunity to amend "vague" or "ambiguous" affirmative defenses).

2            The court agrees with the Northern District of Texas that Plaintiff may not direct a Rule

3    12(e) motion toward Defendants' answer because Rule 12(e) only applies to "a pleading to

4    which a responsive pleading is permitted," and a reply to an answer may only be filed by order

5    of the court and this court has not ordered such a reply be filed.

6            Even if a motion for more definite statement directed toward an answer were permitted

7    in this circuit, the answer that is the subject of the motion must be unintelligible and not just

8    lacking in some detail. *See U.S. E.E.O.C. v. Alia Corp.*, 842 F.Supp.2d at 1250 (citation omitted)

9    ("The purpose of Rule 12(e) is to provide relief from a pleading that is unintelligible, not one

10   that is merely lacking detail."); *Gregory Village Partners v. Chevron, U.S.A.*, 805 F.Supp.2d

11   888 (N.D. Cal. 2011) ("A motion for more definite statement attacks intelligibility, not simply

12   lack of detail."). "Where the [pleading] is specific enough to [apprise] the responding party of

13   the substance of the claim [or defense] being asserted or where the detail sought is otherwise

14   obtainable through discovery, a motion for a more definite statement should be denied." *See*

15   *U.S. E.E.O.C. v. Alia Corp.*, 842 F.Supp.2d at 1250 (citation omitted).

16           The court has reviewed Defendants' answers (Docs. # 51, # 57) and does not find them

17   to be unintelligible. Instead, the court finds that they comport with the requirements set forth

18   in Federal Rule of Civil Procedure 8 which provides that an answer must "state in short and

19   plain terms its defense to each claim asserted against it" and "admit or deny the allegations

20   asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Each "denial must fairly

21   respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). A party is within its rights

22   to admit that part of an allegation that is true and deny the rest. Fed. R. Civ. P. 8(b)(4). In

23   addition, "[a] party that lacks knowledge or information sufficient to form a belief about the

24   truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ.

25   P. 8(b)(5). Finally, a party must include all affirmative defenses. Fed. R. Civ. P. 8(c)(1).

26           Therefore, to the extent Plaintiff attacks Defendants' answers because they contain the

27   "boilerplate" language that there is insufficient information to admit or deny, his motion should

28

fail as Defendants are specifically entitled to utilize this response. Moreover, if Plaintiff believes that Defendants should have admitted certain aspects of his allegations, it is his burden to prove a particular allegation true at trial. If Plaintiff meets his burden, he would certainly be permitted to introduce Defendants' answer at the time of trial to show any apparent contradictory positions taken by Defendants, but the court cannot compel Defendants to change their response to his allegations.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion (Doc. # 68) is **DENIED**.

DATED:  January 24, 2013

WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

4