# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN FERNANDEZ, ) | |
| ) | |
| Plaintiff, ) | 3:12-cv-00401-LRH-WGC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DR. CENTRIC, et al., ) | |
| ) | |
| Defendants. ) | |

Before the court is Plaintiff's Motion for Contempt of Court Sanctions. (Doc. # 76.)[1] Defendants have opposed the motion. (Doc. # 84.) Also before the court is Plaintiff's Motion for an Extension of Time to File his Reply in support of this motion. (Doc. # 87.)

First, with respect to Plaintiff's motion for an extension of time, it appears this request is moot as Plaintiff filed his reply on December 26, 2012. (*See* Doc. # 88.) Accordingly, Plaintiff's motion for an extension of time (Doc. # 87) is **DENIED AS MOOT**.

The court will now address the underlying motion.

Plaintiff seeks an order imposing contempt of court sanctions on Defendants, CCS II Moore, and the law library administrator. The basis of Plaintiff's motion is that on

---
[1] Refers to court's docket number. All references to pages are to the docket pages unless otherwise noted.

1 November 14, 2012, the court issued an order that Plaintiff's copywork limit be extended by the
2 amount of $30, which would take his copywork limit to $835. Plaintiff then requested that
3 copies be made, and his request was refused, even though Plaintiff advised CCS II Moore of the
4 court's order increasing his limit. Plaintiff asked the law library administrator, Townsend, to
5 convey to Moore that the copywork limit had been increased, and Townsend represented to
6 Plaintiff that he did so. Yet, Plaintiff's copywork requests still went unfulfilled. As a result,
7 Plaintiff now seeks an order imposing sanctions against each of the Defendants, Moore and
8 Townsend, as well an order compelling these persons to fulfill his copywork requests.

9     According to Defendants, the court extended Plaintiff's copywork limit in September by
10 $30, from $777.48 to $807.48. Subsequently, inmate banking processed the court's
11 November 14, 2012 order, which is the subject of Plaintiff's motion, and Plaintiff's limit was
12 extended from $807.48 to $837.48. At the time the opposition was filed, Plaintiff's copywork
13 debt balance was $800.28. They have provided a declaration to this effect. Accordingly, they
14 maintain that Defendants have complied with the court's order and Plaintiff's requested is
15 moot.

16     In his reply, Plaintiff seems to argue that the court should still impose contempt
17 sanctions because he implies that Defendants were not timely in complying with the court's
18 order.

19     Defendants have made clear that the court's order requiring an extension of Plaintiff's
20 copywork limit by $30 was recorded and implemented. While Plaintiff disputes the timeliness
21 of their compliance, he has not argued that he was in any way prejudiced or injured by this
22 short delay (*i.e.*, he has not asserted he was unable to file or serve any document or that he
23 missed any filing deadline as a result of the delay).
24 ///
25 ///
26 ///

Accordingly, the court does not see it fit to impose contempt sanctions; however, Defendants and their counsel are reminded that orders extending copywork limits should be *promptly* reported to the appropriate officials within NDOC so that these delays are avoided in the future. In the event the court sees a pattern of delay in the future, it will take appropriate measures to address such conduct. Thus, Plaintiff's motion (Doc. # 76) is **DENIED**.

DATED: February 15, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE