UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN FERNANDEZ, ) | |
| ) | |
| Plaintiff, ) | 3:12-cv-00401-LRH-WGC |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| DR. CENTRIC, et al., ) | |
| ) | |
| Defendants. ) | |

Before the court is Plaintiff's Motion for Leave to File the Amended Complaint Under Seal. (Doc. # 72-1.)[1] Defendants have not opposed this motion.

Shortly after Plaintiff commenced this action, he filed an Application for Leave to Proceed Using a Pseudonym and/or Motion to Seal the Record. (Doc. # 7.) The court identified the circumstances under which a party may proceed anonymously, and concluded that Plaintiff's blanket assertion that the matters contained within his complaint would cause him stigma and embarrassment were insufficient to overcome the presumption of public access. (*See* Doc. # 32.) In addition, the court stated that the policy of filing medical records under seal would provide Plaintiff with the confidentiality he seeks with respect to his mental health

---

[1] Refers to court's docket number. All references to pages are to the docket pages unless otherwise noted.

1  records. (*Id.*)

2  Now, in connection with the filing of his Motion for Leave to Amend (Doc. # 72) and
3  Proposed Amended Complaint (Doc. # 72-3), Plaintiff seeks to have his Amended Complaint
4  filed under seal. (Doc. # 72-1.) Plaintiff asserts that the nature of his allegations justify having
5  the pleading filed under seal. He claims that if the defendants or general prison population
6  learn of his allegations he would be subject to retaliation, including physical attack.

7  This circuit has recognized a common law right of access to judicial records in civil
8  proceedings. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995). This right,
9  however, is not absolute. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978). The
10 starting point in determining whether a document should be filed under seal is the "strong
11 presumption in favor of [public] access." *See Kamakana v. City and County of Honolulu*, 447
12 F.3d 1172, 1178 (9th Cir. 2006). The party who seeks to seal a document bears the burden of
13 overcoming that presumption by either meeting the "compelling reasons" standard if the
14 document is attached to a dispositive motion, or the "good cause" standard if the document
15 accompanies a non-dispositive motion. *Id*. at 1180.

16 *Kamakana* does not directly address the standard that must be met when a party seeks
17 to file a complaint or amended complaint under seal; however, other district courts that have
18 addressed this issue have determined that the party must meet the compelling reasons
19 standard. *See TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.,* No. CV 09-1531-
20 PHX-JAT, 2010 WL 2474387, at *1 (D. Ariz. June 11, 2010) (citing *In re NVIDIA Corp.*
21 *Derivative Litig.*, 2008 WL 1859067, at *3 (N.D. Cal. 2008)).

22 Plaintiff argues that if the Nevada Department of Corrections (NDOC) officials or
23 employees named as defendants in this action, or the general prison population, get wind of
24 his allegations, he will be subject to retaliation. The court finds Plaintiff has not presented
25 specific compelling reasons to justify sealing his pleading. Plaintiff's Proposed Amended
26 Complaint presents (among other things) general allegations that various NDOC officials or

1  employees threatened to injure him. Unfortunately, these allegations are all too common in
2  section 1983 cases filed by inmates. Often times, these complaints contain far more detailed
3  allegations of specific instances of alleged excessive force. Yet, the court has not undertaken to
4  seal all of these records as well. Here, the allegations in the Proposed Amended Complaint are
5  very general. Moreover, in his motion, Plaintiff has not identified a specific threat of violence.
6  Finally, Plaintiff does not endeavor to explain how the defendants would be in a position to
7  respond to his allegations if the court permitted him to file his pleading under seal. It appears
8  that it would be fundamentally unfair and would run afoul of the due process clause to allow
9  a plaintiff to prosecute a lawsuit without giving the defendants an opportunity to review the
10 allegations being made against them and to respond to the same in defense of their case.
11     With respect to the general prison population, Plaintiff has not identified any particular
12 inmate in his Proposed Amended Complaint; therefore, his statement that he is likely to receive
13 threats of violence in response to the filing of this pleading appears to be unfounded.
14     The court also notes that much of the information in the Proposed Amended Complaint
15 is already in the public domain. (*See* Doc. # 4.)
16     The reasons set forth by Plaintiff simply do not outweigh the public's right of access to
17 the record in this case under these circumstances, and cannot be considered compelling.
18     Plaintiff relies on various cases in support of his motion, all of which are inapposite here.
19 First, he relies on *U.S. v. Doe*, 655 F.2d 920 (9th Cir. 1980). This is an opinion in a criminal
20 appeal where the appellant contended that he was entitled to a new evidentiary hearing in his
21 criminal case. *Id.* Presumably, Plaintiff cites this case as authority because the appellant was
22 permitted to proceed under a pseudonym; however, this case does not address the issue of
23 sealing records in a *civil* case
24     Next, Plaintiff relies on *U.S. v. Parish*, 308 F.3d 1025 (9th Cir. 2002). Again, this is an
25 opinion in a criminal case where the government appealed the trial court's decision to make
26 a downward departure from the sentencing guidelines. *Id.* Once again, this case has no bearing

on the sealing of records in a civil case.

Finally, Plaintiff relies on *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000). This case also does not address the *sealing of records* in a civil case. Instead, the issue was the propriety of allowing the plaintiffs to proceed under pseudonyms. *Id*. As stated above, the court previously determined that Plaintiff had not made a sufficient showing to proceed under a pseudonym. (*See* Doc. # 32.)

For the reasons set forth above, Plaintiff's Motion for Leave to File the Amended Complaint Under Seal (Doc. # 72-1) is **DENIED**. The Clerk is instructed to **un-seal** the Proposed Amended Complaint (Doc. # 72-3).

DATED: February 15, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE