UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| KEVIN FERNANDEZ, | ) | 3:12-cv-00401-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | May 21, 2013 |
| | ) | |
| DR. CENTRIC, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden     REPORTER:              FTR

COUNSEL FOR PLAINTIFF(S):  Kevin Fernandez, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANT(S):  Nathan L. Hastings (Telephonically)

**MINUTES OF PROCEEDINGS:** Status Conference

10:00 a.m. Court convenes.

I. **Defendants' Request for Status Conference and Continuation of Stay Pending Status Conference (Dkt. #146) and Plaintiff's Motion to Lift Stay (Dkt. #147)**

The court advises the parties that today's hearing is set to address multiple topics in this matter including the current stay, discovery matters and deadlines that need to be set. Therefore, Defendants' Request for Status Conference and Continuation of Stay Pending Status Conference (Dkt. #146) is **GRANTED**.

The court turns to Plaintiff's Motion to Lift Stay (Dkt. #147) and advises the parties that it is inclined to lift the stay so litigation can proceed.

Mr. Hastings agrees that the stay should be lifted; however, Mr. Hastings notes that it appears certain pleadings may need to be determined before other litigation is ripe to proceed. Mr. Hastings indicates that the Report and Recommendation filed on February 15, 2013 (Dkt. #116), would have bearing on the scope of this action, including discovery moving forward as to any new Defendants entering into this case as approved by this court. As to Plaintiff's discovery motions, Dkt. #120, #121, #122, #123, #124 and #133, Mr. Hastings does not believe any decision with regard to the Report and Recommendation (Dkt. #116) will have bearing on Defendants' obligation to respond once the stay has been lifted, and, a deadline is necessary to

MINUTES OF PROCEEDINGS
3:12-cv-00401-LRH-WGC
Date: May 21, 2013
Page 2

set at this time.

Overall, Mr. Hastings suggests that, aside from the pending discovery motions relating to Defendants named in this action from the initiation of this matter, discovery as to any new Defendants should not be required at this time.

The court determines that the stay in this matter shall be lifted.  Therefore, Plaintiff's Motion to Lift Stay (Dkt. # 147) is **GRANTED**.

II.     **Defendants' Motion for Enlargement of Time to Oppose Plaintiff's Objections (Dkt. #126) to the Magistrate Judge's Report and Recommendation (Dkt. #134)**

The court turns to address the deadline which shall be set for Defendants to respond to Plaintiff's Objections to the Court's Report and Recommendation (Dkt. #126).  Plaintiff argues that Defendants have untimely filed their motion for extension of time to respond to his objections and requests that Defendants not be allowed to either file their response untimely or be granted any extension of time to file.

The court finds that Defendants' request for extension of time was timely filed.  Furthermore, the court acknowledges that the stay of the proceedings may have complicated matters with respect to deadlines.  Therefore, Defendants' Motion for Enlargement of Time to Oppose Plaintiff's Objections (Dkt. #126) to the Magistrate Judge's Report and Recommendation (Dkt. #134) is **GRANTED**.  Defendants' shall file their response no later than **Wednesday, May 22, 2013**.

III.    **Plaintiff's Oral Motion to File a Reply to Defendant's Response to Plaintiff's Objections to the Report and Recommendation**

Mr. Fernandez request that he be provided the opportunity to file a Reply to Defendants' Response to his Objections to the Report and Recommendation (Dkt. #116).

The court advises plaintiff that he would need to file a motion with the court so that his request can be reviewed and determined by District Judge Hicks.  Therefore, Plaintiff's oral request to file a Reply to Defendants' Response to Plaintiff's Objections to the Report and Recommendation is **DENIED.**

IV.     **Deadline for Defendants to Respond to Plaintiff's Discovery Motions: Dkt. #121, #122, #123, #123, #124 and #133**

In light of the stay being lifted, the court is inclined to set one deadline in which

MINUTES OF PROCEEDINGS
3:12-cv-00401-LRH-WGC
Date: May 21, 2013
Page 3

Defendants shall have to file their responses to plaintiff's multiple discovery motion's. Therefore, Defendants shall respond to the following discovery motions no later than **Friday, June 21, 2013**:

- Motion to Compel Interrogatory Responses (Dkt. #121),
- Motion for Sanctions (Dkt. #122),
- Motion to Exceed Number of Interrogatories to Defendants, Nunc pro Tunc (Dkt. #123),
- Motion to Compel Production of Documents (Dkt. #124) and
- Motion to Have Matters Deemed Admitted and/or Motion to Compel (Dkt. #133).

Plaintiff shall have up to and including **Monday, July 15, 2013**, in which to reply to Defendants' multiple responses.

V.  **Plaintiff's Motion for Appointment of Expert Witness (Dkt. #95)**

Plaintiff argues that an expert witness on his behalf would be beneficial because of the complexity of this matter, specifically relating to issues of mental health. Plaintiff indicates that because he has limited access to research and limited ability to identify an appropriate expert witness he does not have a recommendation for a specific expert witness to appoint.

Mr. Hastings argues that the appointment of an expert witness on behalf of Plaintiff is not appropriate. Mr. Hastings indicates that an expert would not assist the court and would be a great expense to the court should it decide to appoint an expert witness. Furthermore, at this time, Defendants do not anticipate to utilize any expert witnesses on their behalf.

The court is not inclined to appoint an expert witness in this matter at government expense. This case is not a malpractice case, but rather an Eighth Amendment, denial of medical care matter. Therefore, Plaintiff must establish that his condition was objectively serious and, assuming that is established, Plaintiff must then establish that the Defendants were deliberately indifferent. The court does not agree at this time that an expert witness will either assist the trier of fact or the court in determining whether or not the Defendants were deliberately indifferent. Therefore, Plaintiff's Motion for Appointment of Expert Witness (Dkt. #95) is **DENIED**.

VI.  **Plaintiff's Motion to Amend the First Amended Complaint (Dkt. #142)**

Plaintiff explains that his intentions for filing the latest Motion to Amend is to correct the deficiencies identified in the Court's Report and Recommendation (Dkt. #116) with respect to his previous two Motions to Amend (Dkt. #72 , #86).

MINUTES OF PROCEEDINGS
3:12-cv-00401-LRH-WGC
Date: May 21, 2013
Page 4

     Mr. Hastings objects to Mr. Fernandez filing the latest Motion to Amend because procedurally it is improper to file the motion prior to the court's ruling on the Report and Recommendation. Mr. Hastings points the court's attention to its Report and Recommendation, Dkt. #116, Pg. 41, ¶ 23, which states that "Plaintiff should be given thirty days from the date this Report and Recommendation is adopted by the district judge in order to file a second amended complaint if he believes he can correct the noted deficiencies."

     With the Report and Recommendation (Dkt. #116) currently pending, the court is inclined to stay briefing as to plaintiff's most recent Motion to Amend (Dkt. #142) and to set a briefing schedule after the Report and Recommendation is decided. Therefore, Defendants are to file a response to plaintiff's Motion to Amend (Dkt. #142) **twenty-one (21) days** after the disposition of the Report and Recommendation. Plaintiff shall then have **fifteen (15) days** to reply to Defendants' response. Thereafter, the court will schedule a status conference to address Plaintiff's Motion to Amend (Dkt. #142).

**VII.**    <u>**Plaintiff's Motion to Amend Dkt. #115 Scheduling Order (Dkt. #120)**</u>

     At this time, the court finds that the decision of District Judge Hicks with regard to the Report and Recommendation will highly impact the posture of this case and how it is to proceed with discovery. In light of this, Plaintiff's Motion to Amend Dkt. #115 Scheduling Order (Dkt. #120) is **DENIED without prejudice**.

**VIII.**    <u>**Discussion Regarding Discovery**</u>

     The court and parties briefly discuss the status regarding discovery responses, specifically interrogatories. Mr. Hastings indicates that Plaintiff has propounded additional interrogatories which exceed the limit of interrogatories governed by Federal Rules of Civil Procedure.

     The court expresses its concern that the parties have not met to discuss potential resolution of any of the discovery disputes prior to requesting the court's intervention. The court encourages the parties to meet and confer with regard to the discovery disputes. Mr. Hastings advises the court that he will arrange a time to confer with Mr. Fernandez with regard to the discovery disputes and make good faith effort to resolve them.

**IX.**    <u>**Plaintiff's Motion to Increase Copy Fee Limit (Dkt. #99)**</u>

     The court briefly recites the chronology regarding court order's that have extended Plaintiff's copy work limit throughout this litigation. In light of the several occurrences where the court has granted Plaintiff extensions to his copy work limit, the court is not inclined to grant Plaintiff the full $125.00 extension for copy work.

**MINUTES OF PROCEEDINGS**
3:12-cv-00401-LRH-WGC
Date: May 21, 2013
Page 5

     However, in view of the potential copy work that may be necessary for Plaintiff to adequately respond to Defendants' responses with regard to discovery requests, the court directs that Defendants be responsible for attaching discovery responses to their pleadings, which should eliminate Plaintiff from having to use his copy work. The court will, therefore, **GRANT** a $20.00 copy work extension at this time. The court will entertain further requests for copy work at an appropriate time, if necessary, but only after the parties meet informally to attempt to resolve the discovery disputes.

**IT IS SO ORDERED.**

11:26 p.m. Court adjourns.

                                                      LANCE S. WILSON, CLERK

                                                      By: _____/s/_____
                                                          Katie Lynn Ogden, Deputy Clerk