UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN FERNANDEZ,           )<br>                                              )<br>            Plaintiff,         )<br>                                              )<br>    vs.                                    )<br>                                              )<br>DR. CENTRIC, *et al.,*        )<br>                                              )<br>            Defendants.   )<br>_____) | 3:12-cv-00401-LRH-WGC<br><br>**MINUTES OF PROCEEDINGS**<br><br>June 18, 2013 |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>  Katie Lynn Ogden   </u>  REPORTER:  <u>                FTR                </u>

COUNSEL FOR PLAINTIFF(S):  <u>Kevin Fernandez, In Pro Per (Telephonically)          </u>

COUNSEL FOR DEFENDANT(S):  <u>Nathan L. Hastings (Telephonically)                      </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

2:05 p.m. Court convenes.

The Court briefly reviews the latest filings submitted by the Plaintiff. The Court explains that, the documents Plaintiff is repeatedly filing has not only a bearing on future copy work extensions granted by this Court, but, the overall progression of the case. The Court suggests to Plaintiff that he be more judicious in deciding what documents to file with the Court.

The Court turns to its Order (Dkt. #173) which addresses Defendants' Motion for Enlargement of Time to Respond to Various of Plaintiff's Motions, and Request for Status Conference (Dkt. #171). The Court and parties discuss various motions and sets a briefing scheduled for the most recent discovery motions submitted by Plaintiff. After discussion and good cause appearing the Court finds the following:

**I.        Discussion Regarding Various Motions**

      **A.    Motion to Correct/Clarify Order Dkt. #157 (Dkt. #166)**

The Court and parties discuss, at length, the intentions of the Court's rulings made during the May 21, 2013, hearing and its summary of the hearing in the Minutes of Proceedings Dkt. #157.

MINUTES OF PROCEEDINGS
3:12-cv-00401-LRH-WGC
Date: June 18, 2013
Page 2

      Mr. Fernandez explains there are two components to his motion for clarification. The first component is whether or not the stay was lifted in this case and whether he may proceed with discovery. And , second, to clarify whether or not Plaintiff is required to attach exhibits to his discovery motions.

      Mr. Ferenandez indicates he was unsure whether he may or may not proceed with discovery concerning existing Defendants named in this action.

      Mr. Hastings indicates that his recollection from the May 21, 2013, hearing, is the stay was lifted; however, Plaintiff was not granted leave to propound any additional discovery. Mr. Hastings informs the Court that, he and Mr. Fernandez during a recent telephonic conference, agreed the discovery requests propounded prior to the stay being enforced, and the close of discovery deadlines expiring, would be responded to. Mr. Hastings represents that Defendants are in the process of providing that discovery to him.

      In view of the stay being entered on April 11, 2013, (Dkt. #141) and the original discovery deadline set for April 29, 2013, (Dkt. #115) discovery requests should have been propounded on Defendants in late March. Furthermore, any additional discovery during the time period of the stay would be considered untimely because it would have not allowed Defendants sufficient time to respond to the discovery requests. Finally, additional discovery request with respect to any Defendants named in the Proposed Amended Complaint would not be appropriate because Plaintiff has not been afforded, at this time, leave to file his Amended Complaint.

      Therefore, as to plaintiff's first component of his Motion for Clarification (Dkt. #166), the Court finds it unnecessary to clarify its order from the May 21, 2013, hearing. The Minutes of Proceedings (Dkt. #157) reflects that the stay of the case was lifted as of May 21, 2013.

      As to the second component of Mr. Fernandez's Motion to Clarify (Dkt. #166), the Court and parties briefly discuss the most appropriate approach to proceed when attaching exhibits to discovery pleadings. The Court notes that, its intention to allow Mr. Fernandez the opportunity to not be obligated to attach exhibits to his discovery motion(s) as required by the local rules, was to obviate him having from having to utilize his copy work allowance and it would be helpful for the Court to refer to one set of exhibits rather than ascertaining from two different sets of attached exhibits for multiple discovery requests. However, it appears this may have created unintentional confusion as to what is required when filing discovery motions and responses.

      Therefore, the Court **AMENDS** its previous order in Dkt. #157 and directs the parties to comply with Local Rule 26-7 as to any discovery motions.

      The Court notes that when the Court and parties address the various discovery motions in

MINUTES OF PROCEEDINGS
3:12-cv-00401-LRH-WGC
Date: June 18, 2013
Page 3

the near future, the Court will strictly construe the meet and confer requirements of the Federal Rules of Civil Procedure.

### B. Plaintiff's Motion for Court to Issue and Serve Summons and Complaints on New Defendants (Dkt. #153)

The Court explains that a summons and complaint cannot be served on a Defendant who has yet been approved to enter into this case. Once Plaintiff's Motion to Amend is ruled on and leave of Court is provided to the Plaintiff to serve new Defendant(s), Plaintiff will be afforded a certain amount of time to serve and effect service on the new Defendant(s). Therefore, the Court finds Plaintiff's Motion for Court to Issue and Serve Summons and Complaints on New Defendants (Dkt. #153) as premature and is, therefore, **DENIED**.

### C. Motion for Contempt Sanctions (Dkt. #168)

The Court clarifies that the Minutes of Proceedings (Dkt. #157) from the May 21, 2013, hearing was not entered until June 3, 2013. Mr. Hastings indicates that Mr. Fernandez was provided his copy work extension within one week of the Minutes of Proceedings being entered onto the docket.

Mr. Fernandez expresses his concern regarding the timeliness of the Nevada Department of Corrections (NDOC) complying with Court ordered extensions of paper work allowance. Mr. Fernandez explains that, through his research and previous orders of this case, the NDOC should not have to rely on a written order to comply with an order from the Court granting extensions of inmate copy work allowance. Mr. Fernandez indicates that due to the delay in him receiving his copy work extension he was not able to provide the Court exhibits to his discovery motions (Dkt. #159, #160, #161, #162, #163, #164 and #165 ).

In view of Plaintiff receiving his copy work extension, albeit delayed, and Plaintiff's representation that he has documents to attach to his previously submitted discovery motions, the Court is inclined to allow Plaintiff the opportunity to supplement his discovery motions Dkt. #159 - #165; however, the Court is not inclined to impose sanctions on Defendants for the delayed time it took to credit Plaintiff's account for copy work allowance.

Therefore, Plaintiff's Motion for Contempt Sanctions (Dkt. #168) is **GRANTED in part** and **DENIED in part**. The motion is granted to the extent that Plaintiff is allowed to supplement his discovery motions Dkt. #159 - #165 and the motion is denied as to Plaintiff's request for sanctions. The court is hopeful that the parties will resolve several of the discovery disputes and, therefore, does not set a deadline prior to response deadline for Defendants, for Plaintiff to submit supplemental documents.

MINUTES OF PROCEEDINGS
3:12-cv-00401-LRH-WGC
Date: June 18, 2013
Page 4

> **D. Motion for Enlargement of Time to File Objections to and Request for Review of Orders Issued on May 21, 2013, Status Conference (First Request) (Dkt. #155)**

It is the Court's understanding that the time in which a party has to file any objections to a Court's order(s) begins when the Minutes of Proceedings are entered on the docket. In this instant matter, the Minutes of Proceedings (Dkt. #157) was entered on June 3, 2013. Therefore, Plaintiff's Objections to, and Motion for Review of Order, Doc. #157 (Dkt. #174), filed on June 13, 2013, is deemed timely filed. Thus, Plaintiff's Motion for Enlargement of Time to File Objections to and Request for Review of Orders Issued on May 21, 2013, Status Conference (First Request) (Dkt. #155) is **DENIED as moot**.

**II.     Briefing Schedule for Outstanding Motions**

It is hereby ordered that Defendants have up to and including **Friday, August 2, 2013**, to respond to the following motions:

- **Dkt. #159** - "Motion to Compel Production of Documents and Things"

- **Dkt. #160** - "Motion to Compel, Motion for Sanctions, and Motion to Exceed Number of Interrogatories Nunc Pro Tunc as it Relates to Interrogatories"

- **Dkt. #161** - "Motion to Compel, Motion for Sanctions, and Motion to Exceed Number of Interrogatories Nunc Pro Tunc as it Relates to Interrogatories" (Duplicate as to Dkt. #160)

- **Dkt. #162** - "Motion to Compel, Motion for Sanctions, and Motion to Exceed Number of Interrogatories Nunc Pro Tunc as it Relates to Interrogatories" (Duplicate as to Dkt. #160)

- **Dkt. #163** - "Motion for Sanctions and Motion to Compel Responses to Request for Admissions"

- **Dkt. #164** - "Motion for Sanctions and Motion to Compel Responses to Request for Admissions" (Duplicate as to Dkt. #163)

- **Dkt. #165** - "Motion for Enlargement of Time to Propound Discovery Requests to the Existing Defendants"

- **Dkt. #167** - "Motion for Court to Order Defendants to Produce a Martinez Report Pursuant to FRCP 16"

MINUTES OF PROCEEDINGS
3:12-cv-00401-LRH-WGC
Date: June 18, 2013
Page 5

      Thereafter, Plaintiff shall have up to and including **Monday, September 2, 2013**, to file any reply to Defendants' responses to the above listed motions.

**IT IS SO ORDERED.**

3:27 p.m. Court adjourns.

                                                  LANCE S. WILSON, CLERK

                                                  By:           /s/
                                                  Katie Lynn Ogden, Deputy Clerk