1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                                **DISTRICT OF NEVADA**

8

9    KEVIN FERNANDEZ,                    )          3:12-cv-00401-LRH-WGC
                                         )
10                  Plaintiff,           )
                                         )
11          vs.                          )          **ORDER**
                                         )
12   DR. CENTRIC, et al.,                )
                                         )
13                  Defendant(s).        )
     _____)

14

15          In the brief existence of this case, just a little over one year, some 200 documents have been filed,

16   mostly by plaintiff.  Indeed, during the time period of May 30, 2013, through June 20, 2013, plaintiff

17   filed some fifteen motions. He has lodged over six motions to compel and at least four motions for

18   sanctions. Plaintiff's filings are beginning to overwhelm the court and adversely impact the court's

19   ability to effectively manage this case.

20          At the hearing on this case conducted on Monday, August 19, 2013, the court addressed a myriad

21   of plaintiff's motions, as it has in the past.  Included was a review of two of his multiple motions to

22   compel and related filings (Docs. ## 121-123, 124, 176, 187).  The court also addressed Plaintiff's

23   motion that his requests for admissions, which consisted of 209 requests (five sets) to each of the nine

24   Defendants, be admitted (Doc. # 177); plaintiff's four motions for sanctions (Doc. ## 122,  151, 161,

25   163) and various other motions which are addressed more specifically below and in the court's minutes.

26   Preparation for this hearing required the court and its staff to spend numerous hours of time to review

27   literally thousands of pages of documents, necessitating an extraordinary demand on the court's time.

28          The court deems that extraordinary court management of the pending matter is required in order

to bring order to chaos and to prevent this case from becoming essentially unmanageable.[1] This case, in its present posture as approved by the currently operative screening order (Doc. # 3), is not unduly complicated.  The gravamen of Plaintiff's averments is that Plaintiff's procedural and substantive due process rights were violated due to his admission into the Nevada Department of Corrections (NDOC) Mental Health Unit (MHU). (*See* Counts I and II in Doc. # 4.)  He alleges supervisory liability claims against certain NDOC officials in connection with these allegations. (Count I.) He also includes a claim of cruel and unusual punishment arising from his treatment in the MHU. (Count IV.) And last, he was allowed to proceed on his claim of retaliation (Count III), predicated on the assertion he was forced into MHU admission by reason of his reporting alleged correctional officer misconduct. Thus the extent of discovery and Plaintiff's motion practice attendant to that discovery is not justified by the limited complexity of Plaintiff's averments.

In order to effectively implement case management, the court will embrace the philosophy and text of Rule 1 of the Federal Rules of Civil Procedure, i.e., that *all* of the Federal Rules should be "construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding." The Notes of the Advisory Committee to Federal Rule 1 emphasize not only the parties' responsibilities but the "affirmative duty of the court to exercise the authority conferred by these rules to ensure that civil ligation is resolved not only fairly, but also without undue cost or delay." Rule 1, Advisory Committee Notes 1993.

To fulfill that "affirmative duty" and as the court announced at the hearing of Monday, August 19, 2001, the following orders and directives are entered in this matter:

**1.      No Further Motions to Amend Pending Disposition of the Report and Recommendation (Doc. # 116) on Plaintiff's Initial Motions to Amend**

After plaintiff's complaint was screened (Doc. 3), plaintiff later filed two motions to amend (Doc. ## 72, 86). Plaintiff's motions were addressed in a Report and Recommendation (Doc. # 116), to which plaintiff filed an objection (Doc. # 126). The matter of plaintiff's motions to amend is now before

---

[1] The court notes that in another case filed by plaintiff, *Fernandez v State of Nevada*, 3:06-cv-00628-LRH-WGC, some 700 documents were filed with the court, again mostly by plaintiff Fernandez.

Senior District Judge Larry R. Hicks. Rather than waiting for Judge Hicks to rule on the report and recommendation, plaintiff filed yet another motion to amend and related documents. (*See*, Doc. ## 142, 153, 179.)

Until the propriety of plaintiff's present to motions to amend are resolved by Judge Hicks, the court orders that plaintiff's new motion to amend (Doc. #142), his motion to serve new defendants within his proposed amended complaint (Doc. # 153), and his motion for leave to add additional pages to his proposed amended complaint (Doc. #179) are **DENIED without prejudice**.[2]

**2.      No Additional Discovery Without Leave of Court**

No additional discovery will be permitted until after the screening of plaintiff's anticipated amended complaint has been completed. In that regard, the court will conduct a post-screening discovery conference at which time strict and limited parameters for future discovery will be imposed.

**3.      No Discovery Motions Without Leave of Court**

Similarly, no further discovery motions shall be filed in this matter until after Judge Hicks addresses and disposes of the Report and Recommendation on plaintiff's motions to amend. The prohibition on plaintiff filing any additional discovery-related motions in this action will continue until the screening of plaintiff's anticipated amended complaint has been completed.

The exception to this prohibition on the filing of additional motions to compel will not apply to the previously-served interrogatories and Plaintiff's pending motion compel pertaining thereto (Doc. # 121). The parties stated at the August 19, 2013 hearing they have resolved their dispute as to the numerosity of the interrogatories plaintiff served on the defendants, but that a dispute as to the "content" of the current responses remains. (*See also*, Doc. # 176 at 2, fn. 2.)  If the parties, after satisfying their "meet and confer" obligations, cannot resolve the "content" dispute, defendants' counsel shall file an appendix of the disputed discovery documents, and then Plaintiff may file a motion to compel limited to the subject of whether the Defendants' discovery responses satisfy the requirements of Federal Rule

---

[2]   The minutes of the court of May 21, 2013, page 4, which directed defendants to file a response to plaintiff's motion to amend (Doc. # 142), are revised. Since Doc. # 142 is being denied without prejudice, no response thereto is necessary.

of Civil Procedure 33.  Defendants may respond and plaintiff may reply.[3]

In the interim, Plaintiff's Motion to Compel (Doc. # 121) is **DENIED as moot.**  Based upon the representations of the parties that there is no longer any dispute as to the numerosity of the interrogatories, Plaintiff's Motion to Exceed Number of Interrogatories Nunc Pro Tunc (Doc. # 123) is also **DENIED as moot.**

**4.      Pending Discovery Motions**

The court will continue to hear a pending discovery dispute which was filed previously herein. (*See*, Doc. ## 159, 160, 164 and 167.)  A hearing date on these motions will be calendared at a later date.

**5.      Status Conference re Further Amendment**

As soon as possible after Judge Hicks rules on the report and recommendation, the court will conduct a status conference on the court's rulings and establish procedures to review in what manner plaintiff's amended complaint will be implemented. Once an amended complaint is filed (assuming Judge Hicks adopts this court's recommendations), it will have to be screened pursuant to 28 U.S.C. § 1915e.  Should the screening result in a recommendation that any claims be dismissed, a report and recommendation will issue and the parties will have an opportunity to object.  Any objections will be determined by Judge Hicks.

**6.**      Plaintiff's Motions for Sanctions (Doc.##122, 151, 161 and 163) are **DENIED**.[4]

**7.**      Plaintiff's Motion for Enlargement of Time to Propound Discovery (Doc. # 165) is **DENIED as moot.**

**8.**      Plaintiff's Motion to Increase Copy Fee Limit (Doc. # 181) is **GRANTED** to the extent plaintiff shall have his copy fee limit increased by **thirty ($30.00) dollars.**

---

[3]  Therefore, plaintiff's Motion for Leave to Depart from the Provisions of LR 26-7 (Doc. # 182) is **GRANTED** in part, but only with respect to the subject matter of Doc. # 121.

[4]  Sanctions are generally only appropriate under the circumstances presented by plaintiff's discovery motions where there has been a failure to comply with a court order. Fed. R. Civ. P. 37(b). A court will typically not impose sanctions under Rule 37(b) unless it has already issued a discovery order to provide or permit certain discovery with which a party has failed to comply. The court does not find those circumstances in this matter and therefore denies each of plaintiff's enumerated motions for sanctions.

**9.** Plaintiff's Motion to Withdraw Motion for Leave to Add Additional Pages to the Proposed Second Amended Complaint (Doc. # 191) is **GRANTED.**

**10.** Plaintiff's Motion to Compel (Doc. # 124) is **GRANTED in part and DENIED in part.** The minutes of proceedings of August 19, 2013, will address in greater detail the court's disposition of the parties' discovery disputes concerning plaintiffs underlying Requests for Production of Documents.

**11.** Plaintiff is cautioned that pursuant to 28 U.S.C. § 1927, sanctions are available against a party "who multiplies the proceedings in any case unreasonable and vexatiously." Plaintiff's actions in this case may already have violated this provision and plaintiff is advised the court is not unwilling to impose any and all sanctions available to the court under this statute or any other rule.

**IT IS SO ORDERED.**

**DATED:  August 22, 2013**

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

5