UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| KEVIN FERNANDEZ,<br><br>                Plaintiff,<br><br>v.<br><br>DR. CENTRIC, et al.,<br><br>                Defendants. | 3:12-cv-00401-LRH-WGC<br><br><u>ORDER</u> |

Before the court are plaintiff Kevin Fernandez's Objections (#48,[1] 81, 89) to the Magistrate Judge's Orders (##32, 73, 74, 77, 83) pursuant to Local Rule IB 3-1. The Magistrate Judge's Orders operate as final determinations of pretrial matters under 28 U.S.C. § 636(b)(1)(A) and Local Rule IB 1-3. Accordingly, a district judge may reconsider the Magistrate Judge's Orders only if they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR IB 3-1(a).

Having considered the parties' briefing, the court concludes that the Magistrate Judge's Orders are neither clearly erroneous nor contrary to law. Fernandez's first objection concerns the Magistrate Judge's ruling that he may not proceed in this litigation under a pseudonym nor require all references to his mental health be made under seal. Fernandez's claims collectively allege that he was erroneously treated as a mentally ill inmate in violation of his constitutional rights. Thus, compliance with Ferndandez's request would require nearly the entire proceeding to be sealed.

---

[1] Refers to the court's docket entry number.

1        Pseudononymous litigation is disfavored; it is contrary to the Federal Rules and "the
2   public's common law right of access to judicial proceedings." *Does I thru XXIII v. Advanced
3   Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000); *see also* Fed. R. Civ. P. 10(a). The court
4   balances the need for anonymity against the presumption of public access in three situations: (1)
5   where a party faces retaliation, (2) where the suit concerns "matter of a sensitive and highly
6   personal nature," and (3) where a party is compelled to admit something that would risk criminal
7   prosecution. *Does I thru XXIII*, 214 F.3d at 1068.
8        Here, the Magistrate Judge properly determined that Fernandez's privacy interests did not
9   overcome the presumption of public access because Fernandez's medical records would be filed
10  under seal. Fernandez now objects that he faces retaliation for filing this suit, but allowing
11  Fernandez to proceed anonymously would be no remedy: Fernandez filed his complaint under his
12  own name, and he avers that his alleged persecutors (Defendants and other inmates) already
13  know this fact. Fernandez also objects that Defendants did not carry their burden in showing
14  prejudice to the public from Fernandez's anonymous participation, that the Magistrate Judge
15  employed the wrong legal balancing test, and that the Magistrate Judge did not address
16  Fernandez's request to seal the proceedings. Each objection fails. Fernandez faced a presumption
17  against pseudononymous litigation, and therefore the burden of overcoming that presumption fell
18  on him. Fernandez cites *Does I thru XXIII* for a legal balancing test that appears no where in its
19  pages. And the Magistrate Judge found that the sealing of Fernandez's medical records
20  adequately answered Fernandez's request for "an order sealing any portion of the record which
21  contains information referring to [his] mental health." (Order #32, p. 1.) Therefore, the
22  Magistrate Judge's Order was not clearly erroneous or contrary to law.
23       Next, Fernandez objects to two Minute Orders and a Scheduling Order, chiefly on the
24  basis that the Magistrate Judge denied him an opportunity to supplement his Motion for
25  Injunctive Relief (#17). Yet Fernandez's Motion for Injunctive Relief is not properly before the
26  court; it is, as the Magistrate Judge noted, a collateral complaint unrelated to Fernandez's claims
27  in this case. (Order #98, p. 5.) Therefore, the Magistrate Judge properly denied all supplemental
28  requests related to Fernandez's Motion, including his request to submit additional evidence.

Fernandez also objects that Defendants did not allow him enough time to conduct a review of his own medical records. But this is not an objection to the Magistrate Judge's Order; it is a complaint sounding in Defendants' discovery conduct. Fernandez's objection is therefore directed at the wrong target. Finally, Fernandez objects to the Scheduling Order on the basis that the court refused to enlarge the time for him to amend his complaint with the real names of "Doe" defendants. However, the Magistrate Judge *did* enlarge this time—just not by the six months that Fernandez requested. (Order #77, p. 2.) Fernandez has identified no reason to believe the Magistrate Judge's timeframe was so prejudicial as to be contrary to law. Since Fernandez's remaining arguments are without merit, Fernandez's objection is overruled.

Fernandez's third objection addresses the Magistrate Judge's order that Fernandez is not entitled to service of subpoenas at government expense. Fernandez's argument rests on 28 U.S.C. § 1915(d), which provides that plaintiffs proceeding *in forma pauperis* are entitled to government-provided service of process. However, with respect to subpoenas, "service" includes tendering certain witness fees (when the witness is compelled to attend). Fed. R. Civ. P. 45(b). It is these fees that the government will not bear. *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) ("Although the plain language of section 1915 provides for service of process for an indigent's witnesses, it does not waive payment of fees or expenses for those witnesses."). Therefore, Fernandez's objection on this basis is unfounded.[2]

IT IS THEREFORE ORDERED that Fernandez's Objections ##48, 81, and 89 are OVERRULED.

IT IS SO ORDERED.

DATED this 13th day of September, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] For a similar reason, the court will not reconsider the relevant portion of its Order (#3).