UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| KEVIN FERNANDEZ, ) | |
| ) | |
| Plaintiff, ) | 3:12-cv-00401-LRH-WGC |
| ) | |
| v. ) | |
| ) | O R D E R |
| DR. CENTRIC; *et al.*, ) | |
| ) | |
| Defendants. ) | |

Before this Court is the Report and Recommendation of U.S. Magistrate Judge William G. Cobb (#116[1]) entered on February 15, 2013, recommending granting in part and denying in part Plaintiff's Motions to Amend/Correct Complaint (#72, 86) filed on November 29, 2012, and December 20, 2012, respectively. Plaintiff filed his Objections to Magistrate's Report and Recommendation #116 (#126) on March 8, 2013, and Defendants filed their Opposition to Plaintiff's Objection #126 to the Magistrate Judge's Report and Recommendation #116 (#150) on May 22, 2013. The court allowed Plaintiff to file a Reply (#215) to Defendants' Opposition. This action was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 1B 1-4 of the Rules of Practice of the United States District Court for the District of Nevada.

The Court has conducted its *de novo* review in this case, has fully considered the objections of the Plaintiff, the responses of the Defendants, Plaintiff's reply, the pleadings and memoranda of the

---

[1]Refers to court's docket number.

Case 3:12-cv-00401-LRH-WGC   Document 217   Filed 09/18/13   Page 2 of 8

parties and other relevant matters of record pursuant to 28 U.S.C. § 636 (b) (1) (B) and Local Rule IB 3-2. The Court determines that the Magistrate Judge's Report and Recommendation (#116) entered on February 15, 2013, should be adopted and accepted, along with the following edits to said Report and Recommendation:

1. The name of defendant Ray Richard shall be changed to Ray Rickard;

2. The name of defendant Carla Murahani shall be changed to Carla Marikami;

3. The name of defendant D. Keith shall be changed to Dillyn Keith.

IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation (#116) entered on February 15, 2013, is adopted and accepted, Plaintiff's Motions to Amend/Correct Complaint are **GRANTED in part and DENIED in part**, and the Clerk of the Court shall **FILE** the Amended Complaint as follows:

(1) To the extent Plaintiff seeks to substitute in the true names for defendants previously identified as does (or other iterations thereof), and to provide full or corrected names for certain defendants as identified in his second motion for leave to amend (Doc. # 86) and various erratas (Doc. ## 91, 104), this request is **<u>GRANTED</u>** and the following substitutions and/or corrections shall be made:

    (a) Ray Rickard shall be substituted for defendant Noe in the Amended Complaint;

    (b) Carla Marikami shall be substituted for defendant Pie in the Amended Complaint;

    (c) M. Johnson shall be substituted for Soe in the Amended Complaint;

    (d) Defendant Shepard's full name shall be entered as Richard Shepard;

    (e) Correctional Officer DuBlanc shall be substituted for Frenchie;

    (f) Defendant J. Wilson's full name shall be entered as Jonathan Wilson;

    (g) The spelling of defendant Phapp's name shall be corrected to Papp;

    (h) Defendant Rhalston's full name shall be entered as Michael Rhalston;

    (i) Defendant Mooney's full name shall be entered as Roger Mooney;

    (j) Defendant Cardella's full name shall be entered as John Cardella;

2

    (k) Paul Samsel shall be substituted for Doe in the Amended Complaint;

    (l) Correctional Officer Lyons shall be substituted for Coe in the Amended Complaint;

    (m) Correctional Officer Zufelt shall be substituted for Foe in the Amended Complaint;

    (n) Karl Grimmer shall be substituted for Hoe in the Amended Complaint;

  (2) To the extent Plaintiff seeks to substitute Dillyn Keith for John Doe RN II in the original Complaint, this request is **DENIED WITHOUT PREJUDICE** as Plaintiff has not identified John Doe RN II either in the original or in the Amended Complaint.

  (3) Any reference to the State of Nevada or NDOC in the Amended Complaint shall be **STRICKEN**.

  (4) Count I, directed to defendants Barnett and Boe:

    (a) Plaintiff's motion for leave to amend to add an Eighth Amendment claim for deliberate indifference to a serious risk to his safety is **DENIED WITHOUT PREJUDICE**.

  (5) Count II, directed to defendants Barnett and Boe:

    (a) Plaintiff's motion for leave to amend to add a claim for breach of contract is **DENIED WITH PREJUDICE**;

    (b) Plaintiff's motion for leave to amend to add a claim for intentional interference with contractual relations is **DENIED WITHOUT PREJUDICE**;

  (6) Count III, directed to defendants Barnett and Boe:

    (a) Plaintiff's motion for leave to amend a claim for intentional infliction of emotional distress is **DENIED WITHOUT PREJUDICE**.

  (7) Count IV, directed to defendants Cox, Fletcher, Foster, Helling, Leavitt, Nash, Neven, and Reed:

    (a) Plaintiff's motion for leave to amend to add a supervisory liability claim against defendants Cox, Helling, and Reed based on the conduct described in Count I is **DENIED WITHOUT PREJUDICE**;

    (b) Plaintiff's motion for leave to amend to add a supervisory liability claim against

defendants Fletcher, Foster, Leavitt, Nash and Neven for their role in denying Plaintiff's grievance related to the conduct alleged in Count I is **DENIED WITHOUT PREJUDICE**.

(8) Count V, directed to defendants Carmazzi, Ritz, and Irvin:

(a) Plaintiff's motion for leave to amend to add a First Amendment retaliation claim against these defendants is **DENIED WITHOUT PREJUDICE**.

(9) Count VI, directed to defendants Carmazzi, Ritz, and Irvin:

(a) Plaintiff's motion for leave to amend to add an Eighth Amendment deliberate indifference to a serious risk to his safety claim against these defendants is **DENIED WITHOUT PREJUDICE**.

(10) Count VII, directed to defendants Carmazzi, Ritz, and Irvin:

(a) Plaintiff's motion for leave to amend to add a claim for intentional infliction of emotional distress against these defendants is **DENIED WITHOUT PREJUDICE**.

(11) Count VIII, directed to defendants Castro, Gibson, and Hussein:

(a) Plaintiff's motion for leave to amend to add an Eighth Amendment claim for deliberate indifference to a serious risk to his safety is **DENIED WITHOUT PREJUDICE**;

(b) Plaintiff's motion for leave to amend to add a First Amendment retaliation claim is **DENIED WITHOUT PREJUDICE**;

(12) Count IX, directed to defendants Cardella, Carmazzi, DuBlanc, Dunner, Goe, Grimmer, Hogan, Joe, Koe, Lyons, Mooney, Papp, Rhalston, Ryder, Samsel, Shepard, Shorey, Willhite, Wilson, and Zufelt:

(a) Plaintiff's motion for leave to amend to add any claims asserted in Count IX against Carmazzi, DuBlanc, Dunner, Goe, Grimmer, Hogan, Joe, Koe, Lyons, Mooney, and Zufelt is **DENIED WITH PREJUDICE**;

(b) Plaintiff's motion for leave to amend to add a First Amendment retaliation claim is **DENIED WITHOUT PREJUDICE**;

(c) Plaintiff's motion for leave to amend to add an Eighth Amendment claim for deliberate

4

indifference to a serious risk to his safety is **DENIED WITHOUT PREJUDICE**;

(d) Plaintiff's motion for leave to amend to add an Eighth Amendment deliberate indifference claim regarding his conditions of confinement is **DENIED WITHOUT PREJUDICE**;

(e) Plaintiff's motion for leave to amend to add an Eighth Amendment deliberate indifference to a serious medical need claim against defendants Rhalston and Shepard is **DENIED WITH PREJUDICE**;

(f) Plaintiff's motion for leave to amend to add a Fourth Amendment privacy claim is **DENIED WITHOUT PREJUDICE**;

(g) Plaintiff's motion for leave to amend to add a prison employment claim is **DENIED WITH PREJUDICE**.

(13) Count X, directed to defendants Cardella, Carmazzi, DuBlanc, Dunner, Goe, Grimmer, Hogan, Joe, Koe, Lyons, Mooney, Papp, Rhalston, Ryder, Samsel, Shepard, Shorey, Willhite, Wilson, and Zufelt:

(a) Plaintiff's motion for leave to amend to add an Eighth Amendment claim for deliberate indifference to a serious risk to his safety is **DENIED WITH PREJUDICE** as to defendants Carmazzi, DuBlanc, Dunner, Goe, Grimmer, Hogan, Joe, Koe, Lyons, Mooney, and Zufelt.

(b) Plaintiff's motion for leave to amend to add an Eighth Amendment claim for deliberate indifference to a serious risk to his safety is **DENIED WITH PREJUDICE** as to defendants Cardella, Papp, Rhalston, Ryder, Samsel, Shepard, Shorey, Willhite, and Wilson.

(14) Count XI, directed to defendants Cox, Fletcher, Foster, Helling, Leavitt, Nash, Neven, Reed, and Suwe:

(a) Plaintiff's motion for leave to amend to add a supervisory liability claim related to the conduct alleged in Count X against defendants Cox, Helling, Reed and Suwe is **DENIED WITHOUT PREJUDICE**;

(b) Plaintiff's motion for leave to amend to add a supervisory liability claim related to the denial of a grievance connected to the conduct alleged in Count X against defendants Fletcher, Foster,

1  Leavitt, Nash and Neven is **DENIED WITHOUT PREJUDICE**.

2  (15) Count XII, directed to defendants Cardella, Carmazzi, DuBlanc, Dunner, Goe, Grimmer, Hogan, Joe, Koe, Lyons, Mooney, Papp, Rhalston, Ryder, Samsel, Shepard, Shorey, Willhite, Wilson, and Zufelt:

(a) Plaintiff's motion for leave to amend to add claims under Nevada Revised Statutes 209.371 and 209.381 is **DENIED WITH PREJUDICE** as to defendants Carmazzi, DuBlanc, Dunner, Goe, Grimmer, Hogan, Joe, Koe, Lyons, Mooney, and Zufelt.

(b) Plaintiff's motion for leave to amend to add claims under Nevada Revised Statutes 209.371 and 209.381 is **DENIED WITHOUT PREJUDICE** as to defendants Cardella, Papp, Rhalston, Ryder, Samsel, Shepard, Shorey, Willhite, and Wilson.

(16) Count XIII, directed to defendants Cardella, Carmazzi, DuBlanc, Dunner, Goe, Grimmer, Hogan, Joe, Koe, Lyons, Mooney, Papp, Rhalston, Ryder, Samsel, Shepard, Shorey, Willhite, Wilson, and Zufelt:

(a) Plaintiff's motion for leave to amend to add a claim for intentional infliction of emotional distress is **DENIED WITH PREJUDICE** as to defendants Carmazzi, DuBlanc, Dunner, Goe, Grimmer, Hogan, Joe, Koe, Lyons, Mooney, and Zufelt;

(b) Plaintiff's motion for leave to amend to add a claim for intentional infliction of emotional distress is **DENIED WITHOUT PREJUDICE** as to defendants Cardella, Papp, Rhalston, Ryder, Samsel, Shepard, Shorey, Willhite, and Wilson.

(17) Count XIV, directed to defendants Burchett, Centric, Fritz, Gedney, Hogan, Hubbard, M. Johnson, Konrad, Lamb, Moe, Dr. Carla Marikami, Dr. Ray Rickard, Roe, Schober, Scott, Shorey, Toe, Topp, Usuell, Voe, Willhite, Xoe, and Zoe:

(a) Plaintiff's motion for leave to amend to add claims for violation of his right to substantive due process under the Fourteenth Amendment, retaliation under the First Amendment, and violation of his right to privacy under the Fourth Amendment shall **PROCEED**.

(18) Count XV, directed to defendants Burchett, Centric, Fritz, Gedney, Hogan, Hubbard, M.

Johnson, Konrad, Lamb, Moe, Dr. Carla Marikami, Dr. Ray Rickard, Roe, Schober, Scott, Shorey, Toe, Topp, Usuell, Voe, Willhite, Xoe, and Zoe:

(a) Plaintiff's motion for leave to amend to add a claim for violation of his right to procedural due process under the Fourteenth Amendment shall **PROCEED**.

(19) Count XVII, directed to defendants Burchett, Centric, Fritz, Gedney, Hogan, Hubbard, M. Johnson, Konrad, Lamb, Moe, Dr. Carla Marikami, Dr. Ray Rickard, Roe, Schober, Scott, Shorey, Toe, Topp, Usuell, Voe, Willhite, Xoe, and Zoe:

(a) Plaintiff's motion for leave to amend to add a claim that his Eighth Amendment rights were violated because these defendants were allegedly deliberately indifferent to a serious risk to his safety shall **PROCEED**.

(20) Count XVIII, directed to defendants Cox, Fletcher, Helling, Morrow, Palmer, Shreckengost, Suwe, and Walsh:

(a) Plaintiff's motion for leave to amend to add a claim for supervisory liability against Cox, Helling, Palmer, Shreckengost, Suwe, and Walsh based on the conduct alleged in Counts XIV, XV, and XVII, shall **PROCEED**;

(b) Plaintiff's motion for leave to amend to add a claim for supervisory liability against grievance responders Fletcher and Morrow is **DENIED WITH PREJUDICE**.

(21) Count XIX, directed to defendants Burchett, Centric, Cox, Fritz, Gedney, Helling, Hogan, Hubbard, M. Johnson, Konrad, Lamb, Moe, Dr. Carla Marikami, Palmer, Dr. Ray Rickard, Roe, Schober, Scott, Shorey, Shreckengost, Suwe, Toe, Topp, Usuell, Voe, Walsh, Willhite, Xoe, and Zoe:

(a) Plaintiff's motion for leave to amend to add a claim that these defendants violated Nevada Revised Statute 209.371 and unidentified NDOC Administrative Regulations and Medical Directives is **DENIED WITHOUT PREJUDICE**.

(22) Count XX, directed to defendants Burchett, Cox, Fritz, Gedney, Helling, Hogan, Lamb, Moe, Palmer, Schober, Scott, Shorey, Shreckengost, Suwe, Topp, Voe, Walsh, Willhite, Woe, Xoe, and Zoe:

(a) Plaintiff's motion for leave to amend to add a claim for intentional infliction of emotional distress based on the conduct alleged in Counts XIV, XV, and XVII is **DENIED WITHOUT PREJUDICE**.

(23) Plaintiff is given **thirty days** from the date of entry of this order to file a second amended complaint if he believes he can correct the noted deficiencies. Plaintiff only has leave to amend to correct the deficiencies set forth herein. The second amended complaint must be a complete document in and of itself, and will supersede the Amended Complaint in its entirety. It must include, in identical fashion, the claims that the court has allowed to proceed. Any allegations, parties, or requests for relief from prior pleadings that are not carried forward in the second amended complaint will no longer be before the court.

Plaintiff should clearly title the second amended complaint as such by placing the words "SECOND AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and Plaintiff shall place the case number, **3:12-cv-00401-LRH-WGC**, above the words "SECOND AMENDED" in the space for "Case No."

The Clerk shall **SEND** to Plaintiff a blank section 1983 civil rights complaint form with instructions along with one copy of the original Complaint and one copy of the Amended Complaint.

IT IS SO ORDERED.

DATED this 18th day of September, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE