1

2

3

4

5

6                           **UNITED STATES DISTRICT COURT**

7                                **DISTRICT OF NEVADA**

8

9   KEVIN FERNANDEZ,                    )              3:12-cv-00401-LRH-WGC
                                        )
10             Plaintiff,               )              **ORDER**
                                        )
11        vs.                           )      re: Plaintiff's Motion for Court to Order
                                        )      Defendants to Produce a Martinez Report
12  DR. CENTRIC, et al.,                )          Pursuant to FRCP 16 (Doc. # 167)
                                        )
13             Defendants.              )
    _____)

14

15        Before the court is Plaintiff's Motion for the court to order Defendants to produce a Martinez

16  report pursuant to FRCP 16. (Doc. # 167.) Defendants have opposed the motion (Doc. # 199) and

17  Plaintiff has replied (Doc. # 200). Based upon the current posture of this case, the court finds it is

18  premature to consider whether Defendants should be required to file a Martinez-type report in the

19  pending action. Plaintiff's motion is denied without prejudice.

20                                    **ANALYSIS**

21        Citing *In re Arizona*, 528 F.3d 652 (9th Cir. 2008), Plaintiff states that "a Martinez report is a

22  detailed pretrial report prepared by governmental defendants of the events alleged by the pro se litigant."

23  (Doc. # 167 at 1-2.) In Plaintiff's reply memorandum, Plaintiff states his "request encompasses all claims

24  in the complaint and the proposed amended complaint" and that the Martinez report should address all

25  those subjects. (Doc. # 210.)

26        Defendants argue that Plaintiff's motion is premature.  Defendants note Plaintiff's motion "...is

27  not limited to a report referencing matters related to those claims which are before the court (Doc. #3,

28  #4), but rather the requested report would incorporate Plaintiff's various claims that have not been

1  allowed to be added in this case (#72, #72-1, #142, #116). (#167 at 2, 4)." (Defendants' opposition, Doc.

2  #199 at 2.)

3      The Defendants are correct. At present, it is not entirely clear exactly what claims will be litigated

4  in this matter. As observed on above, Plaintiff contends the Martinez report should not only include

5  allegations which are the subject of the original complaint but the proposed amended complaint as well.

6  (Doc. # 210 at 1-2.)  The major problem with this position is that certain of the claims for relief Plaintiff

7  proposed in his amended complaint (Doc # 72, # 86) were *not* allowed to proceed as they were not found

8  to have stated a viable civil rights claim. (Doc. # 116,  # 217.) Certain other claims were also found to

9  be deficient but Plaintiff was granted leave to amend which, if Plaintiff elects to do so (as this court

10  suspects he will), must occur on or before October 18, 2013. If so, then the scope of the action would

11  change again.

12      Assuming Plaintiff does file an amended complaint, as Senior District Judge Larry R. Hicks has

13  allowed him to do (Doc. # 217 at 8), that document will have to be screened through another report and

14  recommendation.  It is likely that after screening either Plaintiff or Defendants will file an objection as

15  they are authorized to do under 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice.

16  Accordingly, as of this date, the parameters of Plaintiff's averments are undetermined and will likely be

17  unresolved with any specificity for months down the road. Thus, even if the court were to grant

18  Plaintiff's motion, it would be unclear what allegations, and on which Defendant's behalf, the Martinez

19  report (if ordered) should address.

20      It may very well be that at some point in time in the future, as Defendants acknowledge (Doc.

21  # 199 at 3), a Martinez-type report could be beneficial to the management of this case.  However, until

22  this court can ascertain exactly what claims are allowed to proceed as against which defendants, the

23  ordering of a Martinez report is premature. Therefore, the court denies Plaintiff's motion without

24  prejudice.

25      The court would caution the parties, however, that the findings in this order should not be taken

26  as a recognition that a Martinez report will indeed be ordered in this matter.  The Ninth Circuit in *In re*

27  *Arizona*, 528 F.3d 652, 656 (2007), stated that the purpose of such a report is that it might be "helpful

28  in identifying a constitutional challenge to an important, complicated correctional practice, particularly

one that may affect more than the inmate who has filed the 1983 action." (Citations omitted.)  In the instant matter, the various causes of action which were authorized to proceed in Doc. # 217 primarily if not exclusively pertain to complaints unique to the Plaintiff. (Doc. # 116, # 217).[1]

*In re Arizona* also stated the value of a Martinez report would be to "enable the trial court to make preliminary decisions on issues like jurisdiction." Jurisdiction is not an issue in this case. Alternatively, the Ninth Circuit indicated the value of a Martinez report would be that "early in the litigation" the court might "save time and effort" by either "dispos[ing] of frivolous cases" or that the report might enable the penal institution to address Plaintiff's complaints "informally." (*Id*.) With already over 200 filings appearing on the docket sheet during the some fourteen months this case has been pending, this case is well beyond such stages. Therefore, the court has some doubt whether a Martinez report would be beneficial to the management of this case, but this is an issue which the court need not address at this time.[2]

### CONCLUSION

As Defendants recognize, a Martinez report may very well be of some benefit or utility to this case at the appropriate stage and time of this case. (Doc. # 199 at 3-5.) But at the present time, where the precise causes of action are still to be determined, and the specific defendants still to be identified, Plaintiff's motion is premature. Plaintiff's motion (Doc. # 167) is therefore **<u>DENIED</u> without prejudice.**

**IT IS SO ORDERED.**

**DATED:  September 25, 2013.**

_William G. Cobb_
_____
**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff's motion discusses his contention a Martinez report would "assist the court in determining a complicated correctional practice, namely whether a system wide practice exists of protectionism, the practice of not videotaping/recording incidents that may lead to court action, and whether correctional officers are involved, to some extent, with inmate gang members." (Doc. # 167 at 4.) Plaintiff cites *In re Arizona* (at p. 656) as authority for this proposition. The court, however, does not read *In re Arizona* that expansively nor does the court believe Plaintiff's complaint or proposed amended complaint seek relief of this nature. In light of the character of Plaintiff's averments, most if not all of which are personal to Plaintiff, this rationale seems misplaced.

[2] While the Ninth Circuit in *Arizona* spoke to the potential benefits of a Martinez report "early in the litigation," this court recognizes that it is also possible a Martinez report could be beneficial at later stages of litigation as well – but only after the issues have been appropriately framed.