UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KEVIN FERNANDEZ, | ) | 3:12-cv-00401-LRH-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | re: Plaintiff's Motion to Compel |
| DR. CENTRIC, et al., | ) | Supplemental Interrogatory Responses |
| Defendants. | ) | Doc. # 226 |

Before the court is Plaintiff's motion to compel supplemental interrogatory responses. (Doc. # 226.) More specifically, Plaintiff references the following discovery which he asserts is at issue:

> On July 25, 2013, Defendants served their Responses to Schober's, Gedney's, Palmer's, Scott's and Cox's First Set of Interrogatories; Fritz's, Scott's and Cox's Second Set of Interrogatories; and Scott's Third set of Interrogatories. On August 6, 2013, Walsh Served her responses to the First Set of Interrogatories. See Def. Resp. to Mtn to Compel Production of Docs, (#159), Ex. F.

(*Id*., 226 at 1-2.)

While Plaintiff provides an Index of Exhibits (Doc. #226 at 14), Plaintiff has not attached the disputed discovery responses. Instead, Plaintiff references this court's Order (Doc. # 200) and the Minutes of Proceedings (Doc. # 201) for the proposition that "[d]efendants are to file these exhibits of Centric's responses in their response brief." (*Id*.) The court believes Plaintiff is mistaken. The court's limited exception to the Local Rule 26-7 requirement for submitting the text of the disputed discovery *only* pertained to the discovery which was the subject of Plaintiff's motion identified as Doc. # 121.

(Doc. # 200 at 4, fn. 3.)[1] The discovery referenced in Doc. # 121 pre-dates March 4, 2013. The discovery in the present motion (Doc. # 226), as best as the court can ascertain, does not pertain to the Doc. # 121 discovery motion. Therefore, Plaintiff's failure to attach the discovery voids Plaintiff's motion.

The court also questions whether Plaintiff's latest discovery motion (Doc. # 226) violates this court's stay of any additional discovery motions. (Doc. # 200 at 3-4.) While it is possible the instant motion relates to one of the other discovery motions which the court has allowed to proceed (i.e., Docs. ## 159, 160, 164 and 167) in its order of August 22, 2013 (Doc. # 200), it is impossible to discern any correlation, if any, between Plaintiff's multiple prior discovery motions and the pending matter. Thus, Plaintiff's current discovery motion is not authorized under this court's order of August 22, 2013.

Therefore, for all of the reasons stated above, Plaintiff's motion to compel supplemental interrogatory responses (Doc. # 226) is **DENIED.**

**IT IS SO ORDERED.**

DATED: October 1, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[1] In an ill-fated attempt to better organize and to attempt to be able to analyze Plaintiff's multiple motions to compel (and to minimize Plaintiff's NDOC copywork extensions), the court directed that in this case Plaintiff was allowed to deviate from Local Rule 26-7. Rather than requiring Plaintiff to submit the discovery documents with a motion to compel, the court directed "...that Defendants be responsible for attaching discovery responses to their pleadings." (Doc. # 157, Minutes, 5/21/13, at p. 4.) However, the court quickly found this process to be unworkable and rescinded its 5/21/13 ruling. The parties were directed, with respect to any discovery motions, to thereafter comply with Local Rule 26-7. (Doc. # 178 at 2.) Therefore, Plaintiff's current motion should have been accompanied with a submission of the disputed discovery.

This ruling would have also pertained to discovery motions filed during the time period of the LR 26-7 exemption (5/21/13 - 6/18/13), i.e., Docs. ## 159, 160, 164.