**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KEVIN FERNANDEZ,<br>Plaintiff,<br>vs.<br>DR. CENTRIC, et al.,<br>Defendants. | 3:12-cv-00401-LRH-WGC<br>**ORDER**<br>re Doc. ## 159, 160, 164 |

The court has scheduled a status conference in this case for October 22, 2013. (Doc. # 219.) In addition to topics already on the agenda for that hearing which the court has stated it would address, the court will endeavor to resolve Plaintiff's three remaining motions to compel (Docs. ## 159, 160, 164.) Doc. # 159 is a motion to compel relating to Plaintiff's requests for production to the Defendants, Doc. # 160 is a motion to compel further responses to Plaintiff's requests for production, and Doc. # 164 regards Plaintiff's motion to compel further responses to Plaintiff's fifth and sixth sets of requests for admissions to the Defendants.[1] However, in light of several recent orders entered in this matter, and due to the sheer volume of materials encompassed by Plaintiff's motions, Defendants' responses and Plaintiff's replies, as well as this order, the Court **VACATES** the October 22, 2013 status conference and will reschedule it at a later date.

**BACKGROUND**

At all relevant times, Plaintiff Kevin Fernandez was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl. (Doc. # 4) at 1.) The allegations giving rise to this

[1] Plaintiff's motions to compel were accompanied by motions for sanctions (Docs. ## 222, 161, 163), which were denied by this court in Doc, # 200 at 4, ¶ 6. A motion for sanctions for alleged spoliation of evidence (Doc. # 151) was denied by the court in Doc. # 221.

action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id.*) Plaintiff, a pro se litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) The defendants remaining after screening of the original Complaint are Dr. Ronald Centric, Greg Cox, Susan Fritz, Dr. Karen Gedney[2], David Konrad, Jack Palmer, Dr. John Scott, Elizabeth Walsh, and Robert Schober.[3] (Screening Order (Doc. # 3), Doc. # 4.) Plaintiff also named various doe defendants. (*Id.*)

Plaintiff's original Complaint asserts claims under the First, Eighth, and Fourteenth Amendments in connection with his placement in the Mental Health Unit (MHU) at NNCC, being labeled mentally ill, being subjected to treatment for mental illness through therapy, and the involuntary administration of anti-psychotic prescription drugs. (Doc. # 4.)

Plaintiff sought leave to amend his complaint, seeking to add thirty-four defendants whom he identified by name and another eighteen doe defendants. (Doc. ## 72, 86.) He also sought to assert numerous additional causes of action. This court entered its report and recommendation relative to Plaintiff's motions. (Doc. # 116.) Senior District Judge Larry R. Hicks conducted a *de novo* review of the relevant filings and adopted and accepted the Magistrate Judge's report and recommendation (with minor exceptions). (Doc. # 217.) Pursuant to Judge Hicks' order, the First Amended Complaint was filed. (Doc. # 218.) However, the averments in the first amended complaint are subject to the rulings , limitations and restrictions stated in Judge Hicks' Order. (Doc. #217 at 2-8.) Plaintiff was also provided until October 18, 2013, to file a second amended complaint if he believes he can correct the deficiencies of his amended complaint as were outlined by Judge Hicks. (*Id.,* at 8.)

Due to the multiple discovery motions Plaintiff generated, the voluminous materials which accompanied those motions, and the question as to which components of Plaintiff's discovery may still be relevant after this court's report and recommendation (Doc. # 116), this court on August 19, 2013, ordered a general stay of discovery in this case pending resolution of this court's report and recommendation to Senior District Judge Larry R. Hicks about the viability of Plaintiff's proposed first amended complaint . (Docs. # 200, 201.) This court further indicated that following Judge Hicks'

---

[2]Erroneously identified by Plaintiff in the Complaint as Dr. Gentney. (*See* Errata at Doc. # 93.)

[3]Erroneously identified by Plaintiff in the Complaint as Sergeant Chubert. (*See* Errata at Doc. # 92.)

disposition of the issues, a status conference would be conducted on the implementation of Judge Hicks' rulings. The conference is also intended to address resolution of discovery disputes which were still pending after the decisions made in this court's earlier order of August 19, 2013 (Doc. # 200 at 4.)

On September 23, 2013, this court set the status conference for October 22, 2013. (Doc. # 219.) However, as noted above, among other reasons, because of the submissions by the parties which will be required by this order, the October 22, 2013 status conference is vacated and will be rescheduled.

**DISCUSSION**

The court will now turn to a review of what are the last three discovery motions pending in this case and will attempt to clarify what remaining issues the court perceives still exist with respect to two of Plaintiff's motions (Doc. # 159 and # 160) and will dispose of a third (Doc. # 164).

**I. Doc. # 159: Motion to Compel Production of Documents**

Plaintiff states this motion pertains to Defendants' responses to his sixth, seventh, eighth and ninth requests for production of documents. Because of this court's direction of 5/21/13 that Plaintiff was exempted from the requirements of Local Rule 26-7(a) – which provides that the text of the disputed discovery must accompany any discovery motion (Doc. # 157 at 5) – Plaintiff did not submit the disputed discovery responses with his discovery motions.[4]

When responding to Plaintiff's motion, Defendants did attach the complete text of Plaintiff's Request for Production/Defendants' Responses, as follows:

Exhibit B – Plaintiff's Sixth Request for Production of Documents (Doc. # 192-2);

Exhibit C – Plaintiff's Seventh Request for Production of Documents (Doc. # 192-3);

Exhibit D – Plaintiff's Eighth Request for Production of Documents (Doc. # 192-4); and,

Exhibit E – Plaintiff's Ninth Request for Production of Documents (Doc. # 192-5).

Each of these requests were responded to jointly by Defendants Cox, Centric, Fritz, Gedney, Konrad, Palmer, Scott, Walsh and Schober. Defendants' opposition states that these documents demonstrate that Defendants have responded to Plaintiff's discovery. (Doc. #192 at 2.)

Second, Defendants submit that the issues and disputes presented by Plaintiff's motion to compel

---

[4] The court later reversed the decision that Plaintiff would not have to comply with L.R. 26-7(a). (Doc. # 178 at 2.) All parties, including Plaintiff, must adhere to the requirements of Local Rule 26-7.

responses (Doc. # 159) are also the "exact same issues and arguments before the court in Documents # 124 and # 176." Doc. # 124 was a March 4, 2013, motion to compel production of documents and Doc. # 176 is Defendants' response, which Defendants state included 235 pages of exhibits and documents.

Defendants represent Plaintiff's discovery disputes revolved around "ten (10) major categories of alleged deficiencies." (Doc. # 192 at 2.) [Defendants suggest a matter relating to experts has also been addressed and resolved in preceding discovery filings. (Doc. # 176.)] As to the dispute over these "ten major categories of documents," the court notes that Plaintiff's motion (Doc. # 124) was addressed at the August 19, 2013 discovery status conference. Plaintiff's motion was granted in part and denied in part; therefore it appears to the court that most of these "ten areas" have been resolved. (Doc. # 200 at 5.) *See*, Minutes of the August 19, 2013 which hearing set forth the court's rulings on the categories of documents which were in dispute. (Doc # 201 at 2-5.)

Defendants thereafter filed a "supplement" to their earlier responses, docketed as Doc. # 216. Defendants contend their supplemental production satisfies their remaining discovery obligations as to the court's order as appearing in the minutes (Doc. # 201) relative to the discovery dispute raised in Plaintiff's motion lodged as Doc. # 124. As noted above, Defendants argue the same issues presented in Doc. # 159 were raised earlier in Doc. # 124. (Defendants' memoranda, Doc. # 192 and # 216.)

Plaintiff filed a reply to Defendants' opposition (Doc. # 207) and also submitted a supplemental reply (Doc. # 224) to Defendants' Supplement (Doc. # 216). Plaintiff's reply memorandum identifies eight subjects or topics of his requests for production which are supposedly still in dispute. However, Plaintiff's eight subjects (down from the ten the court addressed at the August status conference) are not correlated to the specific discovery requests and responses which generated the motions to compel. (Doc. ## 124, 159.) Although the court understood most if not all of the ten (or eight) areas of dispute were resolved by the court, Plaintiff is directed to file **on or before October 21, 2013**, a memorandum correlating the eight remaining subjects or topics to the discovery response(s) to which they pertain. Should defendants desire, they may file a reply statement **on or before October 30, 2013.** Defendants may also identify any of Plaintiff's discovery which Defendants believe is no longer relevant in view of the Order of Senior District Judge Larry R Hicks regarding Plaintiff's previous complaint and screening order, which pleadings would provide the parameters of current relevant discovery. (Doc. ## 3, 4.)

**II. Doc. # 160: Motion to Compel Discovery Responses (Interrogatories)**

As with Doc. # 159, this motion (Doc. # 160) was filed during the Local Rule 26-7 "exemption period" (Docs. ## 157, 178). Plaintiff was therefore not required to file the specific discovery responses to which his motion to compel pertained. The Plaintiff presumably anticipated Defendants would do so. However, Defendants in footnote 2 of their opposition (Doc. # 192) to Plaintiff's motion to compel state that the issues presented by Plaintiff's motion to compel (Doc. # 160) were resolved, "thus obviating the need for further briefing as to Motions # 160, #161 and #162 at this time" (Doc. # 192 at 2, fn. 2.) Therefore, no documents accompanied Defendants' filing and as noted above none were submitted by Plaintiff.

Plaintiff disagrees with Defendants' position that all of the discover issues raised by Plaintiff's motion (Doc. # 160) have been resolved. He states in his reply memorandum (Doc. # 208) that his motion to compel sought "supplemental responses in Walsh's and Fritz's responses to the First Set of Interrogatories." (Doc. # 208 at 1-2.) Plaintiff's reply attached as Exhibit A, Defendant Walsh's Response to Plaintiff's Interrogatories, and as Exhibit G, Defendant Fritz's Response to Plaintiff's Interrogatories. (Doc. # 208 at 7-18, and 29-38, respectively.)

The record is therefore unclear as to what discovery is still at issue by reason of Plaintiff's motion. (Doc. # 160.) In his underlying motion, Plaintiff references, but did not submit, various other discovery documents which were not addressed by his reply memorandum, including:

Exhibit C – "Second Request to Fritz, 3/20/13";

Exhibit D – "Third Request to Scott, 3/20/13";

Exhibit E – "Second Request to Cox, 3/20/13"; and,

Exhibit F – "Second Request to Walsh, 3/24/13."[5]

The court cannot discern whether is still a controversy to all of the exhibits referenced in the underlying motion (Exhibits C, D, E & F) or whether the dispute just pertains to the discovery submitted as Exhibit A (Walsh Response to Plaintiff's Interrogatories) and Exhibit G (Fritz Response to Plaintiff's Interrogatories). Plaintiff is therefore directed to identify, by **October 21, 2013,** what discovery

[5] The motion also referenced the discovery document referred to in the reply memorandum (Exhibit A (Walsh Interrogatories) and Exhibit G (Fritz Interrogatories).

responses are still at issue under this motion, to identify by specific interrogatory number of such discovery and to provide a concise explanation of the dispute pertaining to each such discovery item. Defendants may submit a reply memo, if desired, on or before **October 30, 2013.**

To avoid confusion in this matter, each submission Plaintiff files as to Doc. # 159 and # 160 shall be separate, distinct documents and shall identify the motion to which Plaintiff's filing pertains. Likewise, Defendants' responses to Plaintiff's submissions, if any, shall also be separate, distinct responses.

**III. Doc. # 164: Motion to Compel Responses to Requests for Admissions**

Plaintiff references various sets of Requests for Admissions he served on Defendants which he claims are at issue, including the following:

2/11/13 – Fifth Request for Admission

3/7/13 – Sixth Request for Admission

3/27/13 – Seventh Request for Admission

As to this discovery, it appears Plaintiff has received responses from Defendants but that he takes issues with the validity of certain of Defendants' responses and/or objections. Plaintiff does not set forth the specific request for admission nor Defendants' response thereto, nor as to each request for admission does he explicitly identify his objections to Defendants' responses. Instead, as to the requests to each Defendant, he identifies a category or subject of dispute, followed by reference to the corresponding request. (Doc. # 164 at 5, 6.)

In that regard, under the category regarding Defendants' response based on "Lack of Knowledge Responses and Exceeds Scope of Involvement Responses," Plaintiff references numerous request responses which apparently fall under this category – but without any specific discussion of why the particular offending response is inappropriate under Fed. R. Civ. P. 36. For example, as to two of Defendants' responses, Plaintiff states:

> For the Defendants' Response to the Fifth Request for Admissions, Defendant Cox's Response No. 10, 11, 12, 13, 19, 20-28; Centric's Response No. 2-9, 13, 15, 16, 19, 21-27. . . .

(*Id*., at 5.)

Plaintiff continues thereafter to just list the purportedly objectionable responses as to each

Defendant. The following is a tally of the number of requests which Plaintiff contends are at issue:

As to Plaintiff's **Fifth** Request for Admissions (consisting of 28 identical requests to each Defendant), Plaintiff identifies the following number of responses to which he has an objection:

:

| | |
|---|---|
| Defendant Cox: | approximately 14 requests |
| Defendant Scott: | approximately 23 requests |
| Defendant Gedney: | approximately 26 requests |
| Defendant Fritz: | approximately 21 requests |
| Defendant Palmer: | approximately 17 requests |
| Defendant Walsh: | approximately 16 requests |
| Defendant Konrad: | approximately 19 requests |

As to Plaintiff's **Sixth** Requests for Admissions (consisting of 72 individual requests), Plaintiff identifies the following number of responses to which he has an objection:

| | |
|---|---|
| Defendant Palmer: | approximately 23 requests |
| Defendant Gedney: | approximately 36 requests |
| Defendant Fritz: | approximately 21 requests |
| Defendant Cox: | approximately 35 requests |
| Defendant Scott: | approximately 33 requests |
| Defendant Schober: | approximately 57 requests |
| Defendant Walsh: | approximately 28 requests |
| Defendant Centric: | approximately 47 requests |
| Defendant Konrad: | approximately 44 requests |

Plaintiff has thereby lodged some 460 objections to the above fifth and sixth sets of requests for admission. However, these objections only pertain to Defendants responses which asserted a "lack of knowledge" or "exceeds the scope of involvement" responses. Plaintiff lists what appears to be an equal number of complaints about what he considers to be "evasive responses." (Doc. #164 at 7-8.) He also lists numerous more requests relating to his contention that the Defendants lodged objections which he characterizes as "evasive responses" or "objections to requests." (*Id*., at 9-11.) Thus, the total number of purportedly objectionable responses well exceeds the tally of the requests listed above.

Defendants opposed Plaintiff's motion, noting first that Plaintiff's arguments about any deficiencies as to Plaintiff's "set five" request for admissions have already been litigated under Doc. ## 133 and 177. (Doc. # 193 at 2-3.) The Defendants are correct, or at least partially correct. The subject of Plaintiff motion to compel (Doc. # 133) included Plaintiff's fifth requests for admissions to defendants. (*Id.,* at 3.) In that regard, Plaintiff's motion to compel regarding these (and multiple other sets of requests for admissions) was denied by the court at the August 19, 2013, hearing. (Doc. # 203.)[6]

As to sets six and seven, Defendants note each set was propounded as to all nine Defendants. The sixth set consisted of 72 identical requests and set seven contained 6 identical requests to each Defendant.[7] Defendants observed that when the sixth and seventh sets are aggregated with the prior five sets of requests for admissions, each Defendant was served a total of 287 requests for an approximate total of **2600±** requests. (Doc. # 193 at 2-3.)

Defendants' opposition to Plaintiff's motion to compel (Doc. # 193) attached copies of responses to Plaintiff's Sixth Request for Admission of Defendants Cox, Fritz, Gedney, Scott, Palmer and Schober as Exhibit B, and those of Defendants Centric, Konrad and Walsh as Exhibit C. Copies of Defendants' responses to Plaintiff's Seventh Request for Admissions of Defendants Konrad, Schober, Palmer, Gedney, Fritz, Walsh and Cox were submitted as Exhibit D, and those of Defendants Centric and Cox as Exhibit E. The Defendants' responses to Plaintiff's fifth set of requests were addressed in Doc. # 177.

Procedurally, Defendants contend the response deadlines were complicated and possibly delayed by the court's temporary stay order. (*Id.*, at 2-3.) Defendants represent, however, irrespective of any possible intervening delays, all sets of Plaintiff's multiple requests for admissions have been addressed and served. While there may have been certain timeliness issues as to Defendants' responses, because of Plaintiff's motions to amend, the report and recommendation on Plaintiff's motions and the Order adopting the report and recommendation (doc. ## 72,86, 116, 217), because the court anticipates Plaintiff

---

[6] As will be discussed *infra*, Plaintiff contends the court's ruling only disposed of one component of Plaintiff's objections, i.e., those requests where the Defendant was not personally involved in the subject of the request. Plaintiff contends the court must still rule on his objections that Defendants responses to numerous of his (Plaintiff's) requests were "evasive, boiler plate objections or unjustified objections." (Doc. # 209 at 1-7.)

[7] It is difficult to discern where the seventh set falls within the purview of Plaintiff's motion. It appears Plaintiff's motion (Doc. # 164) technically only pertained to the fifth and sixth sets, but the responses to the seventh set are discussed in Defendants' opposition (Doc. # 193) and Plaintiff's reply (Doc. # 209).

will file a second amended complaint, and because much of this case is under a "stay" order (Doc. ## 200, 201), the court finds there has been no prejudice to Plaintiff by reason of any delay of service.

Substantively, Defendants contend their aggregate of some 2600± responses to Plaintiff's requests are satisfactory and in compliance with the federal rules. However, rather than "re-hashing" the same arguments with respect to their responses to the sixth and seventh sets of requests for admissions, Defendants adopt the arguments they asserted in Doc. # 177 which addressed Plaintiff's motion to compel (Doc. # 133) as to Plaintiff's fifth request for admissions.

In Plaintiff's reply memorandum, and as noted above in footnote 6, Plaintiff argues not all of the issues he raised relative to his fifth set of requests for admissions have been disposed of. (Doc. # 209 at 1-2.) He acknowledges the court ruled Defendants did not have to respond to certain requests for admissions regarding subjects about which the Defendant was not personally involved. However, Plaintiff contends there are other subjects in his discovery dispute regarding the responses to the fifth set of requests for admissions. (*Id*., at 2.) *See also* footnote 6 above.

Accordingly, Plaintiff wants the court to undertake a "review [of] each admission and make a ruling on such request on an individual basis." (*Id.*; emphasis added.) As outlined above, that would require the court at the least to evaluate each of the 460 ± requests (just within his fifth and sixth sets of requests for admission) to which Plaintiff has lodged an objection. While it is possible the objections on lack of personal knowledge to the fifth set of requests have been resolved in part, that issue also seemingly exists as to the sixth set of requests, and possibly also to the Defendants' responses to Plaintiff's seventh set, which responses are technically not at issue under Doc. # 164 (which motion as noted above in footnote 7 was filed only as to the fifth and sixth sets).

However, for the court to examine each disputed request in just the fifth and sixth sets would require the court to address something in the neighborhood of a minimum of 460± individual requests. The court simply does not have the resources to deal with Plaintiff's voluminous requests.

Plaintiff's rationalization is that he "has not propounded any more requests than in any other litigation by represented plaintiff's" (sic). (Doc. # 209 at 2.) He posits that he "finds it hard to believe that a single pro se incarcerated litigant could stop the wheels of justice." (*Id.*) While Plaintiff may not have stopped the wheels of justice, there can be no dispute that Plaintiff's filings have caused an

inordinate and disproportionate amount of time to be allocated to Plaintiff's litigation. This is what prompted, in part, this court's order (Doc. #200) regarding the court becoming more active in case management regarding this matter, particularly with regard to discovery.[8]

The temptation is great to order Plaintiff to specifically identify each request for admission and each response thereto and to specify his contention which exists as to each such discovery request. However, Plaintiff's compliance with such an order would necessarily thereafter bog down the court even further with any attempt to resolve discovery disputes.

Instead, the court deems a better approach would be to undertake its own sampling of Plaintiff's discovery and evaluate in general the Defendants' discovery responses, as the court will next address.

**A. Legal Standard**

Rule 36(a)(1) of the Federal Rules of Civil Procedure provides:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
> (A) facts, the application of law to fact, or opinions about either; and
>
> (B) the genuineness of any described documents.

The Ninth Circuit has recognized that requests for admissions "are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case and, second, to narrow the issues by eliminating those that can be." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). Rule 36(a) "seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice." *Id.* The goal of requests for admissions is to "eliminate from the trial matters as to which there is no genuine dispute." *People of the State of California v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. CA. 1955). For this reason, "requests for admissions are not principally discovery devices." *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, § 2252 at 524-525). ("Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely

---

[8] Since the inception of this case on July 30, 2012, Plaintiff has filed 15± discovery motions, the court has held 3 discovery hearings in this matter, and the court has issued several other orders on Plaintiff's discovery motions. This case was filed on July 20, 2012, and in the some 14-15 months this case has been open, there are already approximately 230 documents docketed with the clerk.

wishes its opponent to concede their genuineness. A party who desires to discovery what the facts are should resort to other discovery rules rather than Rule 36." ).

The court is mindful of the Ninth Circuit's decision in *Asea, Inc. v. So. Pac. Trans. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981), cited by Plaintiff at Doc. # 209 at 2. However, the trial court in that case, and eventually the Ninth Circuit, was dealing with disputed responses to 18 requests for admissions, unlike the several hundred before the court in the present motion.

Because it is nearly impossible to review each and every one of the disputed requests for admissions, the court will instead undertake a sampling of certain of the Defendants' responses to Plaintiff's requests for admissions to evaluate whether grounds exist to order further responses by the Defendant parties.

**B. Review of Selected Discovery Responses**

The court has selected a sampling from Plaintiff's fifth set of requests for admissions (which consists of 28 identical questions to each Defendant) and has identified two or three exemplar responses from Defendants Walsh's and Scott's responses. Next, the court selected a sampling as to Plaintiff's sixth set of requests for admission (as with the fifth set, the sixth set containing 72 requests was served on each of the Defendants), choosing Defendants Gedney and Centric and their responses. In each sampling, the extracted responses were chosen from those requests as to which Plaintiff stated a discovery dispute remained. (Doc. # 164 at 5-6.) These exemplar responses provide an overview and are representative of Plaintiff's disputed requests:

**(1)** Defendant Walsh's Response to Plaintiff's Request for Admissions [Set Five]:

**REQUEST FOR ADMISSION NO. 15:**

Admit that one of the reasons for the creation of AR 643, AR 653, OP 729, MD 305 and MD 318 was to assist in the proper identification of mentally ill persons.

**RESPONSE TO ADMISSION NO. 15:**

I cannot admit or deny. After a reasonable inquiry, this request exceeds the scope of my involvement in this matter, and I do not have personal knowledge sufficient to respond further.

**REQUEST FOR ADMISSION NO. 24:**

Admit that Plaintiff was not mentally ill on January 02, 2012.

**RESPONSE TO ADMISSION NO. 24:**

I cannot admit or deny. After a reasonable inquiry, this request exceeds the scope of my involvement in this matter, and I do not have personal knowledge sufficient to respond further.

* * *

**(2)** Defendant Scott's Response to Plaintiff's Request for Admissions [Set Five]:

**REQUEST FOR ADMISSION NO. 5:**

Admit that during January 2, 2012, through January 5, 2012, Plaintiff was video recorded in cell 8B-17A in the MHU NNCC.

**RESPONSE TO ADMISSION NO. 5:**

I cannot admit or deny. After a reasonable inquiry, this request exceeds the scope of my involvement in this matter, and I do not have personal knowledge sufficient to respond further.

**REQUEST FOR ADMISSION NO. 6:**

Admit that during the period from September 14, 2011 through January 17, 2012, the Plaintiff's outgoing telephone calls were monitored and/or recorded at some point.

**RESPONSE TO ADMISSION NO. 6:**

I cannot admit or deny. After a reasonable inquiry, this request exceeds the scope of my involvement in this matter, and I do not have personal knowledge sufficient to respond further.

**REQUEST FOR ADMISSION NO. 25:**

Admit there is no record of any person investigating any of the facts described in Admission No. 22 and 23 during the period from January 2, 2012 through January 17, 2012.

**RESPONSE TO ADMISSION NO. 25:**

I cannot admit or deny. After a reasonable inquiry, this request exceeds the scope of my involvement in this matter, and I do not have personal knowledge sufficient to respond further.

* * *

**(3)** Defendant Gedney's Response to Plaintiff's Request for Admissions [Set Six]:

**REQUEST FOR ADMISSION NO. 13:**

Admit that the video/digital camera located in the cell referenced in Request No. 12 was in good working order in January 2012.

/ / /

**RESPONSE TO ADMISSION NO. 13:**

Objection, asked and answered. See Response to Plaintiff's Request for Admissions, set three, No. 14.

Notwithstanding these objections and without waiving them, I cannot admit or deny. After reasonable inquiry, this request exceeds the scope of my involvement in this matter, and I do not have personal knowledge sufficient to respond further and therefore deny.

**REQUEST FOR ADMISSION NO. 27:**

Admit that no document exists in Plaintiff's I file nor mental health/medical file that states Plaintiff received prior written notice of the fact a hearing would be held to determine if Plaintiff would be involuntarily admitted into the MHU at NNCC on January 05, 2012 and has Plaintiff's signature on it designating he did receive it.

**RESPONSE TO ADMISSION NO. 13:**

Admit only that in my own review and reasonable inquiry into Plaintiff's referenced records, I did not find a document that would meet all the specifications identified in this request.

* * *

**(4)** Defendant Centric's Response to Plaintiff's Request for Admissions [Set Six]:

**REQUEST FOR ADMISSION NO. 2:**

Admit that from January 02, 2012 through January 17, 2012, for the purpose of 42 USC § 1983, you were a person.

**RESPONSE TO ADMISSION NO. 2:**

Admit only that I am a person.

**REQUEST FOR ADMISSION NO. 15:**

Admit that staff at NNCC Unit 8B had the capacity to video/digital record an inmate's movement in Cell 8B 17A in January, 2012.

**RESPONSE TO ADMISSION NO. 15:**

I cannot admit or deny. After a reasonable inquiry, this request exceeds the scope of my involvement in this matter, and I do not have personal knowledge sufficient to respond further and therefore deny.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Plaintiff was discharged from the MHU at NNCC on or about January 13, 2012 because he was not mentally ill and was not in need of inpatient mental health treatment.

/ / /

**RESPONSE TO ADMISSION NO. 25:**

Admit only that Plaintiff was discharged from the MHU at NNCC on or about January 13, 2012 because placement in the MHU was deemed at that time to no longer be necessary.

* * *

The conclusion the court draws from this sampling is twofold. First, the requests Plaintiff submitted do not further the goal of Rule 36 to eliminate from trial matters as to which there is no "genuine dispute." *The Jules Fribourg*, *supra*, at 436. Most if not all of the subject matter of Plaintiff's discovery is probably one about which there is indeed genuine dispute (except for maybe whether a Defendant is or is not a "person"). Secondly, requests for admissions are not "discovery devices" (*Safeco*, *supra*), which is how Plaintiff has attempted to utilize them.[9]

Accordingly, Plaintiff's motion to compel (Doc. # 164) is **DENIED.** To the extent there are any issues remaining as to an earlier motion to compel relating to Plaintiff's Fifth Set of Requests (Doc. # 133), that motion is **DENIED** as well.

IT IS THEREFORE ORDERED as follows:

1. The status conference scheduled for October 22, 2013 is **VACATED**, to be rescheduled at a later date.

2. As to Plaintiff's Motion to Compel Production of Documents (Doc. # 159), Plaintiff shall file **on or before October 21, 2013**, a memorandum correlating the subjects or topics to the discovery response(s) to which they pertain. Should defendants desire, they may file a reply statement **October 30, 2013.** Defendants may also identify any of Plaintiff's discovery which Defendants believe is no longer relevant in view of the Order of Senior District Judge Larry R Hicks regarding Plaintiff's prior complaint, which pleading would provide the parameters of current relevant discovery. (Doc. ## 3, 4.)

3. As to Plaintiff's Motion to Compel Discovery Responses (Doc. # 160), Plaintiff shall identify, by **October 21, 2013,** what discovery responses are still at issue under this motion, to identify by specific interrogatory number of such discovery and to provide a concise explanation of the dispute

---

[9] The court does recognize that Plaintiff's Seventh Set of Requests for Admissions (Exhibit D, Doc. # 193-4, pp. 1-36) actually reflects the appropriate use of such requests. These requests seek admission of genuineness of documents, that certain documents are "true copies," that certain other documents are public records, etc. (*Id.*) This type of discovery is the appropriate use of the Rule 36 request for admission mechanism.

pertaining to each such discovery item. Defendants may submit a reply memorandum, if desired on or before **October 30, 2013.**

4. Each submission Plaintiff files as to Doc. # 159 and # 160 shall be separate, distinct documents and shall identify the motion to which it pertains. Likewise, Defendants' responses to Plaintiff's submissions shall also be separate, distinct responses.

5. Plaintiff's motion to compel (Doc. # 164) is **DENIED.** To the extent there are any issues remaining as to an earlier motion to compel relating to Plaintiff's Fifth Set of Requests (Doc. # 133), that motion is **DENIED** as well.

**IT IS SO ORDERED.**

DATED: October 4, 2013.

WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE