UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| KEVIN FERNANDEZ, | ) | 3:12-cv-00401-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | November 8, 2013 |
| | ) | |
| DR. CENTRIC, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden     REPORTER:              FTR

COUNSEL FOR PLAINTIFF(S):  Kevin Fernandez, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANT(S):  Nathan L. Hastings (Telephonically)

**MINUTES OF PROCEEDINGS: Status Conference**

9:38 a.m. Court convenes.

The court holds today's hearing for discussion regarding discovery matters subject to Plaintiff's "Motion to Compel Production of Documents and Things" (Doc. # 159) and Plaintiff's "Motion to Compel, Motion for Sanctions, and Motion to Exceed Number of Interrogatories Nunc Pro Tunc as it Relates to Interrogatories" (Doc # 160).  The court notes that court order Doc. # 230 allowed Plaintiff the opportunity to supplement his arguments to his discovery requests.  Plaintiff did so and filed two separate memorandums on October 21, 2013 (Doc. ## 234 and 235).  Defendants were also provided the option to respond to any supplemental memoranda.  Defendants did not file any supplemental memoranda; however Defendants counsel Mr. Hastings states he is prepared to respond to Plaintiff's supplemental pleadings orally.

The court first addresses Plaintiff's "Memorandum Correlating the Subjects of Discovery Disputes to Plaintiff's Motion to Compel Production of Documents #159" (Doc. # 234). Referring to Doc. # 234, the court orders the following:

**I.     Psych Panel Records/Mental Health Records**

MINUTES OF PROCEEDINGS
3:12-cv-00401-RCJ-WGC
Date: November 8, 2013
Page 2

    A.    **The following responses correlate to Psycho Panel Records:**

        – Defendants' Response to Seventh Request for Production of Documents (Doc. # 192-3), Ex. C, Response No. 2 (Plaintiff advises the court that he inadvertently identified the wrong response number, Response No. 2 should be Response No. 3.);

    B.    **The following responses correlate to Mental Health Records:**

        – Defendants' Responses to Eighth Request for Production of Documents (Doc. # 192-4) Ex. D, Response No. 7 and No. 8;

    C.    **The following responses correlate to Medical Records:**

        – Defendants' Response to Eighth Request for Production of Documents (Doc. # 192-4), Ex. D, Response No. 7 and No. 8; **and**

        – Defendants' Response to Ninth Request for Production of Documents (Doc. # 192-5), Ex. E, Response No. 2.

**Court Order as to A, B and C: Granted, objections overruled.** Plaintiff shall be afforded an additional eight (8) hours total to review his medical and mental health records. Plaintiff should be provided the opportunity to take notes while he is reviewing his medical and mental health records.

II.    **I-File**

    A.    **The following responses correlate to I-File Records:**

        – Defendants' Response to Sixth Request for Production of Document (Doc. # 192-2), Ex. B, Response No. 4.

**Court Order: Granted, objection overruled.** Plaintiff shall be afforded an additional four (4) hours to review his complete I-File.

III.    **Investigative Documents Concerning Plaintiff**

    A.    **The following responses correlate to Investigative Documents:**

MINUTES OF PROCEEDINGS
3:12-cv-00401-RCJ-WGC
Date: November 8, 2013
Page 3

    –    Defendants' Responses to Seventh Request for Production of Documents (Doc. # 192-3), Ex. C, Response No. 10, No. 11, No. 12, No. 15, No. 16; **and**

    –    Defendants' Response to Ninth Request for Production of Documents (Doc. # 192-5), Ex. E, Response No. 4.

**Court Order: Response sufficient, objection sustained.**

IV. **Investigative Documents Concerning NDOC Staff and Personnel Files**

    A. **The following responses correlate to Investigative Documents concerning NDOC Staff and Personnel Files:**

        –    Defendants' Responses to Seventh Request for Production of Documents (Doc. # 192-3), Ex. C, Responses No. 4, No. 5, No. 6, No. 13, No. 14, No. 21, and No. 24.

**Court Order as to:** Request No. 4 - **Response sufficient, objection sustained.**

        Request No. 5 - **Response sufficient, objection sustained.**

        Request No. 6 - **Response sufficient, objection sustained.**

        Request No. 13 - **Response sufficient, objection sustained.**

        Request No. 21 - **Response sufficient, objection sustained.**

        Request No. 24 - **Response sufficient, objection sustained.**

    –    Defendants' Responses to Eighth Request for Production of Documents (Doc. # 192-4), Ex D., Responses No. 10, No. 11, and No. 12.

**Court Order as to:** Request No. 10 - **Response sufficient, objection sustained.**

        Request No. 11 - **Response sufficient, objection sustained.**

        Request No. 12 - **Response sufficient, objection sustained.**

MINUTES OF PROCEEDINGS
3:12-cv-00401-RCJ-WGC
Date: November 8, 2013
Page 4

**V.**      **Video Recordings**

    **A.**      **The following responses correlate to Video Recordings:**

        –      Defendants' Responses to Sixth Request for Production of Documents (Doc. # 192-2), Ex. B, Response No. 1, No. 3, and No. 8.

    **Court Order as to:**   Request No. 1 -  **Response sufficient, objection sustained.**

    Request No. 3 -  **Response sufficient, objection sustained.**

    Request No. 8 -  **Response sufficient, objection sustained.**

        –      Defendants' Responses to Seventh Request for Production of Documents (Doc. # 192-3), Ex. C, Response No. 16.

    **Court Order as to:**   Request No. 16 -  **Response sufficient, objection sustained.**
    Although video may have existed, Defendants continue to state there are no responsive documents to this request.

**VI.**      **Policies and Procedures**

    **A.**      **The following responses correlate to Policies and Procedures:**

        –      Defendants' Responses to Eighth Request for Production of Documents (Doc. # 192-4), Ex. D, Response No. 1, No, 2, and No. 3; **and**

        –      Defendants' Responses to Ninth Request for Production of Documents (Doc. #192-5), Ex. E, Response No. 3.

**Court Order:  Granted, objections overruled.**  Defendants are directed to supplement their responses.  To the extent there are documents that would otherwise be responsive to Request for Production of Documents No. 1, No. 2, and No. 3 of Plaintiff's Eighth Request for Production of Documents and responsive to Request for No. 3 of Plaintiff's Ninth Request for Production of Documents, Defendants shall submit such documents ***in camera***.  A notice of filing *in camera* documents shall be filed subsequent to the *in camera* submission so Plaintiff is advised of Defendants' communication with the court.  If no documents are responsive to these requests for production, Defendants shall supplement their responses in writing to apprise the court of such information.

MINUTES OF PROCEEDINGS
3:12-cv-00401-RCJ-WGC
Date: November 8, 2013
Page 5

**VII.   Plaintiff's Family Statements**

    **No issues remain outstanding regarding this topic.**

**VIII.  Experts Review of Documents**

    **A.   The following responses correlate to Experts Review of Documents:**

        –   Defendants' Response to Seventh Request for Production of Documents (Doc. # 192-3), Ex. C, Response No. 7.

    **Court Order:  Denied.**

The court recesses today's hearing and schedules a further status conference to address Plaintiff's "Memorandum Correlating the Subjects of Discovery Disputes re Plaintiff's # 160 Motion to Compel (Doc. # 235).  Defendants are to file a response to Plaintiff's Doc. # 235 by **Friday, November 22, 2013**.  Plaintiff shall have any reply to Defendants' response by **Monday, December 2, 2013**.  The court will hold a hearing on **Wednesday, December 11, 2013, at 9:30 a.m.**, to address Doc. # 160, Doc. # 235 and any subsequent documents relating to Doc. # 235.

**IT IS SO ORDERED.**

11:25 a.m. Court adjourns.

                                                LANCE S. WILSON, CLERK

                                                By:  _____/s/_____
                                                    Katie Lynn Ogden, Deputy Clerk