UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN FERNANDEZ,                    )   3:12-cv-00401-LRH-WGC
                                    )
       Plaintiff,                   )   **ORDER**
                                    )
  vs.                               )   re Plaintiff's Motion for Magistrate Judge to
                                    )   Reconsider Order #227
DR. CENTRIC, et al.,                )   (Doc. # 238)
                                    )
       Defendants.                  )
_____ )

      Before the court is Plaintiff's Motion for Magistrate to Reconsider his Order #227. (Doc. # 238.)[1] In this motion, the Plaintiff objects to the court's order (Doc. # 227) which denied Plaintiff's motion to compel supplemental interrogatory responses (Doc. # 226). The court's rationale in denying Plaintiff's motion was that Plaintiff's failure to attach the disputed discovery, as required by Local Rule 26-7, disqualified his latest discovery motion. The court noted that while, for a certain period of time, Plaintiff's discovery motions were exempted from the requirements of Local Rule 26-7, any discovery motion filed after June 18, 2013, would have to comply with Local Rule 26-7. (Doc. # 227 at 2, n.1; Doc. # 178 at 2.) Because the court found "[t]he discovery in the present motion (Doc. # 226), <u>as best as the court can ascertain</u>, does not pertain to the Doc. # 121 discovery motion," Plaintiff's motion to compel was denied. (Doc. # 227; emphasis added.)

      In the motion before the court (Doc. # 238), the Plaintiff explains that the motion to compel found in Doc. # 226 actually relates to two prior motions to compel further answers to interrogatories, i.e., Docs. ## 160 and 121. To explain the tortuous history of this discovery dispute, the plaintiff referenced numerous prior motions, minutes and orders to explain to the court how # 226 arose from # 121 and # 160, including a discussion of Docs. ## 121, 157, 176, 178, 200 and 201. Had Plaintiff

---

[1] Refers to court's docket number.

undertaken the effort to explain the complicated history of these multiple discovery motions to the court in the latest of his discovery motions (Doc. # 226), any confusion surrounding # 226 (and ## 160, 121) would probably not have arisen.

Because Doc. # 121 was filed during the time period when Plaintiff did not have to include the disputed discovery with a motion to compel, and because Plaintiff's motion to compel (Doc. # 160), which was based on Doc. # 121, was allowed to proceed (see Docs. ## 200, 201), it now appears to the court that Plaintiff's motion to compel (Doc. # 226) should not have been denied on the grounds Plaintiff failed to attach the disputed discovery because, unexplained to the court, it was related to prior "exempt" discovery.

Nevertheless, it further appears to the court that Plaintiff's motion to compel (Doc. # 226) is unnecessary, except to the extent it purports to identify the discovery which was the subject of Doc. #121 is still in dispute. The court has already scheduled a hearing on the motions underlying Doc. # 226, i.e., Docs. ## 121 and 160. The court will attempt to summarize the complex history of these two discovery motions.

In Docs. ## 200 and 201, the court allowed Plaintiff to renew his objections to adequacy of Defendants' interrogatory responses, but only as to whether the responses satisfied Fed. R. Civ. P. 33. (Doc # 200 at 3, 4.) The parties were first required to meet and confer to attempt to resolve their discovery disputes. If that was unsuccessful, Defendants were to file an appendix of the disputed discovery responses, after which Plaintiff was allowed to file a motion to compel as to the remaining subjects. (*Id*.)

Defendants, however, did not file an appendix. The next filing relevant to Docs. ## 160 and 121 was the Defendants' response (Doc. # 192) to Plaintiff's motion to compel production of documents (Doc. # 159). In footnote 2 of that response, Defendants stated that they have responded to Plaintiff's interrogatories, "thus obviating the need for further briefing as to motions # 160, # 161 and #162 at this time." (Doc. # 192 at 2, n.2.) In apparent response to the request for an appendix of discovery documents, Defendants also submitted as Exhibit F to Doc. # 192 (#192-6) certain Defendant's answers to interrogatories, as follows:

/ / /

    (1) Defendant Cox's Response to Plaintiff's Interrogatories (Set One)

    (2) Defendant Cox's Response to Plaintiff's Interrogatories (Set Two)

    (3) Defendant Gedney's Response to Plaintiff's Interrogatories (Set One)

    (4) Defendant Palmer's Response to Plaintiff's Interrogatories (Set One)

    (5) Defendant Scott's Response to Plaintiff's Interrogatories (Set One)

    (6) Defendant Scott's Response to Plaintiff's Interrogatories (Set Two)

    (7) Defendant Scott's Response to Plaintiff's Interrogatories (Set Three)

    (8) Defendant Fritz's Response to Plaintiff's Interrogatories (Set Two)

    (9) Defendant Schober's Response to Plaintiff's Interrogatories (Set One)

Plaintiff disagreed with Defendants' characterization that the discovery dispute regarding his interrogatories to Defendants was resolved. In Doc. # 208, Plaintiff further argued Defendants "consented" to a grant of his motion to compel.

  The court discussed the nature of Plaintiff's continuing argument in its order of October 4, 2013 (Doc. # 230):

> Plaintiff disagrees with Defendants' position that all of the discovery issues raised by Plaintiff's motion (Doc. # 160) have been resolved. He states in his reply memorandum (Doc. # 208) that his motion to compel sought "supplemental responses in Walsh's and Fritz's responses to the First Set of Interrogatories." (Doc. # 208 at 1-2.) Plaintiff's reply attached as Exhibit A, Defendant Walsh's Response to Plaintiff's Interrogatories, and as Exhibit G, Defendant Fritz's Response to Plaintiff's Interrogatories. (Doc. # 208 at 7-18, and 29-39, respectively.)

In addressing what the court believed comprised the subject of the ## 121/160 discovery dispute, the court concluded:

> The record is therefore unclear as to what discovery is still at issue by reason of Plaintiff's motion. (Doc. # 160.) In his underlying motion, Plaintiff references, but did not submit, various other discovery documents which were not addressed by his reply memorandum, including:
>
> Exhibit C – "Second Request to Fritz, 3/20/12";
> Exhibit D – "Third Request to Scott, 3/20/13";
> Exhibit E – "Second Request to Cox, 3/20/13"; and,
> Exhibit F – "Second Request to Walsh, 3/24/13."

///

///

The court next addressed its concern as to the extent of the discovery dispute:

> The court cannot discern whether is still a controversy to all of the exhibits referenced in the underlying motion (Exhibits C, D, E & F) or whether the dispute just pertains to the discovery submitted as Exhibit A (Walsh Response to Plaintiff's Interrogatories) and Exhibit G (Fritz Response to Plaintiff's Interrogatories). Plaintiff is therefore directed to identify by **October 21, 2013,** what discovery responses are still at issue under this motion, to identify by specific interrogatory number of such discovery and to provide a concise explanation of the dispute pertaining to each such discovery item. Defendants may submit a reply memo, if desired, on or before **October 30, 2013**.
>
> To avoid confusion in this matter, each submission Plaintiff files as to Doc. # 159 and #160 shall be separate, distinct documents and shall identify the motion to which Plaintiff's filing pertains. Likewise, Defendants' responses to Plaintiff's submissions, if any, shall also be separate, distinct responses.

(Doc. # 230 at 5, 6.)

A hearing on Plaintiff's motions to compel production of documents (# 159) and interrogatories (#160) was scheduled for November 8, 2013. Prior to the hearing, however, Plaintiff again filed a motion to order Defendants to produce an appendix of the disputed discovery documents. (Doc. # 232.) His list of the disputed discovery appears at pages 2-3, where Plaintiff lists some 14 separate sets of interrogatories which are supposedly in dispute. He requested the court to order the Defendants to produce an Appendix which would include the discovery he contends is at issue. (*Id*. at 3.)

In compliance with this court's order (Doc. # 230), on October 21, 2013, Plaintiff also filed his "Memorandum Correlating the Subjects of Discovery Disputes to Plaintiff's Motion to Compel Discovery Responses # 160." (Doc. # 235.) In this filing the Plaintiff identified those "discovery disputes remaining in this action as it relates to the motion to compel (160)." However, Plaintiff refers back to his motion to compel interrogatory responses, Doc. # 226, which the court denied in # 227. Nevertheless, in ¶ 4 of Doc. # 226, Plaintiff identifies certain areas of disputed answers to interrogatories which are before the court. However, it appears to the court that the description of the subject of discovery described in # 226 differs between Plaintiff's filings in Docs. ## 226 and 235.

As noted above, the court had scheduled a hearing on motions to compel #159 and #160 for November 8, 2013. However, because the discussion and resolution of # 159 took an unexpected lengthy period of time, argument on # 160 was rescheduled for December 11, 2013.

4

1       Defendants were also directed to file a response to Plaintiff's Memorandum Correlating the Subjects of Discovery (Doc. # 235) by Friday, November 22, 2013. Plaintiff was to reply by Monday, December 2, 2013. (Doc. # 236 at 5.) Defendants filed their response as Doc. # 241 and Plaintiff's reply appears as Doc. # 245.

      In Defendants' submission (Doc. # 241), counsel addressed various responses of Defendants Walsh and Fritz to which Plaintiff has raised objection. Also attached to Doc. # 241 were copies of Walsh's responses to Set One of Plaintiff's Interrogatories; Walsh's Responses to Set Two of Plaintiff's Interrogatories; and Fritz's Responses to Plaintiff's Interrogatories (Set One). (*Id.*)

      Thus, there seems to be a contradiction between Plaintiff and Defendants as to what discovery remains at issue. Compare Doc. # 226, pp. 3-4, 5, 8, 9, 10, 11 to Doc. # 241. The latter (Doc. # 241) identifies discovery relating to Defendants Walsh and Fritz, while the former (Doc. # 226), refers to discovery served upon Defendants Walsh, Fritz, Gedney, Palmer, Scott, Cox, Centric and Schober.

      But another filing of Plaintiff, Motion to Compel Defendants to file the Appendix of Disputed Discovery Documents (Doc. # 232), seemingly contradicts Plaintiff's "correlation" memorandum (Doc. # 235). In this motion, Plaintiff suggests that the answers to interrogatories of Defendants Schober, Gedney, Palmer, Scott, Cox and Fritz are still in dispute. (*Id.* at 2-3.)  And further compare this list of discovery with that appearing in Plaintiff's underlying motion to compel (Doc. # 160 at 10), which in turn is contradicted by the submission of the Defendants in Doc. # 192, more specifically, #192-6.

      In this court's Minute Order of November 14, 2013 (Doc. # 239), the court noted that the discovery documents in dispute under # 121 and # 160 are those submitted as Exhibit F with Doc. # 192 (Doc. # 192-6) and any additional documents to be submitted by Defendants.  As noted above, the Defendants submitted additional discovery documents for Defendants Walsh and Fritz with Doc. # 235.

**Conclusion**

      Therefore, as best as the court can ascertain, the "universe" of the discovery documents which the court will endeavor to address at the December 11, 2013 discovery conference are the following:

Exhibit F, Doc. # 192-6:

      (1) Defendant Cox's Response to Plaintiff's Interrogatories (Set One)

      (2) Defendant Cox's Response to Plaintiff's Interrogatories (Set Two)

1         (3) Defendant Gedney's Response to Plaintiff's Interrogatories (Set One)

2         (4) Defendant Palmer's Response to Plaintiff's Interrogatories (Set One)

3         (5) Defendant Scott's Response to Plaintiff's Interrogatories (Set One)

4         (6) Defendant Scott's Response to Plaintiff's Interrogatories (Set Two)

5         (7) Defendant Scott's Response to Plaintiff's Interrogatories (Set Three)

6         (8) Defendant Fritz's Response to Plaintiff's Interrogatories (Set Two)

7         (9) Defendant Schober's Response to Plaintiff's Interrogatories (Set One)

8     Exhibit A, Doc. # 241-1:

9         (10) Defendant Walsh's Response to Plaintiff's Interrogatories (Set One)

10         (11) Defendant Walsh's Response to Plaintiff's Interrogatories (Set Two)

11         (12) Defendant Fritz's Response to Plaintiff's Interrogatories (Set One)

12     The court further notes, however, in Plaintiff's reply (Doc # 245) to Defendants response (Doc.

13 # 235), Plaintiff identifies three additional sets of discovery which were apparently at issue in # 121 but

14 which may not have been submitted to the court:

15         Interrogatories to Defendant Centric (Set One)

16         Interrogatories to Defendant Centric (Set Two)

17         Interrogatories to Defendant Centric (Set Three)

18     Defendants are therefore directed to submit these discovery responses to the court before the

19 forthcoming hearing on Doc. # 160 scheduled for December 11, 2013.

20     While the court believes it has correctly identified the totality of the discovery responses at issue,

21 the court does not have the resources to go through hundreds of pages of discovery to address each and

22 every one of the questions and answers contained in some 15 sets of interrogatory responses. Therefore,

23 Plaintiff is directed to specifically identify by number which of the interrogatories identified above the

24 court will need to address.

25 / / /

26 / / /

27 / / /

28 / / /

Returning to the initial topic of this order, i.e., Plaintiff's motion for reconsideration (Doc. # 238), the underlying motion to compel (Doc. #226) relates to earlier motions to compel (Docs. ## 121 and 160). Another motion to compel will not resolve any discovery disputes which are not already being addressed. Plaintiff's motion for reconsideration (Doc. # 238) is therefore **DENIED.**

In view of the impending hearing on December 11, 2013, and the directive to Plaintiff at lines 22-24 of the preceding page, counsel for Defendants is requested to secure expedited delivery of a copy of this order to plaintiff by either fax or email to Ely State Prison.

**IT IS SO ORDERED.**

DATED:   December 5, 2013

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE