1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
7                               DISTRICT OF NEVADA
8                                    * * * * *
9    KEVIN FERNANDEZ,                    )
                                         )    3:12-cv-00401-LRH-WGC
10                     Plaintiff,        )
                                         )
11   v.                                  )    ORDER
                                         )
12   DR. CENTRIC, et al.,                )
                                         )
13                     Defendants.       )
                                         )
14   _____ )

15          Before the Court is Plaintiff Kevin Fernandez's ("Fernandez") Objection to the

16   Magistrate Judge's Order (Doc. #157 [1]) pursuant to Local Rule IB 3-1.  Doc. #174.  The

17   Magistrate Judge's Order operates as final determinations of pretrial matters under 28 U.S.C.

18   § 636(b)(1)(A) and Local Rule IB 1-3.  Accordingly, a district judge may reconsider the

19   Magistrate Judge's Order only if it is "clearly erroneous or contrary to law."  28 U.S.C.

20   § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR IB 3-1(a).  Having considered the parties' briefing and

21   the relevant filings on record, the Court concludes that the Magistrate Judge's Order is neither

22   clearly erroneous nor contrary to law.

23   **I.     Fernandez's Motion for Appointment of Expert Witness (Doc. #95)**

24          Fernandez's first objection concerns the Magistrate Judge's denial of his Motion for

25   Appointment of Expert Witness (Doc. #95).  Contrary to Fernandez's assertions, the Magistrate

26   Judge did not base his ruling on the absence of authority to appoint an expert on Fernandez's

27   behalf or on Fernandez's failure to designate a specific expert for the Court to appoint.  Rather,

28   _____

              [1] Refers to the Court's docket entry number.

1   the Magistrate Judge properly determined that an expert witness will not assist the trier of fact or

2   the Court in determining whether Defendants were deliberately indifferent to his serious medical

3   need.  Fernandez is mistaken as to the appropriate standard under which his Eighth Amendment

4   claim is to be evaluated.  He cites this Court's Screening Order in which the Court supposedly

5   recognized that the case concerned Defendants' deliberate indifference to "the substantial risk of

6   harm he faced when he was admitted to the MHU even though he was not mentally ill."  Doc. #3,

7   p. 10.  First, Fernandez quotes a portion of the Court's Screening Order which merely

8   summarizes his own allegations, not the Court's own findings.  Second, the distinction is

9   immaterial as the standards to which he refers are one and the same.  *See Gibson v. Cnty. of*

10  *Washoe, Nev.*, 290 F.3d 1175, 1188 (9th Cir. 2002) (explaining that "if a person is aware of a

11  substantial risk of serious harm, a person may be liable for neglecting a prisoner's serious

12  medical needs on the basis of either his action or his inaction") (citing *Farmer v. Brennan*, 511

13  U.S. 825, 842 (1994)).  Accordingly, the Court finds that the Magistrate Judge's ruling was not

14  contrary to law or clearly erroneous in this regard.

15      Additionally, the Court rejects Fernandez's contention that the Magistrate Judge's

16  determination that an expert witness would not assist the trier of fact or the Court in determining

17  whether Defendants were deliberately indifferent to his serious medical need was contrary to law

18  and clearly erroneous.  Indeed, an expert witness may testify to help the trier of fact determine the

19  evidence or a fact at issue.  Fed. R. Evid. 702.  Federal Rule of Evidence 706 allows the district

20  court on its own motion or on the motion of any party to enter an order to show cause why an

21  expert witness should not be appointed.  Fed. R. Evid. 706(a).  Appointment of an expert witness

22  may generally be appropriate when "scientific, technical, or other specialized knowledge *will*

23  *help the trier of fact* to understand the evidence or to determine a fact in issue[.]"  Fed. R. Evid.

24  702(a) (emphasis added).  However, "[e]xpert witnesses should not be appointed where they are

25  not necessary or not significantly useful for the trier of fact to comprehend a material issue in a

26  case." *Johnson v. Dunnahoe*, No. 1:08–cv–00640–LJO–DLB PC, 2013 WL 396009, at *2 (E.D.

27  Cal. Jan. 31, 2013) (citing *Gorton v. Todd*, 793 F. Supp. 2d 1171, 1181 (E.D. Cal. 2011)).  The

28  appointment of an unbiased expert is only appropriate if the expert's opinion would "promote

2

1    accurate fact finding." *Gorton*, 793 F. Supp. 2d at 1179.  Finally, the determination to appoint an

2    expert rests solely in the court's discretion and is to be informed by such factors as the

3    complexity of the matters to be determined and the court's need for a neutral, expert review.  *See*

4    *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997).

5            Here, the Court finds that the Magistrate Judge's determination that this is not a complex

6    case requiring the assistance of an expert was not contrary to law or clearly erroneous.  With

7    regard to the serious medical need prong of the inquiry, the Court agrees that an expert would not

8    be helpful in assessing whether Fernandez faced a risk of serious harm.  Specifically, the jury

9    would not have to consider complex questions regarding Fernandez's medical condition because

10   he claims that he was not in fact suffering from one at the time of the incident.  As to the

11   deliberate indifference component of the inquiry, the Court also agrees that "[e]xpert testimony is

12   not required to adequately evaluate evidence of Defendants' state of mind at the time of the

13   incident." *Ledford*, 105 F.3d at 359.  The inquiry is subjective and does not involved "probing,

14   complex questions concerning medical diagnosis and judgment."  *Id.*  Accordingly, the Court

15   concludes that the Magistrate Judge's ruling was not contrary to law or clearly erroneous in this

16   regard.

17   **II.    Defendants' Motion for Enlargement of Time to Oppose Fernandez's Objections to**
         **the Magistrate Judge's Report and Recommendation (Doc. #134)**

18

19           Second, Fernandez objects to the Magistrate Judge's Order granting Defendants' Motion

20   for Enlargement of Time to Oppose Fernandez's Objections to the Magistrate Judge's Report and

21   Recommendation.  The Court finds that Fernandez's objection in this regard is without merit.

22   First, Fernandez argues that the Magistrate Judge was without authority to issue the ruling

23   because Defendants' Motion was dispositive in nature and, as such, was out of a magistrate

24   judge's purview.  In this regard, the Court finds that Fernandez's arguments are entirely without

25   merit.  First, this action was properly referred to the Magistrate Judge pursuant to LR IB 1-3,

26   which provides that "a magistrate judge may hear and finally determine any pretrial matter not

27   specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A)."  Because Defendants'

28   Motion for Enlargement of Time to Oppose Fernandez's Objections is not an enumerated

3

1    exception under 28 U.S.C. § 636(b)(1)(A), the Magistrate Judge had authority to decide the

2    Motion and issue an appropriate Order.  Second, motions for extensions of time are not

3    dispositive motions because they seek only to extend the period of time in which a party may add

4    additional information to the record for the Court's consideration.

5         Fernandez also contends that, even if the Magistrate Judge did have authority to rule on

6    Defendants' Motion, the decision was still contrary to law and clearly erroneous.  More

7    specifically, Fernandez asserts that Defendants' Motion was untimely and the Court made no

8    finding of good cause or excusable neglect to justify Defendants' tardiness.  Contrary to

9    Fernandez's assertion, there is no indication in the record that he "served" his Objection on

10   Defendants on March 4, 2013.  Rather, his Objection was filed and served electronically on

11   March 8, 2013.  Doc. #126.  Pursuant to 28 U.S.C. § 636(b)(1)(c), Local Rule IB 3-2, and

12   Federal Rule of Civil Procedure 72, Defendants had 14 days to file a Response.  Additionally,

13   pursuant to Federal Rule of Civil Procedure 6(d), Defendants were entitled to an additional three

14   (3) days to file a Response.  Because Defendants had until March 25, 2013 to file a Response,

15   and their Motion was filed on March 25, 2013, the Court finds that it was not untimely.

16   Accordingly, the Court shall affirm the Magistrate Judge's Order in this regard.

17   **III.    Deadline for Defendants to Respond to Fernandez's Discovery Motions (Docs. #121,**
18   **#122, #123, #124, and #133)**

19        Fernandez's third objection challenges the Magistrate Judge's Order setting a deadline by

20   which Defendants must respond to Fernandez's various discovery motions.  In this regard, the

21   Court concludes that Fernandez's objection is not entirely unfounded.  Nevertheless, the Court

22   concludes that the Magistrate Judge's Order was not clearly erroneous or contrary to law.  It

23   appears to the Court that there was some confusion amongst Defense Counsel and the Magistrate

24   Judge as to the appropriate docket numbers assigned to each of Fernandez's requests, in part

25   because Fernandez filed an identical document as three separate discovery motions.  *See* Doc.

26   #121, #122, #123.  In requesting an extension of time to respond, Defendants specifically

27   reference Fernandez's Motions to Compel Production of Documents (Doc. #124) and his Motion

28   to Compel Interrogatory Responses, etc. (Docs. #121, 122, 123).  However, Defendants only cite

4

docket entry numbers 121 and 122 in their Motion.  As a result, in granting Defendants' Motion (Doc. #129), the Magistrate Judge only did so as to docket entry numbers 121 and 122.  Thus, it appears to the Court that Counsel and the Magistrate Judge's omission as to docket entry numbers 123 and 124 was a mere oversight.  Accordingly, the Court amends the Magistrate Judge's March 20, 2013 Order (Doc. #130) and grants Defendants a 14-day extension *nunc pro tunc*, up to and including April 1, 2013, within which to file responses to all four of Fernandez's discovery Motions (Doc. #121, #122, #123, and #124).  In light of the aforementioned amendment, Fernandez's objection in this regard is overruled.


        IT IS THEREFORE ORDERED that Fernandez's Objection (Doc. #174) is
OVERRULED.
        IT IS SO ORDERED.
        DATED this 7th day of February, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5