UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

KEVIN FERNANDEZ,  )
                                                       ) 3:12-cv-00401-LRH-WGC
          Plaintiff,  )
                                                       )
v.  ) ORDER
                                                       )
DR. CENTRIC, et al.,  )
                                                       )
         Defendants.  )
                                                       )

Before the Court is Plaintiff Kevin Fernandez's ("Fernandez") Objection to the Magistrate Judge's Order (Doc. #178[1]) pursuant to Local Rule IB 3-1. Doc. #180. The Magistrate Judge's Orders operate as final determinations of pretrial matters under 28 U.S.C. § 636(b)(1)(A) and Local Rule IB 1-3. Accordingly, a district judge may reconsider a Magistrate Judge's Order only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR IB 3-1(a).

Fernandez contests the Magistrate Judge's denial of his request for a copy work extension, or in the alternative, the Magistrate Judge's order that Fernandez attach all exhibits to his discovery motions as required by Local Rule 26-7. *See* Doc. #180. The following is a brief summary of the procedural history relevant to Fernandez's objection. When the Magistrate Judge originally declined to grant Fernandez's request for the full $125.00 copy work extension, it ordered that "Defendants be responsible for attaching discovery responses to their pleadings," so that Fernandez didn't have to use the copy work that "may be necessary for [him] to

---

[1] Refers to the Court's docket entry number.

1   adequately respond to Defendants' responses with regard to discovery requests." Doc. #157, pp.
2   4-5. Thereafter, the Magistrate Judge amended its May 21, 2013 Order, requiring Fernandez to
3   attach exhibits to his discovery motion(s) as required by Local Rule 26-7. Doc. #178, p. 2. The
4   Magistrate Judge did not, however, increase Fernandez's copy work allowance. Doc. #178.
5   Fernandez contends that the Magistrate Judge erred in requiring him to comply with Local Rule
6   26-7 without also allowing him a copy work allowance increase. Doc. #180, p. 4.

7   Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S.
8   817, 821 (1977); *Murray v. Giarratano*, 492 U.S. 1, 6 (1989). "For criminal, habeas corpus and
9   conditions of confinement cases, *Bounds* requires prison officials to provide legal research
10  resources, or legal assistance such as a knowledgeable librarian or law clerk. Officials must also
11  provide photocopying when the plaintiff is obliged to provide copies in connection with the
12  rights of action recognized under *Bounds*." *Canell v. Multnomah Cnty.*, 141 F. Supp. 2d 1046,
13  1056 (D. Or. 2001) (citing *Allen v. Sakai*, 40 F.3d 1001, 1005 (9th Cir. 1994) (explaining that
14  "the Supreme Court had clearly established an inmate's right of access to the courts, including a
15  right to services and supplies indispensable to filing court documents") (citing *Bounds*, 430 U.S.
16  817; *Wolff v. McDonnell*, 418 U.S. 539 (1974)), *amended on denial of reh'g*, 48 F.3d 1082 (9th
17  Cir. 1994), *cert. denied*, 514 U.S. 1065 (1995); *Canell v. Bradshaw*, 840 F. Supp. 1382, 1392 (D.
18  Or. 1993).

19  Having considered the parties' briefing and the relevant filings on record, the Court
20  concludes that the Magistrate Judge's Order directing Fernandez to comply with Local Rule 26-7
21  as to any discovery motions (Doc. #178), without also increasing his copy work limit such that he
22  could comply with the Order, was contrary to law. Accordingly, the Court remands the matter to
23  the Magistrate Judge with instructions to increase Fernandez's copy fee limit to enable his
24  compliance with the Court's June 18, 2013 Order (Doc. #178), or modify the June 18, 2013
25  Order (Doc. #178) such that he is relieved from complying with Local Rule 26-7 as it pertains to
26  any discovery motions. The Court advises, however, that Fernandez should use his copy work
27  allowance judiciously, as the Court will not look favorably upon further objections to the
28  Magistrate Judge's denial of his requests for an increase to his copy work allowance.

1    IT IS THEREFORE ORDERED that Fernandez's Objection (Doc. #180) is
2 SUSTAINED.  This matter shall be remanded to the Magistrate Judge in accordance with this
3 Order.
4    IT IS SO ORDERED.
5    DATED this 13th day of February, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE