UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| KEVIN FERNANDEZ, | ) |
| | ) 3:12-cv-00401-LRH-WGC |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| DR. CENTRIC, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Before the Court is Plaintiff Kevin Fernandez's ("Fernandez") Objection to the Magistrate Judge's Order (Doc. #221[1]) pursuant to Local Rule IB 3-1. Doc. #228. A magistrate judge's orders operate as final determinations of pretrial matters under 28 U.S.C. § 636(b)(1)(A) and Local Rule IB 1-3. Accordingly, a district judge may reconsider a magistrate judge's order only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR IB 3-1(a).

First, Fernandez objects to the Magistrate Judge's failure to address two of the bases on which he moved for sanctions for spoilation of evidence. *See* Doc. #228, pp. 2-3. Specifically, Fernandez asserts that he sought sanctions for Defendants' spoilation of video recordings and digital photos, as well as polygraph evidence. *See* id. Indeed the Magistrate Judge did not address these issues.[2] Accordingly, the Court remands for further consideration.

---

[1] Refers to the Court's docket entry number.

[2] It does not appear that the is, or ever was, any polygraph evidence, the destruction of which would be a requisite element of any spoilation of evidence claim. Nevertheless, the

1       Second, Fernandez objects to the Magistrate Judge's denial of his Motion as it relates to
2  the biological evidence he preserved for testing. *See* Doc. #228.  In denying his Motion, the
3  Magistrate Judge determined that the issue was moot because the cause of action to which the
4  biological evidence pertained was not allowed to proceed, and thus the "spoilation" evidence
5  pertaining thereto could not be considered relevant. *See* Doc. #221, p. 4.  The Court finds that
6  the Magistrate Judge's ruling in this regard was not clearly erroneous or contrary to law.
7  Nevertheless, Fernandez's Motion for Sanctions argued that the biological evidence was relevant
8  to whether Defendants were justified in their admission of him into the Mental Health Unit
9  ("MHU"), their labeling him mentally ill, and their subsequent treatment of him. *See* Doc. #151,
10 p. 6.  Specifically, Fernandez alleges that he was labeled mentally ill, in part, because he claimed
11 that Defendants put laxatives in his food. *See* id.  Because the Magistrate Judge did not address
12 the relevancy of the biological evidence as it relates to his Eighth Amendment deliberate
13 indifference claim, the Court remands for further consideration.

15      IT IS THEREFORE ORDERED that Fernandez's Objection (Doc. #228) is
16 SUSTAINED.
17      IT IS SO ORDERED.
18      DATED this 6th day of May, 2014.

                                            _____
                                            LARRY R. HICKS
                                            UNITED STATES DISTRICT JUDGE

---

Magistrate Judge did not address the issue, and the Court is not in a position to speculate as to the Magistrate Judge's reasoning in this regard.