**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KEVIN FERNANDEZ,<br><br>        Plaintiff,<br><br>  vs.<br><br>DR. CENTRIC, et al.,<br><br>        Defendants | 3:12-cv-00401-LRH-WGC<br><br>**ORDER**<br><br>re Plaintiff's Motion for Reconsideration<br><br>Doc. # 294 |

Before the court is Plaintiff's Motion for Reconsideration of Order # 280 by Magistrate. (Doc. # 294.[1]) Plaintiff seeks reconsideration of the component of this court's Order which denied Plaintiff's claims of spoliation relating to photographic or video evidence. (Doc # 280 at 12-13.) For the reasons stated herein, Plaintiff's motion for reconsideration is denied.

### I.  BACKGROUND

The history behind the underlying motion for spoliation is discussed in greater detail in this court's order of May 16, 2014. (Doc. # 280.) In that order, the court reviewed Plaintiff's motion for sanctions because of the Defendants' alleged spoliation of evidence. The court concluded that certain of Plaintiff's allegations needed to be addressed by Defendants. However, the court also determined that the component of Plaintiff's motion relating to the alleged failure to preserve photographic evidence (Doc. # 151 at 3) was insufficiently supported in Plaintiff's motion. Citing Defendants' extensive discovery responses with regard to photographic or video evidence, the court stated that:

///

---

[1] Refers to court's docket number.

> The conclusion the court draws from these discovery responses is that the Defendants have consistently represented no photographs or video recordings were obtained or the relevant time period. Other than Plaintiff's unsubstantiated allegations photographs were taken and that recordings were made of the videos, the court is not aware of any evidence documenting the existence of any video tapes or photographs.

Doc. # 280 at 12:21-25.

Noting further it is the movant's burden to make a prima facie showing that such evidence ever existed, the court concluded:

> Plaintiff's motion has not demonstrated any photographs were actually taken or video recordings made during the relevant time period. Plaintiff has failed to satisfy the burden imposed upon him to establish the existence of this evidence. Accordingly, it logically follows there can be no spoliation of evidence which the court cannot verify ever existed.

*Id.* at 13:9-14.

## II. LEGAL STANDARD

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sh. Dist. No. 1J v. Acands, Inc.*, 5 F.3d. 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled. *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

## III. DISCUSSION

Plaintiff's argument regarding the photographic evidence issue asserts that Defendants "now have admitted that video evidence <u>DID EXIST FOR THAT TIME PERIOD</u>, but <u>IT NO LONGER EXISTS</u>." (Doc. # 294 at 2; emphasis in the original.) As substantiation of this assertion, Plaintiff directs the court to "see Pl. Mtn to Compel (274/275), Ex. B, Walsh's Int. Set Two, Int. No. 1." (*Id.*) This discovery response to which Plaintiff refers does not accompany Plaintiff's motion. However, in the filings which Plaintiff identifies (Doc. ## 274 and 275), the following response/supplemental

response appears at pages 21-22:[2]

INTERROGATORY SET TWO

INTERROGATORY NO. 1:

In your response No. 7 and No. 8 to Plaintiff's Request for Admissions [set five], you admit that the NDOC is in the possession, custody, or control of audio and/or video recordings. Describe, in narrative form, and with specificity each such audio and/or video recording that the NDOC is in the possession, custody and control of which was created and/or recorded between May 17, 2011 through the present. In answering this interrogatory, identify each such recording separately by date, time, describe the content of each such conversation, identify the parties (persons) being recorded if known, identify the persons in possession of each such recording at the present time, identify and describe the purpose behind each such recording being recorded, i.e. for investigation sue, etc and provide all other information as requested by the enclosed and attached definitions and instructions. Produce a copy of each such recording and/or allow Plaintiff to review each said recoding and/or produce a transcribed recording (transcript) of each recording.

RESPONSE TO INTERROGATORY NO. 1:

Objection, assumes facts not admitted or in evidence. Objection, overly broad.
Notwithstanding these objections and without waiving them, the audio and/or video referenced was that of disciplinary proceedings as well as parole and psychological panels for parole hearings are generally recorded. Those are not relevant to this action.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:
Pursuant to the Court's oral instructions at the time of the January 16, 2013, hearing (#256), the limited scope of the requirement to supplement this interrogatory is to indicate what recordings, in the context of your referenced previous discovery requests, were possessed by the NDOC and produced to Plaintiff, and what recordings that may have existed at some time are no longer in the NDOC's possession.
Recordings of Plaintiff which Defendants possess include DVD recordings of Psychological Panel Parole Board proceedings, which have been sent to ESP where Plaintiff has reviewed them; and audio recordings of certain of Plaintiff's Inmate phone calls, which also have been sent to ESP where Plaintiff has reviewed them. Documents identified as FERNANDEZ 401: DEF DISC 1956 – 1959 are attached documenting at least some of Plaintiff's review of the recordings referenced above. Other possible recordings of Plaintiff which may have existed at some time, but which no longer exist and are no longer

---

[2] Although Plaintiff represents this document is the discovery response of Defendant Walsh, there is nothing in the response which actually connects this discovery response to Defendant Walsh, e.g., a signature page or verification signed by Ms. Walsh. However, for the purposes of Plaintiff's motion, the court will assume this discovery response is attributable to Ms. Walsh.

3

|   |   |
|---|---|
| 1 | in the possession and control of the NDOC would include any surveillance recording of Plaintiff in his cell, housing unit, MHU or any other NDOC location, which may have been captured during time periods relevant to this case, or time periods specifically referenced in this or other related discovery requests. NDOC and this Defendant have no record of any such theoretical recordings, and do not have any way to identify or describe any such recordings. |

Doc. # 274 at 21:15-28 – 22:1-23; Exhibit B.

Despite the somewhat ambivalent nature of this Defendant's discovery response, it cannot be interpreted, as Plaintiff styles it, that the Defendants "have come clean" and admitted that photographic evidence existed–but was destroyed. Ms. Walsh's answer, however, was couched in terms of "possible recordings" and being "theoretical records" which – if even made – no longer exist. She represented that both she and NDOC "have no record of any such theoretical recordings and do not have any way to identify or describe any such recording." (*Id*. at 22.) This discovery response cannot be interpreted as reflecting any admission the Defendants knowingly destroyed relevant evidence.

Plaintiff next cites to "(256) Hr Tra. (1/16/14)" which supposedly confirms that at the January 16, 2016 hearing, "Defense Counsel actually admitted that video recordings of Plaintiff actually did exist or existed at some time." (Doc. # 294 at 2.) The record in this matter reflects there was no transcript prepared for the January 16, 2014 hearing. Doc. # 256 is the Minutes of the January 16, 2014, status/discovery conference the court conducted. The only reference to a transcript was Plaintiff's motion that the court produce a transcript at the Defendants' expense (Doc # 258), which the court denied (Doc # 259.) In addition to there being no transcript, the Minutes of Proceedings for that hearing are not supportive of Plaintiff's argument and contain no admission of culpability. (Doc. # 256.)

Plaintiff next references "new evidence" which supposedly would demonstrate "that video existed and was destroyed." Plaintiff states this evidence "was not available before." (*Id.* at 3.) As authority for this new evidence, Plaintiff again directs the court to Exhibit B relative to Doc. ## 274/275. This "evidence" was discussed above and again does not persuade the court that "video existed and was destroyed."

Plaintiff also cites "(256), at 5." Plaintiff states, "Defendants and Defense Counsel continued to withhold the truth of the matter, until this court pressed Defense Counsel." (Doc. # 294 at 4.)

4

However, the minutes for this proceeding do not substantiate Plaintiff's characterization of this hearing. The court did not "press Defense Counsel." Instead, what the court did was to order Defendant Walsh to supplement her answer to Interrogatory No.1, Set One. (Doc. # 256 at 5, ¶ (10).) Again there is nothing in these minutes which would suggest relevant video evidence existed and if it did, that it was destroyed, particularly knowing that the photographic evidence (if any) was relevant to Plaintiff's claims.[3]

Last, Plaintiff cites Plaintiff cites "(236), at 4, No. 16." This is a reference to another of the court's Minutes of Proceedings (November 8, 2013), when the court addressed one of Plaintiff's motions to compel:

> **Court Order as to:** Request No. 16 - **Response sufficient, objection sustained.**
> Although video may have existed, Defendants continue to state there are no responsive documents to this request.

Doc. # 236 at 4.

At best this ruling might be interpreted as suggesting that although a video might have existed, the Defendants stated no physical evidence is available as being responsive to this request. Subsequent to this proceeding, however, the court has identified multiple other discovery responses of the Defendants which consistently verified no recordings were made of Plaintiff in his cell. *See, e.g.,* "Any cameras for the unit and time referenced were merely for observation, not recording." (Doc. # 280 at 9-12.)

The conclusion the court reached relative to the alleged spoliation of photographic or video evidence, and which the court reaches again, is that based upon these discovery responses, Plaintiff failed to demonstrate the allegedly-destroyed evidence existed in the first instance. (Doc. # 280 at 12).

As the court noted in its initial Order, it is Plaintiff's burden to make a prima facie showing that this evidence existed. "The party seeking spoliation sanctions has the burden of establishing the

---

[3] Although Defendants memorandum in response to this court's order did not address the photographic evidence component of Plaintiff's spoliation motion (because the court found against Plaintiff on that issue), Defendants did discuss a contention Plaintiff raised about preservation of "biologic evidence." While not determinative with respect to Plaintiff's motion for reconsideration addressed in this Order, the Defendants' briefing contains repeated representations that Plaintiff did not inform any of Defendants "the biological material was evidence of any sort for any reason." (Doc. # 293-1 at 3; *see also* # 293-2 at 3; # 293-3 at 3; # 293-4 at 2.)

elements of a spoliation claim." *Reinsdorf v. Skechers U.S.A., Inc. et al.*, 296 F.R.D. 604, 628 (C.D.Cal.2013) *citing Centrifugal Force, Inc. v. Softnet Communication, Inc.*, 783 F.Supp.2d 736, 740 (S.D.NY.2011). One of the elements of a spoliation claim is that the party must demonstrate the evidence actually existed and was destroyed. *Genon Mid-Atlantic, LLC v. Stone & Webster*, 282 F.R.D. 346, 357 (S.D.NY.2012), *citing Orbit One Commc'ns v. Numerex Corp.*, 271 F.R.D. 429, 441 (S.D.NY.2010). (Doc. # 280 at 13.) Plaintiff did not carry his burden when he prosecuted his underlying motion, and his motion for reconsideration contains no evidence or information the court's conclusion was erroneous.

## IV. CONCLUSION

The decision to sanction a party for spoliation of evidence is clearly discretionary with the trial court. *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993), *citing Akiona v. United States*, 938 F.2d. 158 (9th Cir. 1991). This court exercised its discretion in denying Plaintiff's motion for sanctions (Doc. # 151) as it related to photographic or video evidence. Plaintiff's motion for reconsideration does nothing to convince this court it abused its exercise of discretion.

The court determines Plaintiff has not set forth a valid reason to persuade this court it should change its opinion with regard to the photographic evidence, nor does the court find it committed "clear error" or that its decision was "manifestly unjust."[4]

Plaintiff's motion (Doc. # 294) is **DENIED**.

**IT IS SO ORDERED.**

DATED: June 4, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[4] The court again wishes to remind Plaintiff that the court's underlying order did not necessarily preclude Plaintiff from contending at trial Defendants had–but destroyed–photographic evidence of his "drugging." The court's conclusion was simply that even if one were to assume any photographic or video evidence did exist that the failure to retain this evidence, if applicable, was not appropriate for imposition of sanctions. (Doc. # 280 at 13, n. 8.)