UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| KEVIN FERNANDEZ, ) | |
| ) | 3:12-cv-00401-LRH-WGC |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DR. CENTRIC, et al., ) | |
| ) | |
| Defendants. ) | |

Before the Court is Plaintiff Kevin Fernandez's ("Fernandez") Objection to the Magistrate Judge's Order (Doc. #236[1]) pursuant to Federal Rule of Civil Procedure 72(a). Doc. #242. A magistrate judge's orders operate as final determinations of pretrial matters under 28 U.S.C. § 636(b)(1)(A) and Local Rule IB 1-3. Accordingly, a district judge may reconsider a magistrate judge's order only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR IB 3-1(a).

Here, the Court finds that Fernandez's Objection is untimely. *See* Fed. R. of Civ. P. 72(a) (requiring that a party file objections within 14 days of being served a copy of the order); *see also* Advisory Committee Notes, Subdivision (a) stating that "[a]n oral order read into the record by the magistrate will satisfy this requirement"). The hearing at which the Magistrate Judge denied various discovery related requests to which Fernandez now objects took place on Friday, November 8, 2013. Accordingly, any objection thereto was due on Friday, November 22, 2013, 14 days after the Magistrate Judge's Order was read into the record. Fernandez's motion is dated

---

[1] Refers to the Court's docket entry number.

1  November 24, 2013 and was filed with the Court on November 27, 2013.  Accordingly, the Court
2  overrules Fernandez's Objection as untimely.
3        Moreover, the Court finds that Fernandez's Objection is without merit.  To the extent
4  Fernandez objects to the Magistrate Judge's Order that Defendants' responses to Fernandez's
5  requests for production of investigative documents concerning Fernandez were sufficient, the
6  Court agrees.  The discovery which Fernandez seeks has either been provided to him already or
7  does not exist.  *See* Doc. #193, Ex. C, No. 10, No. 11, No. 12., No. 15, No. 16; Doc. #193, Ex. E,
8  No. 4.  Fernandez does not cite any authority, nor is the Court aware of any, for the proposition
9  that Defendants are now required to supplement their responses to indicate what further efforts
10 they have made to discover the existence of the requested information.  Moreover, none of the
11 responses to which Fernandez objects assert confidentiality as a basis for denying Fernandez's
12 requests for production.  Accordingly, Fernandez's Objection in this regard is overruled.
13       To the extent that Fernandez objects to the Magistrate Judge's Order that Defendants'
14 responses to Fernandez's request for production of documents related to prior lawsuits against
15 Defendants were sufficient, the Court agrees.  Because the documents which Fernandez seeks are
16 public records, they are equally accessible to Fernandez and not in Defendants' control.  *See* Doc.
17 #193, Ex. C, No. 4, No. 5.  Accordingly, Fernandez's Objection in this regard is overruled.
18       To the extent that Fernandez objects to the Magistrate Judge's Order that Defendants'
19 responses to Fernandez's requests for production of documents related to investigations of
20 Nevada Department of Corrections ("NDOC") behavior relative to Fernandez's claims were
21 sufficient, the Court agrees.  The discovery which Fernandez seeks does not exist or is not
22 discoverable to him due to confidentiality regulations.  *See* Doc. #193, Ex. C, No. 13, No. 21,
23 No. 24; Doc. #193, Ex. D, No. 10.  Fernandez argues that Defendants failed to state what efforts
24 they made to discover these documents.  Again, Fernandez does not cite any authority, nor is the
25 Court aware of any, for the proposition that Defendants must supplement their responses to
26 indicate what further efforts they have made to discover the existence of information that they
27 have already indicated does not exist.  Accordingly, Fernandez's Objection in this regard is
28 overruled.

Finally, to the extent that Fernandez objects to the Magistrate Judge's Order that Defendants' responses to Fernandez's requests for production of video and/or digital recordings were sufficient, the Court agrees. Defendants denied that such video and/or digital recordings existed or denied that they were in possession, custody, or control of such video and/or digital recordings. *See* Doc. #193, Ex. B, No. 1, No. 3, No. 8; Doc. #193, Ex. C, No. 16. Fernandez asserts that Defendants must supplement their responses to indicate who is in possession of them and their status. However, as the Magistrate Judge indicated, the Federal Rules of Civil Procedure do not impose such a duty. Moreover, Fernandez has the burden of establishing that the party from whom the discovery is sought has the requisite possession, custody, or control. *See Norman v. Young*, 422 F.2d 470, 472 (10th Cir. 1970). Accordingly, Fernandez's objection in this regard is overruled.

IT IS THEREFORE ORDERED that Fernandez's Objection (Doc. #242) is OVERRULED.

IT IS SO ORDERED.

DATED this 4th day of June, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE