1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                                  DISTRICT OF NEVADA

8                                        * * * * *

9   KEVIN FERNANDEZ,                          )
                                              )   3:12-cv-00401-LRH-WGC
10                          Plaintiff,        )
                                              )
11  v.                                        )   ORDER
                                              )
12  DR. CENTRIC, et al.,                      )
                                              )
13                          Defendants.       )
    _____  )

14

15          Before the Court is Plaintiff Kevin Fernandez's ("Fernandez") Objection to the

16  Magistrate Judge's Order (Doc. #200/201[1]) pursuant to Local Rule IB 3-1.  Doc. #211.  A

17  magistrate judge's orders operate as final determinations of pretrial matters under 28 U.S.C.

18  § 636(b)(1)(A) and Local Rule IB 1-3.  Accordingly, a district judge may reconsider a magistrate

19  judge's order only if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed.

20  R. Civ. P. 72(a); LR IB 3-1(a).

21          First, Fernandez objects to the Magistrate Judge's characterization of his filings in this

22  action as an unreasonable and vexatious multiplication of the proceedings, and requests that the

23  Court modify the Order to omit the characterization.  *See* Doc. #211, pp. 2-4.  Contrary to

24  Fernandez's assertion, the Magistrate Judge did not find Fernandez's filings to be unreasonable

25  or vexatious.  Rather, the Magistrate Judge merely cautioned Fernandez that, pursuant to 28

26  U.S.C. § 1927, sanctions are available against a party "who multiplies the proceedings in any

27  case unreasonably and vexatiously."  *See* Doc. #200, p. 5.  The Magistrate Judge further advised

28  _____

            [1] Refers to the Court's docket entry number.

1   Fernandez that his filings are adversely impacting the Court's ability to effectively manage the

2   case and warned that the Court is not unwilling to impose any and all sanctions available under

3   the aforementioned statute or any other rule.  *See id.* at 1, 5.  The Court finds that the Magistrate

4   Judge's averments in this regard were not contrary to law or clearly erroneous.  Moreover, the

5   Court reiterates the Magistrate Judge's advisements.

6         Second, Fernandez objects to the Magistrate Judge's Order to stay various types of

7   motions, arguing that magistrate judges are without authority to issue stays.  *See* Doc. #211, p. 4.

8   In this regard, Fernandez misunderstands the Magistrate Judge's authority.  Magistrate judges are

9   only without authority to stay *an action*.  *See Reynaga v. Cammisa*, 971 F.2d 414, 416-17 (9th

10  Cir. 1992) (magistrate judge did not have authority "to enter a stay in that action or to order the

11  Clerk to close the file until [plaintiff] exhausted his state remedies").  It was fully within the

12  Magistrate Judge's purview to stay discovery until after the screening of Fernandez's anticipated

13  amended complaint has been completed.  *See* 28 U.S.C. § 636(b)(1)(A) (district judge may

14  designate a magistrate judge to hear *any* nondispositive pretrial matter pending before the court).

15  Accordingly, the Court finds Fernandez's objection in this regard to be without merit.

16        Third, Fernandez objects to the Magistrate Judge's summary denial of his motions for

17  sanctions.  *See* Doc. #211, pp. 4-5.  Specifically, Fernandez argues that the Magistrate Judge's

18  denial of his motions under Federal Rule of Civil Procedure 37(b) was inappropriate because he

19  sought sanctions pursuant to Federal Rules of Civil Procedure 37(d), 26(g), and 36(a), and the

20  Court's inherent authority.  *See id.* at 5.  Indeed, the Magistrate Judge denied all of Fernandez's

21  Motions for Sanctions (Doc. #122, Doc. #151, Doc. #161, and Doc. #163) pursuant to Federal

22  Rule of Civil Procedure 37(b), which provides that sanctions are generally only appropriate

23  where there has been a failure to comply with a discovery order.  *See* Doc. #200, p. 4 n. 4.

24  However, Fernandez sought sanctions pursuant to Federal Rule of Civil Procedure

25  37(d)(1)(A)(ii) for failure to respond to interrogatories (Doc. #122), the Court's inherent

26  discretionary authority for spoilation of evidence (Doc. #151), Federal Rules of Civil Procedure

27  37(d)(1)(A)(ii) and 26(g)(3) (Doc. #161) for failure to respond to interrogatories and improper

28  certification, and Federal Rule of Civil Procedure 36(a)(3) for failure to timely respond to

1   requests for admissions (Doc. #163).  Because the Magistrate Judge did not determine the merits

2   of Fernandez's Motions for Sanctions pursuant to the authority under which he sought relief, the

3   Court finds that the Magistrate Judge's determination in this regard was contrary to law and

4   remands for an appropriate determination thereof.[2]

5          Fourth, Fernandez objects to the Magistrate Judge's partial denial of his Motion to

6   Compel.  *See* Doc. #211, pp. 5-7.  Specifically, Fernandez objects to the denial of his request for

7   production of the following: (1) Fernandez's mental health records, (2) Fernandez's Nevada

8   Department of Corrections ("NDOC") "I," "C," and "OMD" files, and (3) audio recordings.

9   With respect to Fernandez's request that he be allowed to possess a copy of his mental health

10  records in his cell, the Court finds that the Magistrate Judge's denial of this Motion to Compel

11  was not clearly erroneous or contrary to law.  As an initial matter, the Magistrate Judge made

12  clear that Fernandez has had the opportunity to examine his records.  *See* Doc. #201, p. 3.  As

13  such, he has been able to "discover" his records in accordance with Federal Rule of Civil

14  Procedure 34, and there is no production to compel.  Moreover, Fernandez fails to cite any

15  authority for the proposition that the NDOC's regulation, which, for safety and security reasons,

16  prohibits inmates from possessing medical/mental health records in their cells, implicates his

17  constitutional rights.  Finally, the Magistrate Judge concluded that the regulation is valid because

18  it is reasonably related to legitimate penological interests—safety and security, and thus

19  deserving of deference.  For all of the aforementioned reasons, the Court finds that the Magistrate

20  Judge's ruling in this regard was not clearly erroneous or contrary to law.  With respect to

21  Fernandez's objection to the Magistrate Judge's denial of his request to have possession of his

22  NDOC "I" and "C" files in his cell, the Court also finds that the Magistrate Judge's ruling was

23

24          [2]  The Court takes no position as to the merits of Fernandez's Motions for Sanctions.
25  Moreover, contrary to Fernandez's suggestion, the Court does not have authority to conduct a *de
    novo* review of Fernandez' Motions for Sanctions and decide them on their merits.  *See Grimes v.
26  City and Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) ("[p]retrial orders of a magistrate under
    636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are
27  not subject to de novo determination") (quoting *Merritt v. Int'l Broth. of Boilermakers*, 649 F.2d
28  1013, 1017 (5th Cir. 1981)) (internal quotation marks omitted).

1   not clearly erroneous or contrary to law.  The Magistrate Judge ordered that these documents be

2   made available for Fernandez's inspection.  As such, the Magistrate Judge's ruling complied with

3   Federal Rule of Civil Procedure 34, and there was no further production to compel.  Finally, as to

4   Fernandez's objection to the Magistrate Judge's Order that the audio or video recording be

5   produced for his inspection, the Court also finds that his ruling was not clearly erroneous or

6   contrary to law.  Federal Rule of Civil Procedure 34(a) requires only that discoverable materials

7   be produced for inspection.  In sum, none of the Magistrate Judge's rulings on Fernandez's

8   Motion to Compel were clearly erroneous or contrary to law.

9           Fifth, Fernandez objects to the Magistrate Judge's denial of his Motion to Deem Matters

10  Admitted and/or to Compel Supplements.  *See* Doc. #211, pp. 7-9.  Contrary to Fernandez's

11  assertion, that "parties have a duty to specifically state what efforts they made to make an inquiry

12  to obtain such information," Federal Rule of Civil Procedure 36(a) requires only that a party state

13  "that it has made reasonable inquiry and that the information it knows or can readily obtain is

14  insufficient to enable it to admit or deny."  In *Asea, Inc. v. Southern Pacific Transportation Co.*,

15  the Ninth Circuit held that "a response which fails to admit or deny a proper request for

16  admission does not comply with the requirements of Rule 36(a) if the answering party has not, in

17  fact, made 'reasonable inquiry,' or if information 'readily obtainable' is sufficient to enable him

18  to admit or deny the matter."  669 F.2d 1242, 1247 (9th Cir. 1981).  The Ninth Circuit went on to

19  say that the determination of whether a party has complied with Rule 36(a) is left to the sound

20  discretion of the judge.  *Id.*  Here, the Magistrate Judge was satisfied that Defendants had

21  complied with Rule 36(a) by making a reasonable inquiry into each of Fernandez's requests.

22  Accordingly, the Magistrate Judge's ruling was not clearly erroneous or contrary to law.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

4

1    IT IS THEREFORE ORDERED that Fernandez's Objection (Doc. #211) is

2  OVERRULED in part and SUSTAINED in part.

3    IT IS SO ORDERED.

4    DATED this 4th day of June, 2014.

5

6                                                    _____

7                                                    LARRY R. HICKS
                                                     UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28