UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KEVIN FERNANDEZ, | ) | 3:12-cv-00401-LRH-WGC |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | re: Doc. # 304 |
| DR. CENTRIC, et al., | ) ) | |
| Defendants | ) ) | |

This court has been directed by Senior District Judge Larry R. Hicks to address the merits of certain of Plaintiff's motions for discovery sanctions. (Doc. # 304.[1]) In an order dated June 4, 2014, Judge Hicks outlined Plaintiff's contentions about the undersigned's disposition of four earlier motions for sanctions as follows:

> Third, Fernandez objects to the Magistrate Judge's summary denial of his motions for sanctions. *See* Doc. #211, pp. 4-5. Specifically, Fernandez argues that the Magistrate Judge's denial of his motions under Federal Rule of Civil Procedure 37(b) was inappropriate because he sought sanctions pursuant to Federal Rules of Civil Procedure 37(d), 26(g), and 36(a), and the Court's inherent authority. *See id.* at 5. Indeed, the Magistrate Judge denied all of Fernandez's Motions for Sanctions (Doc. #122, Doc. #151, Doc. #161, and Doc. #163) pursuant to Federal Rule of Civil Procedure 37(b), which provides that sanctions are generally only appropriate where there has been a failure to comply with a discovery order. *See* Doc. #200, p. 4 n. 4. However, Fernandez sought sanctions pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(ii) for failure to respond to interrogatories (Doc. #122), the court's inherent discretionary authority for spoliation of evidence (Doc. #151), Federal Rules of Civil Procedure 37(d)(1)(A)(ii) and 26(g)(3) (Doc. #161) for failure to respond to interrogatories and improper certification, and Federal Rule of Civil Procedure 36(a)(3) for failure to timely respond to requests for admissions (Doc. #163).

---

[1] Refers to court's docket number.

Judge Hicks concluded that

> [b]ecause the Magistrate Judge did not determine the merits of Fernandez's Motions for Sanctions pursuant to the authority under which he sought relief, the Court finds that the Magistrate Judge's determination in this regard was contrary to law and remands for an appropriate determination thereof.

Order, Doc. # 304 at 2-3.

The discovery sanction motions identified by Plaintiff and referred to by Judge Hicks are Doc. # 122 (failure to respond to interrogatories), Doc. # 151 (spoliation of evidence), Doc. # 161 (failure to respond to interrogatories and improper certification), and Doc. # 163 (failure to timely respond to requests for admissions).

This Order will review the history and disposition of Plaintiff's discovery motions and discuss whether sanctions are appropriate, with the exception of Doc. # 151 which pertains to Plaintiff's allegations of spoliation of evidence. This court has already commenced revisiting Doc. # 151 and has directed the parties to respond to certain spoliation contentions raised by Plaintiff. *See*, Order, Doc. # 280; see also Order, Doc. # 302, re Plaintiff's Motion for Reconsideration of Order (#280).

This Order will address Plaintiff's requests for sanctions in the three remaining discovery matters identified by Judge Hicks, Doc. # 122, # 161 and # 163.

## I. STANDARDS FOR SANCTIONS

Plaintiff's contentions invoke the sanction provisions of various sections of the Federal Rules of Civil Procedure. Plaintiff's request for sanctions in #122 is predicated upon Federal Rule of Civil Procedure 37(d)(1)(A)(ii). Motion #161 is based upon two rule provisions, again on Fed. R. Civ. P. 37(d)(1)(A)(ii) and also on Rule 26(g)(3). Motion #163 was predicated upon Fed. R. Civ. P. 36(a)(3). The court will first review the provisions of the Federal Rules of Civil Procedure relating to sanctions cited by Plaintiff, which provide in, pertinent part, as follows:

**A.     Rule 26(g)(3)**

> **Rule 26. Duty to Disclose; General Provisions Governing Discovery**
>
> **(g) Signing Disclosure and Discovery Requests, Responses and Objections**.
>
> \* \* \*
>
> **(3) Sanction for Improper certification.** If a certification violates this rule without substantial justification, the court, on

>motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both.
>
>The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

The "sanction" under this rule arises if there has not been substantial compliance with Rule 26(g)(1), "Signing Disclosure and Discovery Requests, Responses and Objections." A party or an attorney signing on a party's behalf must certify

>\*\*\* that to the best of the person's knowledge, information, and belief formed after reasonable inquiry:
>(A) with respect to a disclosure, it is complete and correct as of the time it is made; and
>(B) with respect to a discovery request, response or objection, it is:
>  (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
>  (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>  (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

The attorney (or party) signing the response is under a duty to make reasonable inquiry into the subject of the discovery responses. *Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1305 (9th Cir. 2003). Under Rule 26(g), where an attorney (or party) "without substantial justification" makes a certification in violation of Rule 26(g), the court "must" impose an "appropriate sanction," which may include an award of "reasonable expenses."

**B.    Rule 36(a)(3)**

Next, Plaintiff refers to Rule 36(a)(3), which reads as follows:

>**Rule 36. Requests for Admission**
>
>**(a) Scope and Procedure.**
>\* \* \*
>**(3) Time to Respond; Effect of Not Responding**.
>A matter is admitted unless within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

The sanction here is that if a request for admission is not responded to within 30 days, the

matter is deemed admitted. (*Id.*)

**C.     Rule 37(d)(1)(A)(ii)**

Last, Plaintiff cites Rule 37(d)(1)(A)(ii) as a basis for his request for sanctions which provides as follows:

> **Rule 37.  Failure to Make Disclosures or to Cooperate in Discovery; Sanctions**
>
> * * *
>
> **(d) Party's failure to attend its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**
>
> **(1)** *In General.*
>
> **(A)** *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:
>
> * * *
>
> **(ii)** a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections or written response.

Having outlined the provisions of the Federal Rules of Civil Procedure relied on by Plaintiff, the court will discuss Plaintiff's motions for sanctions which were the subject of Plaintiff's objections (Doc. # 211) and Judge Hicks' order (Doc. # 304). However, to properly address a motion for sanctions, the court must logically also review the contemporaneous motion to compel to which the sanction requests pertains. A condition precedent to being awarded sanctions is that the moving party must have prevailed in part at least on the underlying or accompanying motion to compel.

### III. DISCUSSION

**A.     Motion # 122 (Failure to Respond to Interrogatories)**

The sanctions component of this motion was predicated upon Fed. R. Civ. P. 37(d)(1)(A)(ii). The propriety of sanctions for Doc. # 122, if any, will be evaluated under the criteria contained in this Rule. The operative condition in this Rule is that the court "may" order sanctions if the party fails to serve answers, objections or response to Rule 33 Interrogatories or a Rule 34 Request for Inspection.[2]

Plaintiff sought an award of sanctions in what the court clerk logged in as Doc. # 122. Actually,

---

[2] Compare, Fed. R. Civ. P. 37(a)(5)(A), which states the court "must" award a successful moving party its reasonable expenses unless "other circumstances make an award of expenses unjust." Rule 37(a)(5)(A)(iii). Plaintiff, however, did not make his motion under Rule 37(a) but instead did so under Rule 37(d). Thus, the operative standard is that the court "may" award sanctions if the conditions of Rule 37(d)(1)(A)(ii) are present.

Plaintiff's filing combined three motions, identified as separate docket entries as follows:

    Motion to Compel Interrogatory Responses (#121);

    Motion for Sanctions (#122);

    Motion to Exceed Number of Interrogatories to Defendants Nunc Pro Tunc (#123).

As best as the court can tell from the docket, it does not appear the Defendants responded to the motions before the April 11, 2013 discovery stay which the court entered to await the outcome of a settlement conference the parties were undertaking. (Doc. # 141.) The settlement discussions were unsuccessful. (Doc. # 145.) The Defendants thereafter sought a continuance of the stay to include Defendants' obligation to respond to motions #121, #122 and #123 pending a status conference with the court. (Doc. # 146 at 2.)

At the May 21, 2013 status conference, the court addressed various discovery issues these and other motions generated. Among the myriad of issues discussed by the court was the status of Defendants' responses to Docs. # 121, # 122 and # 123. Not yet having responded to those motions, the Defendants were directed to file their response(s) no later than Friday, June 21, 2013. (Doc. # 157.)

The Defendants addressed Plaintiff's motions #121, #122 and #123, but not as a separate filing. Defendants' Opposition to Plaintiff's Motion to Compel Production of Documents (Doc. # 124) contained a footnote which stated as follows:

> The Court's order also included that Defendants respond to Plaintiff's Motions #121, #122 and #123, regarding disputed interrogatories by June 21, 2013. (#157 at 2). However, the Court and the parties also discussed the parties' intention to confer regarding those interrogatory disputes, making a good faith effort to resolve them. (*Id.* at 4). Counsel for Defendant, and Plaintiff conferred telephonically on June 17 2013, and agreed that Defendants would provide responses, potential objections reserved, to previously returned interrogatories – *obviating the need for responses to Motions #121, #122 and #123* at this time.

Doc. # 176 at 2, n. 2; emphasis in italics added.

Thus, the court was advised by Defendants that the discovery dispute covered by Docs. # 121, # 122 and # 123 had been resolved. This representation was addressed by the court at its discovery conference on August 19, 2013. The court minutes for that hearing reflect that:

///

///

5

> **(4.) Doc # 121** - The *parties state they have resolved their dispute* as to the "numerosity" objections the defendants have asserted. However, the parties state they may have a dispute as to the "content" of Defendants' responses. If the parties cannot resolve their differences as to the content of the answers to interrogatories, Plaintiff may bring a *new motion on that issue*. For now, Plaintiff's motion to Compel Interrogatory Responses, Motion for Sanctions, and Motion to Exceed Number of Interrogatories to Defendants, Nunc Pro Tunc is **DENIED as moot.**

Doc. # 201 at 2; emphasis in italics added.

As a result of the parties' meet and confer obligations, and the compromise they achieved, the Plaintiff's request in Doc. # 123 to exceed the allowable number of interrogatories, i.e., 25, including all discreet subparts (Fed. R. Civ. P. 33(a)(1)) became moot, as did the Plaintiff's motion to compel.[3]

The question remains whether Plaintiff is still entitled to sanctions where the parties amicably agreed to resolve their discovery dispute. Had Plaintiff's motion for sanctions only been filed with respect to the motion to compel, the court could possibly conclude a mutual resolution was only reached after the Plaintiff was forced to file a motion to compel – and thus because it took a motion to "force" Defendants to reach a compromise, he should be awarded sanctions.

However, in this instance, Plaintiff's motion to compel was accompanied by Plaintiff's motion (#123) to allow Plaintiff to exceed the number of interrogatories allowed under Rule 33(a)(1). Although the motion was couched in the terms "if" his requests exceeded the allowable number (without admitting they did), nevertheless the compromise was mutual – the Defendants agreed not to challenge the "numerosity" of Plaintiff's discovery and would therefore proceed to answer Plaintiff's interrogatories.

As noted above, Plaintiff's request for sanctions was predicated upon Rule 37(d)(1)(A)(ii). This provision cloaks the district court with significant discretion, as the Rule is couched in terms that the court "may" order sanctions. *Black Horse Lane Assoc., L.P. v. Dow Chemical Corp.*, 228 F.3d 275, 301 (3rd Cir. 2000). Because the Plaintiff's motion to compel was also part and parcel of a request to serve discovery in excess of the number allowed by Rule 32, which brought about a compromise by both sides, the court in its discretion declines to impose sanctions with respect to Doc. # 122.

---

[3] Plaintiff acceded to this characterization and did not advise the court that even though the parties had resolved their discovery dispute that his motion for sanctions pertaining to that dispute was not resolved and was still at issue. (Doc. # 201.)

**B.     Motion #161 (Failure to Respond to Interrogatories and Improper Certificates)**

The Plaintiff's request for sanctions relative to this motion was predicated upon Fed. R. Civ. P. 37(d)(1)(A)(ii) – a failure to respond to interrogatories, and Rule 26(g)(3) – improper certification of discovery responses. (Doc. # 304.)

Plaintiff's motion for sanctions (Doc. # 161) pertained to a contemporaneous motion to compel Defendants "to respond to requested interrogatories." (Doc. # 160). The consolidated filing submitted by Plaintiff again included a motion to exceed the number of interrogatories, docketed as # 162. As with the court's review of the preceding motions, to evaluate the propriety of Plaintiff's motion for sanctions, the court must necessarily review the corresponding motion to compel.

The court conducted a discovery status conference on June 18, 2013, and addressed the matter of Defendants having to respond to Plaintiff's motion to compel (# 160). The defendants were ordered by the court to submit their response to Plaintiff's motion to compel no later than Friday, August 2, 2013. (Minutes, Doc. # 178 at 4.)

Defendants did not file a substantive response to Plaintiff's motions. However, as with Defendants' representations as to Docs. ## 121-123, Defendants instead advised the court again in a footnote in another filing that the discovery disputes pertaining to # 160 and # 161 had been resolved by mutual agreement:

> The court's order also included that Defendants respond to Plaintiff's Motions #160, #161 (Duplicate as to Dkt. 160), and #162 (Duplicate as to Dkt. 160) by August 2, 2013. (#178 at 4). As discussed in Doc. # 176 at 2, n. 2, during the May 21, 2013 hearing, the Court and the parties discussed the parties' intention to confer and potentially resolve disputes regarding interrogatories, to obviate the need for briefing on motions regarding such. (#157 at 4). As previously indicated (#176 at 2), *the parties came to an agreement that Defendant would provide responses to the previously disputed interrogatories, potential objections reserved*. Defendants, with the exception of two who are currently unavailable but whose responses are completed and merely awaiting verification, have sent their responses to Plaintiff. (Exhibit A, Exhibit F). These responses are to the sets of discovery for which Defendants had previously not provided responses, which are the subject of Motions #160 through #162, thus obviating the need for further briefing as to Motions # 160, #161 and #152 at this time.

Doc. # 192 at 2, n.2; emphasis in italics added..

After Defendants responded to Plaintiff's discovery motion (i.e., in Doc. # 192), Plaintiff

7

1  requested and the court granted an extension of time to reply to Defendants' responses, even though
2  the Defendants' comments suggest the discovery motion (# 160) was no longer at issue. (Docs. # 202,
3  # 205.) Plaintiff filed his reply memorandum on September 5, 2013. (Doc. # 208.) On October 4, 2013,
4  the court directed Plaintiff to identify exactly what discovery issues were still outstanding relative to
5  his # 160 motion to compel. (Doc # 230.) On October 21, 2013, Plaintiff filed a memorandum
6  correlating the subject of outstanding discovery to the underlying discovery motion, Doc # 160. (Doc.
7  # 234.)

8        Plaintiff also renewed the two earlier discovery motions which the court stated were still
9  pending before the court and were under consideration. (Doc. # 226.)  However, the court erroneously
10 denied Plaintiff's motion to compel # 226 as having been filed during a discovery stay. (Doc. # 227.)
11 The court was under the impression # 226 submitted new discovery issues when in fact the discovery
12 assertions in # 226 pertained to the two underlying motions. That error was corrected in the court's
13 order of December 5, 2013. (Doc. # 246.)

14       The court comprehensively reviewed several of Plaintiff's discovery motions, some of which
15 were related to # 160. The court outlined the "universe" of documents which pertained to the Plaintiff's
16 discovery and Defendants' responses. *(See* Order, Doc. # 246 at pp 5-7.) The court indicated that at a
17 discovery hearing scheduled for December 11, 2013, the court would undertake a review of some 15
18 sets of discovery to 8 different Defendants which were the subject of # 160 and an earlier motion to
19 compel logged on the Docket as # 121. (*Id*.)

20       The court reconvened on December 11, 2013, and briefly addressed certain discovery issues.
21 Plaintiff represented a discovery memorandum he recently submitted to the court – but which had not
22 yet been received – could be of assistance with regard to the court's addressing the discovery dispute
23 presented by Plaintiff's # 121, # 160 and # 226 motions. (Minutes, Doc. # 251 at 2-3.) Therefore,
24 resolution of Plaintiff's motions to compel was deferred until January, 2014.

25       In a two and one-half hour hearing conducted on January 16, 2014, the court addressed the
26 discovery disputes presented by Doc # 160 (and # 121 and # 226), including consideration of multiple
27 other filings the parties submitted. *See* Minutes, Doc. # 256 at 2. The court's review of <u>each</u> of the
28 discovery disputes which were still outstanding after the Defendants' answers and supplemental

answers to discovery is set forth in the January 16, 2014 minutes (*id.* at 2-7) and is important with respect to the motion for sanctions. The outcome or resolution of the motion to compel plays a determinative role whether sanctions should be imposed under Rule 37(d)(1)(A)(ii) or Rule 26(g)(3), the two rules relied on by Plaintiff for his requested sanction relief. After the court's tabulation of which interrogatory answers were deemed sufficient and which required additional responses by Defendants, it appears that approximately 52 of Defendants' responses were deemed satisfactory but approximately 18 were deemed insufficient, requiring further supplemental responses by the Defendants. (Doc. # 256 at 2-7.) Most of Plaintiff's objections to Defendants' discovery responses were overruled; nevertheless, a number were determined by the court to require further responses. It was only a result of Plaintiff's discovery motion that Defendants' initial responses, and later those responses mandated by the court, were provided by Defendants to Plaintiff. In essence, therefore, Plaintiff achieved certain success with respect to his motion to compel. As such, that success, in the court's determination, should allow Plaintiff to recover his reasonable expenses associated with his motion.[4]

Under Rule 37(d), the court has broad discretion in deciding what sanctions it deems appropriate to impose. *Black Horse Lane Assoc., L.P.*, at 301. Fed. R. Civ. P. 37(d)(3) empowers the court to award as sanctions the movant's "reasonable expenses, including attorneys fees." Because Plaintiff is proceeding in pro se, attorneys fees are not awardable as a sanction. *Kay v. Ehrler*, 499 U.S. 432 (1991). Thus Plaintiff's reasonable expenses would therefore be limited to photocopying charges and supplies (paper, writing instruments, postage, etc.).

The court therefore exercises its discretion, and in accordance with Rule 37(d)(3), awards Plaintiff a pro-rated portion of his reasonable expenses with respect to the successful component of Plaintiff's motion, to be credited to the Plaintiff's appropriate NDOC inmate account. Plaintiff shall **within fourteen (14) days** of the date of this Order file a Declaration submitting a Memorandum of

---

[4] The Defendants' supplemental responses (Doc. # 269 and # 273) ordered by the court in Doc. # 256 are the subject of another motion to compel (Doc. # 274) and motion for sanctions (Doc. # 275). These motions will be addressed at a discovery status conference to be scheduled by the courtroom administrator. The motion for sanctions (Doc. # 275) will be addressed separately from the motion for sanctions (#161) discussed in this order even though the ##274/275 discovery dispute had its genesis in ##160/161.

9

1  Costs itemizing Plaintiff's "reasonable expenses," along with copies of receipts relating to all filings
2  submitted by Plaintiff with respect to Docs. # 121, # 160 and # 226. However, the allowable expenses
3  awarded by the court will be **18/52s of the total costs and expenses**, which sum will reflect the
4  "success ratio" achieved by Plaintiff noted above. The Defendants will have **ten (10) days** thereafter
5  to file any objection to Plaintiff's memorandum of costs.

6  **C.     Motion #163 (Failure to Respond to Requests for Admissions)**

7  As with other discovery motions filed by Plaintiff, he combined a motion to compel, in this
8  instance a motion compelling responses to requests for admissions (Doc # 164), with a motion for
9  sanctions (Doc. # 163). As noted previously, the sanction for failing to respond to a request for
10 admissions is that the requests are deemed admitted. Rule 36(a)(3).

11 Following the lifting of the discovery stay discussed above, the court directed Defendants to
12 respond to Plaintiff's motion to compel (Doc. # 178.) Defendants responded to Plaintiff motion (Doc.
13 # 193) and Plaintiff replied (Doc. # 208, # 209).

14 The court evaluated Plaintiff's motion to compel in another comprehensive discovery order
15 entered on October 4, 2014. (Doc. # 230.) In addition to addressing two other motions to compel
16 relating to production of documents (Doc. # 159) and interrogatories (Doc. # 160), the court reviewed
17 the validity and propriety of Defendants' responses and objections to Plaintiff's Fifth, Sixth and
18 Seventh Requests for Admissions served on nine defendants.[5] (Doc. # 230 at 6.)

19 The court commenced a careful and comprehensive analysis of Plaintiff's objections to
20 Defendants' responses, which in the aggregate consisted of some 460 issues, if not more. (*id*. at 7).
21 Rather than review each and every discovery request and each Defendant's responses/objections, the
22 court undertook a sampling of Plaintiff's discovery requests to be best able to evaluate Plaintiff's
23 discovery and Defendants' responses. After completion of that review, Plaintiff's motion to compel
24 (Doc. # 164) was denied, as was an earlier motion to compel relating to Plaintiff's Fifth Set of Requests
25 for Admission (Doc. #133). (Doc. # 230 at 14.)

---

[5] Sets six and seven of Plaintiff's requests for admissions were propounded as to nine defendants. The sixth set consisted of 72 identical requests and the seventh set another 6 requests. These requests for admission were preceded by five prior sets of requests for admissions to the Defendants, or about 287 requests per defendant, for a total of approximately 2600± requests for admissions. (Doc. # 230 at 8.)

Because the motion to compel was denied, the motion for sanctions relating to that motion (Doc. # 163 - Failure to timely respond) will be denied.

### III. CONCLUSION

In summary, and in the court's discretion,

(a) Doc. # 122, the motion for sanctions relating to Plaintiff's motion to compel (# 121) is **DENIED.**

(b) Doc. # 161, the motion for sanctions relating to motions to compel (## 121, 160, 226) is **GRANTED in part and DENIED in part** consistent with this order. Plaintiff shall **within fourteen (14) days** of the date of this Order file a Declaration submitting a Memorandum of Costs itemizing his "reasonable expenses" incurred along with copies of receipts for the costs relating to all filings submitted by Plaintiff with respect to Docs. # 121, # 160 and # 226. The Defendants will have **ten (10) days** thereafter to file any objection to Plaintiff's memorandum of costs.

(c) Doc. # 163, the motion for sanctions relating to Plaintiff's motion to compel (# 164), is **DENIED**.

**IT IS SO ORDERED.**

DATED:  June 13, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE