## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN FERNANDEZ, | 3:12-cv-00401-LRH-WGC |
| Plaintiff, | **MINUTES OF PROCEEINGS** |
| vs. | June 30, 2014 |
| RONALD CENTRIC, *et al.,* | |
| Defendants. | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden     REPORTER:                FTR

COUNSEL FOR PLAINTIFF:   Kevin Fernandez, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANTS:   Charles Lehman, Esq.

**MINUTES OF PROCEEDINGS: Motion Hearing**

10:03 a.m.  Court convenes.

The court hold's today hearing to address several outstanding motions.

### A.   Motion for Continuance of Hearing (Doc. # 323)

The court recognizes the parties will be participating in a global settlement on Tuesday, July 1, 2014; however, in view of the several motions, the court finds it appropriate to proceed with today's hearing.

Defendants' Motion for Continuance of Hearing (Doc. # 323) is **DENIED**.

### B.   Plaintiff's "Motion for Examination of Plaintiff by Court's Medical Expert at the Expense of Defendants" (Doc. # 282)

The court addresses Plaintiff's motion for examination and blood/urine testing (Doc. # 282).  Defendants have opposed (Doc. # 297) and Plaintiff has replied (Doc. # 306).  In response to the court's order dated June 25, 2014 (Doc. # 319), Defendants submitted sealed medical records relating to any blood/urine tests of Plaintiff (Doc. # 321).  The court notes the Defendants followed the directive to submit these medical records under seal; therefore, Defendants' Motion for Leave to File Medical Records Under Seal (Doc. # 320) is **GRANTED**.

MINUTES OF PROCEEDINGS
3:12-cv-00401-LRH-WGC
Date: June 30, 2014
Page 2

     After hearing argument, the court concludes there are too many variables present that militate against an order directing the Defendants, at their expense, to coordinate and arrange for an examination and blood/urine testing for Plaintiff. The court notes the individuals who are allegedly "drugging" Plaintiff's food are not all named Defendants in this action. The court acknowledges the exception of Defendant James "Greg" Cox as a named Defendant; however, it is a difficult for the court to recognize the legitimacy of the allegation given Defendant Cox's position as the Director for the Nevada Department of Corrections ("NDOC") and the steps Director Cox would have to undertake to "drug" Plaintiff's meals. Furthermore, if the court were to rationalize entering an order directing the Defendants, at their expense, to coordinate and arrange for an examination and blood/urine test for Plaintiff, the court finds it would most likely be an exercise in futility to undergo testing that is vague and nebulous. The court suggests that if the NDOC employees who are allegedly drugging Plaintiff's food are aware of an order that Plaintiff was to undergo certain tests that they would presumably stop drugging Plaintiff's food, if such were occurring.

     Considering such variables, Plaintiff's Motion for Examination of Plaintiff by Court's Medical Expert at the Expense of Defendants (Doc. # 282) is **DENIED**.[1]

**C.**     **Plaintiff's "Motion to Compel Defendants to Comply with Discovery Order (#256)..." (Doc. # 274)**

     Plaintiff submitted his "Notice to the Court Advising that Issues in Motion [#275/276] Have Not Been Resolved" (Doc. # 295), followed by his additional pleading "Notice to Court Pursuant to Order (288)" (Doc. # 305) in response to court order Doc. # 281, which was superseded by court order Doc. # 288.

     After addressing the remaining outstanding discovery disputes Plaintiff's Motion to Compel Defendants to Comply with Discovery Order (#256) (Doc. # 274) is **GRANTED in part and DENIED in part**.[2] The court finds the following conclusions:[3]

---

[1] The court will enter a separate order as to Plaintiff's Motion for Examination of Plaintiff by Court's Medical Expert at the Expense of Defendants (Doc. # 282). Therefore, any objections to Doc. #282 shall be submitted within fourteen (14) days after the written order is entered.

[2] The court advises the parties that any objections to the court's rulings as to the discovery disputes raised in Plaintiff's motion to compel (Doc. # 274) shall be filed within fourteen (14) days after the minutes of proceedings order is entered.

[3] The court refers to Doc. # 276-1 to review Defendants' supplemental responses to address the remaining discovery disputes identified in Plaintiff's motion to compel (Doc. # 274).

MINUTES OF PROCEEDINGS
3:12-cv-00401-LRH-WGC
Date: June 30, 2014
Page 3

    a.    <u>Defendant Scott's Supplemental Responses to Plaintiff's Interrogatories [Set One]</u>

        i.  <u>Interrogatory No. 3 (as to subpart C and D)</u>

        **Court Order**: Supplemental response sustained. Defendant has sufficiently answered the interrogatory and no additional response is necessary.

      Therefore, Plaintiff's motion (Doc. # 274) with respect to Defendant Scott's Supplemental Responses to Plaintiff's Interrogatories [Set One] Interrogatory No. 3, subpart C and D are **DENIED**.

    b.    <u>Defendant Scott's Supplemental Responses to Plaintiff's Interrogatories [Set Three]</u>

        i.  <u>Interrogatory No. 4</u>

        **Court Order**: Supplemental response sustained. Defendant has sufficiently answered the interrogatory and no additional response is necessary.

      Therefore, Plaintiff's motion (Doc. # 274) with respect to Defendant Scott's Supplemental Responses to Plaintiff's Interrogatories [Set Three] Interrogatory No. 4 is **DENIED**.

    c.    <u>Defendant Cox's Supplemental Response to Plaintiff's Interrogatories [Set Two]</u>

        i.  <u>Interrogatory No. 1</u>

        **Court Order**: Supplemental response sustained. Defendant has sufficiently answered the interrogatory and no additional response is necessary.

      Therefore, Plaintiff's motion (Doc. # 274) with respect to Defendant Cox's Supplemental Response to Plaintiff's Interrogatories [Set Two] Interrogatory No. 1 is **DENIED**.

    d.    <u>Defendant Centric's Supplemental Response to Plaintiff's Interrogatories [Set One]</u>

MINUTES OF PROCEEDINGS
3:12-cv-00401-LRH-WGC
Date: June 30, 2014
Page 4

      i. Interrogatory No. 6 and No. 7

          **Court Order**: Supplemental response sustained.  However, although the court will not require Mr. Centric to provide supplemental responses as to Interrogatory No. 6 and No. 7, the court reminds Deputy Attorney General Charles Lehman that his client Dr. Centric will be committed to his answer that he only generically relied on medical directives, administrative regulations or operational procedures.

      Therefore, Plaintiff's motion (Doc. # 274) with respect to Defendant Centric's Supplemental Response to Plaintiff's Interrogatories [Set One] Interrogatory No. 6 and No. 7 are **DENIED**.

  e. Defendant Centric's Supplemental Responses to Plaintiff's Interrogatories [Set Three]

      i. Interrogatory No. 4

          **Court Order**:  Defendant is directed to produce documents "Fernandez 401: DEF DISC 1953-1955" directly to Plaintiff.  Should DAG Lehman find the documents present security concerns, a request for reconsideration should be filed promptly as to this interrogatory for the court to address the nature of the security concern relative to these documents.

      Therefore, Plaintiff's motion (Doc. # 274) with respect to Defendant Centric's Supplemental Responses to Plaintiff's Interrogatories [Set Three] Interrogatory No. 4 is **GRANTED in part** and **DENIED in part**.

  f. Defendant Walsh's Supplemental Response to Plaintiff's Interrogatories [Set One]

      i. Interrogatory No. 9

          **Court Order**: Supplemental response sustained.  Defendant has sufficiently answered the interrogatory and no additional response is necessary.

      Therefore, Plaintiff's motion (Doc. # 274) with respect to Defendant Walsh's Supplemental Response to Plaintiff's Interrogatories [Set One] Interrogatory No. 9 is **DENIED**.

MINUTES OF PROCEEDINGS
3:12-cv-00401-LRH-WGC
Date: June 30, 2014
Page 5

    ii.  <u>Interrogatory No. 11</u>

        **Court Order**: Supplemental response sustained. Defendant has sufficiently answered the interrogatory and no additional response is necessary.

    Therefore, Plaintiff's motion (Doc. # 274) with respect to Defendant Walsh's Supplemental Response to Plaintiff's Interrogatories [Set One] Interrogatory No. 11 is **DENIED**.

  g.  <u>Defendant Walsh's Supplemental Response to Plaintiff's Interrogatories [Set Two]</u>

    i.  <u>Interrogatory No. 1</u>

        **Court Order**: Supplemental response sustained. Defendant has sufficiently answered the interrogatory and no additional response is necessary.

    Therefore, Plaintiff's motion (Doc. # 274) with respect to Defendant Walsh's Supplemental Response to Plaintiff's Interrogatories [Set Two] Interrogatory No. 1 is **DENIED**.

**D.**    <u>**Plaintiff's "...Motion for Sanctions" (Doc. # 275)**</u>

    In view of the court's orders regarding the remaining discovery disputes and all but one of Defendants' supplemental responses were sustained without further supplemental responses, Plaintiff's Motion for Sanctions (Doc. # 275) is **DENIED**.

**E.**    <u>**Plaintiff's "Motion for Sanctions for Defendants' Spoilation of Evidence" (Doc. # 151)**</u>

    On May 16, 2014, the court entered an order (Doc. # 280) directing the Defendants to further brief the spoilation issues as outlined in the order itself. Defendants filed their brief on May 30, 2014 (Doc. # 293) and Plaintiff responded on June 13, 2014 (Doc. # 311).

    The court addresses the aspects of Plaintiff's original motion for spoilation of evidence (Doc. # 151). The court notes that any determination with regard to the spoilation claims does not prevent Plaintiff from proceeding to assert those allegations; however, the court is faced with determining, and if appropriate, administering sanctions as to the Defendants. As to any request

MINUTES OF PROCEEDINGS
3:12-cv-00401-LRH-WGC
Date: June 30, 2014
Page 6

that sanctions be imposed on the Defendants, the court concludes the following:[4]

    a.    <u>The Alleged Spoliation of Biological Evidence</u>

        **Court Order**: The court does not deem sanctions for spoliation is appropriate; the request is **DENIED**.

    b.    <u>Failure to Preserve Evidence: Plaintiff's Request to Warden Palmer</u>

        **Court Order**: The court does not deem sanctions for spoliation is appropriate; the request is **DENIED**.

    c.    <u>Failure to take Blood Samples</u>

        **Court Order**: The court does not deem sanctions for spoliation is appropriate; the request is **DENIED**.

    d.    <u>Failure to Administer Polygraph Examination</u>

        **Court Order**: The court does not deem sanctions for spoliation is appropriate; the request is **DENIED**.

**F.**    **<u>Discussion Regarding Pending Motions</u>**

    The court advises Plaintiff that his Motion for Temporary Restraining Order (Doc. # 283) and Motion for Preliminary Injunction (Doc. # 284) are before District Judge Hicks and will be considered in due course.

**G.**    **<u>Plaintiff's Oral Request for Extension of Time</u>**

    Plaintiff requests the court for additional time to respond to the court's order dated July 13, 2014 (Doc. # 309).[5]

---

[4] The court will enter a separate written order concerning the topic of sanctions relating to Plaintiff's Motion for Spoliation (Doc. # 151). Therefore, any objections to this topic shall be filed within fourteen (14) days after the written order is entered.

[5] The court's order directed Plaintiff to "file a Declaration submitting a Memorandum of Costs itemizing his 'reasonable expenses' incurred along with copies of receipts for the costs relating to all filings submitted by Plaintiff with respect to Docs. # 121, # 160 and # 226" (Doc. 309, pg. 11.)

MINUTES OF PROCEEDINGS
3:12-cv-00401-LRH-WGC
Date: June 30, 2014
Page 7

Good cause appearing, Plaintiff shall have up to and including **Friday, July 18, 2014** to file a response to the court's order (Doc. # 309).  Defendants shall have ten (10) days thereafter to file any objection to Plaintiff's memorandum of costs.

**IT IS SO ORDERED.**

12:27 p.m.  Court adjourns.

                                            LANCE S. WILSON, CLERK


                                    By:            /s/
                                            Katie Lynn Ogden, Deputy Clerk